UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                    ) No. 04-656-MAP | |
| ) | |
| MICHAEL CROOKER        ) | |

DEFENDANT'S MOTION FOR DISCOVERY PURSUANT TO
FED. R. CRIM. PRO. RULE 5(g)(1), 26.2 (a)through(e)

Now comes the defendant by and through counsel and moves this Honorable Court for an order directing the government to provide the defendant with the following discovery.

The defendant seeks to inspect the written report of Special Agent Burns, the case agent who testified on direct examination as the first witness during defendant's preliminary hearing.

Rule 26.2 provides in part..."The Court...must order an attorney for the government..to produce for the moving party, any statements of the witness...that relates to the subject matter of the witness testimony."

As defined under the Rule a "witness statement" means:

1.  A written statement that the witness makes and signs, or otherwise adopts and approves.

After the government's direct examination of Special Agent Burns, the defendant moved, pursuant to Rule 26.2 for a copy of the agent's report. See United States v. Dupont, 15 F. 3rd 5 (1st Cir. 1994) interpreting the 1993 amendment to the Rule extending the production of Jenks material to sentencing hearings. The defendant also sought a continuance in order to file a written motion requesting the material sought.

In 1998 the Rule was again amended to add paragraph (g)(1) making the rule applicable to preliminary hearings.

The government objected based upon the witness statement being incomplete.

The Rule does not require the document be complete only that it be written, signed by the witness or otherwise adopted; and relate to the subject matter of his/her testimony.

Under the Rule the government may request a redaction of any report on the grounds of privilege or for the reason it does not relate to the subject matter.

Under paragraph (c) of the Rule if a party makes such a claim, the Court is required to conduct an in camera examination to determine whether the defendant should receive a redacted copy.

For the reasons set forth above, the defendant is entitled to the production of the agent's written report.

THE DEFENDANT

BY: _____
Vincent A. Bongiorni, Esq.
95 State Street, Ste 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, Kevin O'Regan, Esq., United States District Court, 1550 Main Street, Springfield, MA. 01103 this ____ day of July, 2004.

_____
Vincent A. Bongiorni