

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

July 26, 2004

Vincent Bongiorni, Esq.
95 State Street
Springfield, MA 01103

    Re:  United States v. Michael Crooker
           Criminal No. 04-30034-MAP

Dear Mr. Bongiorni:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.    <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

        i.    Two letters Mr. Crooker sent to me.

    There are other writings of Mr. Crooker in the documentary materials seized by the government which you may inspect at your convenience.

    b.    <u>Recorded Statements</u>

    Enclosed is a copy of a CD recording of a telephone call Mr. Crooker made to the ATF office.

There are other relevant recorded statements of Mr. Crooker in the possession, custody or control of the government, that we decline to provide to you at this time. The statements are not exculpatory.

   c.   Grand Jury Testimony of the Defendant

The defendant did not testify before a grand jury in relation to this case.

   d.   Oral Statements to Then Known Government Agents

Enclosed please find a two page report summarizing Mr. Crooker's arrest on June 23, 2004. As you know, Mr. Crooker is a prolific talker. I will send you other reports of Mr. Crooker's statements as I receive them.

2.   Defendant's Prior Record under Rule 16 (a)(1)(B)

Enclosed is a copy of the defendant's prior criminal record.

3.   Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting me or Assistant U.S. Attorney Ariane Vuono and making an appointment to view the same at a mutually convenient time.

For your convenience, enclosed is a copy of a CD ROM seized from Mr. Crooker's apartment.

4.   Reports of Examinations and Tests under Rule 16 (a)(1)(D)

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case. Many items are being tested or examined. I will provide you with copies of examinations and tests after I receive them.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

Enclosed are copies of the search warrant affidavits for Mr. Crooker's residence and the package he mailed to Ohio containing the silencer. The package search warrant is a part of and

attached to the residence search warrant. Also enclosed are the search warrant returns for the searches of Mr. Crooker's home, the package, his car, computer and video camera, Stephen Crooker's residence and Harold Crooker's residence.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There are interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted. I decline to provide you with copies of the interceptions at this time.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy count charged in the indictment.

F.   Identifications under Local Rule 116.1(C)(1)(f)

Mr. Crooker was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a photo array. A copy of the photo array used in or memorializing the identification procedure is enclosed.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

   2.   The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

   3.   No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

3

4. The government is unaware that any of its named case-in-chief witnesses have a criminal record.

6. No named percipient witness failed to make a positive identification of the defendant with respect to the crime at issue.

H. Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the affidavit filed in support of the criminal complaint in this case, a copy of which you previously have received.

Please call Assistant U.S. Attorney Ariane Vuono at 413-785-0330 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Kevin O'Regan
Kevin O'Regan
Assistant U.S. Attorney

enclosures

cc: Ms. Bethany Healey
    Clerk to the Honorable Kenneth P. Neiman
    (w/o enclosures)