```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
        v.               )    Criminal No. 04-30034-MAP
                         )
MICHAEL CROOKER,         )
        Defendant.       )
```

Government's Opposition to Motion to Dismiss

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in opposition to defendant Michael Crooker's motion to dismiss the indictment.  The defendant's motion should be denied because the statutes he is charged with violating, 18 U.S.C. § 922(g), is not unconstitutionally vague.

## Factual Background

On June 14, 2004, law enforcement officers executed a search warrant issued by this Court and seized what appeared to be a firearm silencer from the inside of a package mailed by the defendant, a convicted felon, to a person in Ohio.  On July 13, 2004, the defendant was charged by the grand jury in a one count indictment as follows:

> 1. On or about and between June 8, 2004, and June 23, 2004, in Feeding Hills Massachusetts, and elsewhere,
>
> MICHAEL CROOKER,
>
> defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly did cause a firearm to travel in interstate commerce.
>
> All in violation of Title 18 United States Code, Section 922(g).

18 U.S.C. § 922(g)("Section 922(g)") states, in relevant part,

> (g) It shall be unlawful for any person -
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> \*     \*     \*
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm . . ..

18 U.S.C. § 921(a)(3)(C) defines the term "firearm" as, "any firearm muffler or firearm silencer."

18 U.S.C. § 921(a)(24)("Section 921(a)(24)") defines the terms "firearm silencer" and "firearm muffler" as,

> any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

### Argument

Sections 922(g) and 921(a)(24) are facially clear and unambiguously prohibit the interstate transportation of a firearm silencer by a convicted felon.  Moreover, no court has ever done what the defendant here asks this Court to do, find Sections 922(g) and 921(a)(24) to be unconstitutionally vague.

As this Court noted in Demarest v. Athol/Orange Community Television, Inc., 188 F.Supp.2d 82 (D.Mass. 2002),

> "A statute can be impermissibly vague for either of two reasons: first, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits; and second, if it authorizes or even encourages selective enforcement."

Id. at 99, quoting, Hill v. Colorado, 530 U.S. 703, 732

(2000)(rejecting a constitutional vagueness challenge to a Colorado criminal statute prohibiting certain conduct near health care facilities).  See Village of Hoffman Estates v. Flipside, 455 U.S. 489, 498 (1982)(vagueness challenges vindicate values of fair notice and non-discriminatory enforcement); Graynard v. City of Rockford, 408 U.S. 104, 108-09 (1972)(same).

In this case, the defendant has not demonstrated how Sections 922(g) and 921(a)(24) either failed to inform people of ordinary intelligence what conduct was proscribed or encouraged selective law enforcement.  To the contrary, the statutes are plain in their prohibition against convicted felons transporting firearms silencers in interstate commerce.  Nor is there any suggestion that the statutes provide law enforcement with broad discretion that would encourage selective enforcement.

The cases primarily relied upon by the defendant, Staples v. United States, 511 U.S. 600 (1994), and United States v. Syverson, 90 F.3d 233 (7th Cir. 1996), involved scienter issues and did not involve challenges to the constitutionality of the criminal statutes in those case.[1]

---

[1] In Staples, Supreme Court held that government was required to prove that the defendant knew that the weapon he possessed had characteristics that brought it within the statutory definition of a machine gun.  511 U.S. at 619.  In Syverson, the defendant challenged the district court's jury instructions and the sufficiency of the evidence related to his knowledge concerning the firearm silencer in his possession.  90 F.3d. at 231-32.

3

Nor does the rule of lenity apply to this case because the statutes in question are not ambiguous.

## Conclusion

For the foregoing reasons the defendant's motion to dismiss should be denied.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

by:  /s/ Kevin O'Regan
     Kevin O'Regan
     Assistant U.S. Attorney

Date: December 26, 2004

## Certificate of Service

December 26, 2004

I certify that on December 26, 2004, I caused the foregoing document to be mailed to counsel for the defendant, Vincent Bongiorni, Esq, 95 State Street, Springfield, MA 01103.

                        /s/ Kevin O'Regan
                        Kevin O'Regan
                        Assistant U.S. Attorney