UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 JUL 12 P 3:25

UNITED STATES OF AMERICA )
)
vs. ) No. 04-656-MAP  04-30034-MAP
)
MICHAEL CROOKER )

## MOTION TO SUPPRESS

Now comes the defendant, Michael Crooker, by and through counsel, and moves this Honorable Court pursuant to F.R. Crim. Pro. Rule 12 and 41 (h) for an order suppressing the fruits of a series of searches directed against him, and as his basis, therefore, asserts the following:

On June 8, 2004 Agents of the United Postal Inspectors seized a parcel belonging to the defendant at the Southwick Post Office, Southwick, Massachusetts.

On June 10, 2004 United States Postal Inspectors conducted a warrantless search by x-ray of the contents of the above described parcel.

On June 14, 2004 the United States Postal Inspectors applied for and received a search warrant authorizing the search of said parcel for purposes of seizing a firearm (a copy of which is annexed hereto as Exhibit A).

On June 14, 2004 Agents executing the above described warrant seized the parcel and all of its contents as more particularly described in the officer's return on said warrant.

On June 23, 2004 Agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) applied for and received a warrant to search the residence of Michael Crooker described as apartment 29, 1162 Springfield Street, Feeding Hills, Mass. 01030 (a copy of which is attached as Exhibit B).

This warrant was accompanied by a an attached schedule of items the warrant authorized the seizure of.

On June 23, 2004 Agents of ATF executed the warrant at the defendant's residence and seized certain items of evidence all as more particularly described on the Agents return on said warrant.

The defendant believes and therefore avers, the Government intends to introduce the evidence described above and evidence derived therefrom at the trial of this indictment.

The Government ought not to be permitted to introduce said evidence for the following reasons:

The seizure of the defendant's property from the United States Mail on June 8, 2004 was warrantless, made without reasonable suspicion or probable cause therefore and was in all respects, unreasonable.

The search of the defendant's property by x-ray on June 10, 2004 was warrantless, unsupported by probable cause, and in all respects unreasonable.

The warrantless search and seizure of the defendant's property from June 8, 2004 through June 14, 2004 was unreasonable and unsupported by probable cause. No such exigent circumstances existed sufficient as a matter of law to dispense with the requirement of a valid search warrant.

As to the searches by search warrants dated June 14, 2004 and June 23, 2004 the defendant claims:

1. The affidavits sworn in support of the applications for the search warrant were insufficient as a matter of law to establish probable cause therefore.

2. The affidavits sworn in support of the search warrants contained inherently unreliable hearsay, insufficient as a matter of law, to establish the requisite level of probable cause therefore.

3. The search warrants failed to particularly describe the items to be seized and failed to particularly describe the place to search.

4. The June 14th warrant failed to particularly describe the place to be searched.

5. The manner and means of execution of each warrant rendered the searches hereunder unreasonable.

6. The Agents executing the warrant repeatedly ignored the clear limitations imposed by the term of the warrant to the extent that all of the searches hereunder were rendered unreasonable.

7. The affidavit sworn in support of the application for this search warrant contains willful misrepresentations of material fact; factual assertions deliberately made with a reckless disregard for the truth of the matters asserted as well as material omissions of fact necessary to a legitimate determination of probable cause. Franks v. Delaware, 438 U. S. 154 (1978).

8. Each search warrant application contained facts derived in whole or in part from

the warrantless seizure and searches conducted against the defendant from June 8 through June 14, 2005 and, therefore, tainted any subsequent searches. Wong Sun v. United States, 371 U.S. 471 (1963), Segura v. United States, 468 U. S. 796 (1984).

WHEREFORE, the defendant asserts said items of evidence and all evidence derived therefrom were obtained in violation of his rights under the Fourth, and Fourteenth Amendments to the United States Constitution as well as the Common Law, and that the evidence so obtained be suppressed at the trial of these indictments; in anticipation of further discovery by way of evidentiary hearing; leave is sought to amend and supplement the grounds and basis alleged in support of the motion to suppress and for the filing of an additional Memorandum of Law in order to properly focus the relevant issues for the Court's consideration.

