UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) No. CR-04-30034-MAP | |
| | ) | |
| MICHAEL CROOKER | ) | |

**MOTION TO RECONSIDER/FOR CLARIFICATION OF DEFENDANT'S MOTION TO DISMISS**

The whole point of the Motion to Dismiss alleging statutory ambiguity was to demonstrate that the silencer definition at 18 U.S.C. sec. 921 (a)(24) of "any device for silencing a portable firearm" can be construed two widely differing ways. Exactly what does "for silencing" mean? The defense contends it has to mean any device "designed or intended" for silencing a portable firearm. The prosecution contends that it means any device "capable" of silencing a portable firearm.

The defense version has support in the case law for United States v. Syverson, 90 F. 3d 227, 232, 7th Cir. (1996) states:

> "Under Staples, the government had to prove that the cylinder was made for the purpose of silencing a firearm, not that this purpose was realized."
>
>         *        *        *
>
> "Because Syverson was the designer and manufacturer of the cylinder, his intentions determine whether it purported to be a silencer."
>
> (Emphasis added)

The government's version which claims that "any device for silencing" means anything capable of silencing does not have any support in the case law and doesn't make a bit of sense. Many things, including bed pillows, will make or work as firearm silencers. But the government's theory would cause all bed pillows, standing alone, to be firearm silencers,

regardless of intent or design. So not only does the case law not support the "capability" theory, but such theory also produces absurd results.

Under the government's capability theory, a bag of potatoes, standing alone, would be a bag of silencers, before anyone ever thought to put them to use as such.

Simply put, the government's theory, invoked to encompass an airgun device not designed or intended fo ruse on a firearm, is unworkable. The results it produces is ridiculous.

Defendant's theory on the other hand, mandating that "any device for silencing" requires design or intent be proved, makes a whole lot of sense, does not unduly restrict the government in their prosecutions involving firearm silencers, and eliminates the absurd results of classifying all potatoes and bed pillows as firearm silencers.

In view of the foregoing this Court, while not finding ambiguity in the statutory scheme outlawing firearm silencers, is still going to have to provide a jury on what the term "for silencing" means.

Since finding in favor of defendant's theory could be dispositive of the case, or cause the defendant to waive a jury, the court should rule on it at this time.


                              DEFENDANT


                              BY: V.A. Bong

                              Vincent A. Bongiorni, Esq.
                              95 State Street - Suite #309
                              Springfield, MA 01103
                              (413) 732-0222
                              BBO #049040


                    CERTIFICATE OF SERVICE
    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to Assistant United States Attorney, United States District Court, 1550 Main Street, Springfield, MA 01103, this 20th day of September 2005.

                              V.A. Bong
                              Vincent A. Bongiorni