Michael A. Crooker #156919
Essex County Correctional Facility
20 Manning Ave.
Middleton, MA  01949
October 01, 2005

Hon. Michael Ponsor
United States District Court
1550 Main Street
Springfield, MA  01103

Re:  United States v. Michael Crooker, CR-04-30034-MAP

Dear Judge Ponsor:

Pursuant to Faretta v. California I hereby give notice of my intent to proceed pro se and request court approval.  I ask that Mr. Bongiorni stay on as Standby Counsel to assist me, as I am a detained prisoner, and to take over in case I cannot handle it.

I believe that I can be more effective in that I am more knowledgeable on the subject of airguns and airgun silencers.  I know the right questions to ask, better than does counsel.

I have watched in frustration as counsel has made errors in the questioning of witnesses.  This is not surprising since counsel doesn't have time to spend 6 hours a day, 7 days a week on this case like I do.

I believe that I can do a better job dealing with these witnesses in these technical areas.

I refuse to sit idly by in forced silence when counsel mixes things up at the lectern.

I have repeatedly complained to this court that my detention 120 miles from the court and from my counsel has resulted in less-than-adequate representation.  The court has repeatedly failed to rectify the situation and has refused my request to issue a court ordered remand to a local sheriff.

I believe that the court has the same, if not greater power, than does state court judges to issue remand orders to local sheriffs.  And sheriffs, under the Interagency Agreements, have no authority to refuse "litigator" inmates.

I firmly believe that this court knows I am innocent of the charged conduct and refuses to do anything about it.  This because it feels I may be guilty of uncharged conduct and side-issues and it wants to further the AUSA's agenda.

Pursuant to the court's inquiry about air rifle silencers I have provided it with overwhelming evidence that the device in question is an airgun device and was never used with, designed for, or intended for a firearm:  (1)  The metric threading of the device mates with the metric threading of the Korean air rifle and no domestic firearm with factory threaded muzzles has such metric threading; (2)  Air rifle silencers like this one are made with fabric insides whereas

-2-

firearm silencers are made with <u>metal</u> insides because firearm projectiles are followed by a fireball that would destroy an airgun device;  (3)  The 44-caliber airgun device in this case owned by me for 3-years was never near a firearm or shot through by one until the ATF Lab jerry-rigged it somehow and shot through it on June 25, 2004 with a 22-caliber firearm, forever contaminating it with gunshot residue.  This despite my request on June 23, 2004 to the AUSA to make sure a gunshot residue test is done <u>before</u> sound-level testing and despite a 30-year old ATF Written Protocol to always do such a test.  (And ATF's lying about not doing the test because the device "can't be disassembled."  I can disassemble it, and have, without tools.  Further, disassembly is not required-----the gunshot residue test could easily be done with <u>swabs</u>.);  and (4)  I still have the e-mail from the device's manufacturer that instructs me, "it was made for AIR only and cannot handle the flash of a firearm."

I believe that the court knows beyond all doubt that the 7 1/2 day warrantless parcel detention in this case violates the Fourth Amendment and that no amount of arguing by the AUSA can excuse it.  The court <u>knows</u> that search warrants can be obtained in 1-day, even on nights, weekends and holidays.  The court knows there was an utter lack of diligence on the part of Inspector Dailey who failed to verify most information received and whose Daily Planner documents the logging of a mere 3-hours as to this parcel, the first 3-days following the parcel seizure, while logging 21-hours on other matters like Planet Fitness and cruiser radios.  I attempted to provice the court with the cite to <u>United States</u> v. <u>Dass</u>, 849 F.2d 414, 415 (9th Cir. 1988) where a Court of Appeals specifically held that 7-day parcel detentions could not be justified and "the delays could have been much shorter (36 hours) if the police had acted diligently.  The government, in effect, asks us to hold that law enforcement officials may obtain search warrants for mailed packages at their liesure."  The court was not interested in my cite of this case which is on point.

I believe the court is disregarding Fourth Amendment jurisprudence and disregarding the Exclusionary Rule as a means to rein in police misconduct, in order to further the AUSA's agenda and because it thinks I am guilty of uncharged conduct, evidence of which would be affected thereby.

I believe the court is astute enough to know that the government has lied and misled the court at least three times thus far in these proceedings, but has not even so much as made inquiry.  (1)  They lied under oath in the Search Warrant Affidavit that the parcel seizure occurred on June 08, 2004 thus trying to shave off 1-day from the 7 1/2 day warrantless parcel detention-----they maintained this lie for 14 months before finally correcting it with Mr. Dailey's excuse from the witness stand, "It was a misprint."  (2)  They lied from the witness stand when Mr. Stevens said Parcel Post takes "7 to 14 days" for delivery.  They did this in order to argue I was not dispossessed of my parcel for at least the time of the warrantless 7 1/2 day seizure, hence it didn't "affect my possessory interests." The USPS Website says Parcel Post from Feeding Hills, MA to Celina, OH is 4-days, not 7-14.  Even the court itself had to have known from common sense and common experience that it doesn't take 7-14 days to send a package.  (3)  They lied about not having a written protocol for doing a gunshot residue test on a suspected silencer, they lied about the device not being susceptible to disassembly, and they lied about gunshot residue tests requiring disassembly.

-3-

The court is rushing this case to trial when the defense is not ready. The court is allowing the defense to get hit with volume after volume of late-filed discovery every time a court appearance is made. The court is allowing the defense to be bombarded with reams of late-filed discovery that has absolutely no relevance to the charged conduct.

The court has set a trial date of November 07, 2005 which is only 12-days from the date of the last suppression testimony. Twelve (12) days is wholly inadequate in a lengthy suppression hearing case for the parties to research and file closing memorandums of law/proposed findings of fact, then followed by the court's deliberation, research and decision.

The court has repeatedly presssed the November 07, 2005 rush to trial when there should never be a trial because no court has ever upheld a 7 1/2 day warrantless parcel detention. In such circumstances, rather than pushing for a fast trial, it would seem more reasonable for the court to challenge the AUSA as to why he thinks the investigatory diligence so extraordinary as to justify a one-week-plus parcel detention.

This case is like a murder case to me. A sentence under the ACCA for a firearm-silencer would be a de facto life sentence considering my shortened life span due to longterm Hepatitis-C.

I do not wish to find myself buried forever in Leavenworth, sitting in their law library trying to do a 2255 on this frame-job of a first-in-the-nation-airgun-silencer-case and having anyone but myself to blame. Counsel goes home at night. I don't.

It is requested that a hearing be held as to this pro se issue without delay and so that housekeeping matters related thereto can be dealt with.

Respectfully yours,

*/s/ Michael A. Crooker*

Michael A. Crooker, pro se

cc: Kevin O'Regan, AUSA
    U.S. Attorneys
    1550 Main Street
    Springfield, MA  01103

    Vincent Bongiorni, Esquire
    95 State Street, Suite 309
    Springfield, MA  01103