UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) NO.   04-30034-MAP |
| | ) |
| MICHAEL CROOKER | ) |

## MOTION TO DISMISS OR FOR APPROPRIATE RELIEF

### FACTS

On June 23, 2004, agents of the ATF together with Postal Authorities executed a search warrant upon a parcel from the Feeding Hills Post Office. Although the agents were seeking a traditional firearm, this item, when seized, was an air gun not regulated by Federal Law. Searching further, agents discovered the item which is the subject of this motion. It's cylindrical shape and threaded end, matching the threads on the air gun, caused agents to seize the item which they believed might be a "silencer", a form of firearm described in Title 18 U.S.C. §921. In order to determine if their suspicions were correct, the device was sent for examination to an ATF laboratory for expert analysis.

ATF protocol required the laboratory technicians to conduct a gunpowder residue test to determine whether the device had ever been used on a conventional firearm. In lieu of performing this function, the device was placed upon a conventional weapon and fired through, contaminating it from any further testing to establish whether the device had ever been used upon a portable firearm.

The defendant, pro-se at arraignment, informed the Government of his desire to have the device tested, claiming it had never been utilized for an unlawful purpose. The defendant now claims the exculpatory evidence, which would have resulted from the laboratory's proper handling of this item, is now irrevocably lost and can not be retrieved nor cured by stipulation or otherwise.

ARGUMENT

The Due Process clause of the Fourteenth Amendment requires the State to disclose to criminal defendants favorable evidence that is material either to guilt or to punishment. 2530 United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L. Ed.2d 342 (1976); 481 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. To safeguard that right, the court has developed "what might loosely be called the area of constitutionally guaranteed access to evidence." United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 3447, 73 L.Ed2d 1193 (1982). Taken together, this group of constitutional privileges delivers exculpatory evidence into the hand of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system.

To satisfy the standard of constitutional materiality in Trombetta, the exculpatory value of the evidence must be apparent "before the evidence was destroyed." The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed. Cf. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959).

In recent years the Supreme Court has developed a framework to analyze "what might loosely be called the area of constitutionally guaranteed access to evidence." California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed..2d 413 (1984) and Arizona v. Youngblood, 488 U.S. 51, 55, 109 S.Ct. 333, 336, 102 L.Ed.2d 281 (1988) (each quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982). The Supreme Court's jurisprudence divides cases involving non-disclosure of evidence into two distinct universes. Brady and its progeny address exculpatory evidence still in the Government's possession. Youngblood and Trombetta govern cases in which the Government no longer possesses the disputed evidence. The standards established by the Supreme Court to deal with

evidence that the Government has lost or destroyed reflect, in part, "the difficulty of developing rules to deal with evidence destroyed through prosecutorial neglect or oversight." Trombetta, 467 U.S. @ 486, 104 S.Ct. @ 2533. As the court stated in Trombetta, "whenever potentially exculpatory evidence is permanently lost, courts face the treacherous task of divining the import of materials whose contents are unknown and, very often, disputed." The court's pronouncements also demonstrate respect for the difference between non-disclosure cases, and missing evidence cases, which implicate only potentially exculpatory evidence and in which the possible remedies are dismissal or suppression of the state's most probative evidence. See Id @ 486-87, 104 S.Ct. @ 2532-33.

Trombetta and Youngblood together established a tripartite test to determine whether a defendant's due process rights have been infringed by law enforcement's failure to preserve evidence. See Griffin v. Spratt, 969 F.2d 16, 21 (3d Cir. 1992), Jones v. McCaughtry, 965 F.2d 473, 476-77 (7th Cir.) cert. denied, 506 U.S. 929, 113 S.Ct. 360, 121 L.Ed.2d 272 (1992), United States v. Rastelli, 870 F.2d 822, 833 (2d Cir.) cert. denied 493 U.S. 982, 110 S.Ct. 515, 107 L.Ed.2d 516 (1989).

In Trombetta, the court established two hurdles that a defendant must surpass to show a constitutional violation for missing evidence. The court stated; whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. Trombetta, 467 U.S. @ 488-89, 104 S.Ct. @ 2534.

In Youngblood, the court later added a third element when it held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of the law." Id., 488 U.S. @ 58, 109 S.Ct. @ 337. A defendant who seeks to suppress evidence formerly in the Government's possession therefore must show that the Government, in failing to preserve the evidence, 1) acted in bad faith when it destroyed evidence, which 2) possessed an apparent exculpatory value and, which 3) is to some extent irreplaceable. Thus in missing evidence cases, the presence or absence of

good or bad faith by the Government will be dispositive.

In the present case, the ability to demonstrate the defendant is entitled to the relief requested, requires the defendant be able to examine the individuals conducting the examination in order to establish an accurate record in terms of his ability to show the objective lack of good faith by the persons conducting the examination.

As part of his preparation to defend this charge, the defendant, among other things, is prepared to show the device in question was never used in an unlawful manner and was specifically designed and intended to be used only upon the non-firearm item originally seized. Additionally, the defendant is prepared to show in an Evidentiary Hearing that the Government agents and the prosecutor involved in this case understood the evidentiary significance of this protocol and intentionally ignored it in order to prejudice the defendant's ability to defend against it.

Neither can the resulting loss of this evidence be recreated by a Government stipulation that the device had never been used with a conventional portable firearm because such a stipulation does not provide the defendant with a factual basis to undermine the Government's expected offer of expert testimony based upon the flawed testing of the device. As an intermediate sanction for such conduct the defendant, at a minimum, should be entitled to a hearing to determine whether the Government's conduct should result in an order which limits the expert testimony or prevents it entirely.

## CONCLUSION

The defendant is entitled to an Evidentiary Hearing in order to establish his entitlement to the relief requested in the body of this motion.

Respectfully submitted,

        THE DEFENDANT

        BY: /s/ Vincent A.Bongiorni
        Vincent A. Bongiorni, Esq.
        95 State Street - Suite #309
        Springfield, MA 01103
        (413) 732-0222
        BBO #049040

## CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to Assistant United States Attorney, Kevin O'Regan, Esq., United States District Court, 1550 Main Street, Springfield, MA 01103 this 5th day of December 2005.

        /s/ Vincent A. Bongiorni
        Vincent A. Bongiorni

Case 3:04-cr-30034-MAP  Document 70  Filed 12/05/2005  Page 6 of 6