This Motion is supported by Affidavit.

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street, Suite 309
Springfield, Ma. 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 12th day of July, 2005.

/s/ Vincent A. Bongiorni
Vincent A. Bongiorni

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
vs. ) No. 04-656-MAP
)
MICHAEL CROOKER )

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

Now comes Michael Crooker being duly sworn hereby deposes and states as follows:

I am the defendant in the above entitled action. I make this affidavit after a review of the search warrants directed against me as well as the discovery materials provided to me. I believe, and therefore aver, the USPIS caused the seizure of property from the United States mail without a search warrant on June 8, 2004 at Southwick, Massachusetts. At all times material hereto this seizure affected a possessory interest in the property seized. I believe, and therefore aver, that at the time of each seizure there existed no reasonable suspicion the parcel seized contained contraband, fruits and instrumentalities of crime, nor evidence of any particular crime then under investigation. This parcel was held for two days and then subjected to a search by x-ray at a location unknown to me on June 10, 2004. The parcel remained seized by USPIS Agents for an additional four days at a location unknown to me prior to its being searched by warrant. I believe, and therefore aver, that during the search by warrant on June 14, 2004 the Agents who executed the warrant were authorized to seize only items described as a "firearm". The Agents did not limit their seizure to a "firearm" as that term is defined by Title 18 U.S.C. sec. 921. The Agents seized the parcel itself together with all labels and markings, an air rifle, and other metal parts for which this warrant authorized no seizure. I allege that at the time of such seizure the Agents did not recognize, nor did they have a good faith belief, that any of the items seized on June 14, 2004 under authority of the search warrant were "firearms" as that term is defined by law and as the term was used to describe the property subject to seizure by the warrant of June 14, 2004.

I have also read Agent Bailey's affidavit and I believe it contains material mis-statements of facts or materially omits fact necessary to establish probable cause.

This includes the assertion that certain substances were or were not "hazardous materials" and, therefore, unlawful to send through the mails. I believe that the definition of "hazardous materials" is controlled by listings set forth in 39 C.F.R. by the Department of Transportation and that the claims made by Agent Bailey were intentionally misleading or made with a reckless disregard for the truth of the facts asserted.

I do not believe hydrochloric acid/nitric acid are contained within the Department of Transportation designation of "hazardous material". Additionally, I claim Agent Bailey intentionally omitted information from the affidavit related to Mr. Paulus which would have undercut any finding of probable cause.

I have also reviewed the search warrant application of SA Burns in support of the June 23rd search warrant. It appears to contain facts derived in whole or in part from the series of unlawful warrantless seizure conducted against me from June 8, 2004 through June 23, 2004.

I have also reviewed what the June 23rd search warrant purported to authorize Agents to seize. I believe and, therefore aver, the Agents executing the June 23rd warrant seized numerous items not particularly described by the terms of the warrant including 4 bottles of powder, tape, catalogs, computers, letters, bowls, cameras, CD's and DVD's, miscellaneous papers, personal notes, and photographs, glass vials of powder, and liquids and other items too numerous to mention, but all included within the officer's return on the warrant which are not particularly described as seizable. I do not believe there existed any good faith belief the items seized were described by the warrant as well.

I believe the Agents seized these materials outside the scope of this warrant and the seizures were so numerous as to amount to a flagrant disregard of the warrants terms and I offer to establish all facts necessary to such a finding at an evidentiary hearing.

Additionally, I believe persons not authorized to execute search warrants were present at my residence and were permitted to enter without my consent, that the June 23rd warrant did not authorize those individuals to assist Federal Agents, and that the manner in which they entered and searched my premises was unreasonable in all respects.

Signed under the pains and penalties of perjury this _____ day of July, 2005.

_____
Michael Crooker