UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
vs. ) NO. 04-30034-MAP
)
MICHAEL CROOKER )

### DEFENDANT'S OMNIBUS MOTION TO SUPPRESS

Now comes defendant, Michael Crooker, by and through counsel and moves this Honorable Court pursuant to Rule 41 and 12 of the Federal Rules of Criminal Procedure for an order suppressing the fruits of a series of searches directed against him, and as his basis, therefore, the defendant assert the following:

On June 23, 2004 the defendant, Michael Crooker, resided at 1162 Springfield Street, Apt. #29, Feeding Hills, MA. On June 23, 2004 Agents of the Government executed a search warrant at the defendant's residence and seized certain items of evidence. All as described in the officers return on said warrant (a copy of which is attached as Exhibit A).

On June 23, 2004 the defendant was arrested on an arrest warrant and complaint issued by the United States District Court. The defendant was arrested while operating his Dodge Stratus automobile. Upon information and belief the automobile together with its contents were seized by Agents of the Government on the same date.

Upon information and belief, on June 23, 2004 Agents of the Government searched the interior of the defendant's motor vehicle at a time and place after the defendant's arrest and seized certain items of evidence.

On July 2, 2004 the defendant was the owner of a Sony Video Camera seized from his residence during the execution of the search warrant described above. On July 2, 2004 Agents of the Government executed a separate search warrant seizing the video camera and evidence derived therefrom all as more particularly described in the officers return on said warrant (a copy of which is annexed hereto as Exhibit B).

On July 2, 2004 the defendant was the owner of a Compaq Laptop Computer seized from his residence by the execution of the June 23, 2004 search warrant described above.

On July 2, 2004 Agents of the Government executed a second separate search warrant.

Agents made a return on the warrant dated July 22, 2004 reflecting no seizures under the warrant as of the date of the return (a copy of which is annexed hereto and marked Exhibit C).

At some time, presently unknown to the defendant, an unknown quantity of file information was seized by Agents of the Government.

On July 2, 2004 the defendant, Michael Crooker, was the owner of a 2002 Dodge automobile. The automobile was seized from the defendant's possession and during the defendant's arrest on June 23, 2004. On July 2, 2004 Agents of the Government executed a search warrant upon the vehicle and seized certain items of evidence all as described in the officer's return on said warrant (attached as Exhibit D).

On July 14, 2004 the defendant had personal property stored at his parent's home with their permission and was the caretaker of said premises whenever his parents were away. On July 15, 2004 Agents of the Government executed a search warrant at said location seizing certain items of evidence, all as more fully described in the officer's return on said warrant (a copy of which is annexed hereto as Exhibit E).

On or about July 15, 2004, Agents of the Government searched the defendant's residence at 1162 Springfield Street, Apt. #29. The defendant believes and avers the Government claims the search of the defendant's residence was accomplished by way of consent from the defendant's landlord. As a result of the search certain items of evidence were seized including, but not limited to, documents, photographs and physical items of evidence.

Throughout July and August of 2004 the defendant was detained at the Donald W. Wyatt Facility in Central Falls, Rhode Island. The defendant's transfer to this facility occurred in proximity to the series of searches directed against the defendant and his family members In July of 2004.

As a result of his detention in the Wyatt Facility, the defendant's oral and wire communications were intercepted and recorded by employees of the Wyatt Facility without his knowledge or consent.

Upon information and belief, the Government seized the contents of these communications in order to utilize said communication to obtain search warrants and in the further prosecution of this indictment.

On January 19, 2005 the defendant, Michael Crooker, was the owner of an E-mail

Account maintained by COMCAST, an internet access provider. The defendant believes, and therefore avers, Agents of the Government executed a search warrant for the contents of defendant's stored electronic communication upon COMCAST representatives at a location presently unknown to the defendant.

Upon information and belief, Agents of the Government obtained items of evidence as a result of the execution of the search warrant described above, however, no return is presently available which reflects the item seized under the warrant herein (a copy of the search warrant and blank return are attached hereto as Exhibit F).

The defendant believes and therefore avers that the Government intends to introduce into evidence at the trial of the indictment all of the above described evidence so seized together with all evidence derived therefrom.

The Government ought not to be permitted to introduce said evidence for the following reasons:

**THE SEARCHES BY SEARCH/ARREST WARRANT**

As to all of the search or seizure warrants identified in the body of this motion:

1. The Affidavit sworn in support of the application for each search/seizure warrant failed, as a matter of law to establish the requisite level of probable cause sufficient to support the warrants which issued.
2. The search warrants failed to particularly describe the items of evidence to be seized, in violation of the Fourth Amendment to the United States Constitution.
3. The officers executing the search/seizure warrants failed to limit their seizure of evidence only to those items described in the warrant and seized evidence outside the warrant's limitation, in violation of the Fourth Amendment to the United States Constitution.
4. The Affidavits sworn in support of the application for search warrants contained stale information, insufficient as a matter of law to establish probable cause to support the warrants which issued.
5. The Affidavits sworn in support of the application for the series of the search/seizure warrants, contains information which in whole or in part, was derived from a series of unlawful warrantless searches and/or unlawful electronic surveillance, which information

        was utilized to establish probable cause for the warrants' issuance. As a direct result, the information so utilized is the fruit of the prior illegality. <u>Wong Sun v. U.S.</u>, 371 U. S. 471 (1963); <u>United States v. Segura</u>, 468 U. S. 796 (1984).

6.       The affidavits, sworn in support of the application for the various search warrants, contains willful misrepresentations of material fact; factual assertions deliberately made with a reckless disregard for the truth of the matters asserted as well as material omissions of fact necessary to a legitimate determination of probable cause. <u>Franks v. Delaware</u>, 438 U. S. 154 (1978). See defendant's Affidavit attached hereto and incorporated by reference herein.

## THE ORAL WIRE COMMUNICATIONS

      Defendant Michael Crooker asserts he is an "aggrieved person" as defined by Title 18 U.S.C. §2510 (11) and 2518 (10)(a) and therefore has standing to complain about the interceptions which are the subject matter of this motion.

      The defendant, Michael Crooker, asserts his oral, wire, and electronic communications were unlawfully intercepted in violation of Title 18 U.S.C. §2518 (10)(a) (i).

      The interception of the defendant's oral, wire, and electronic communications were not made in conformity with an order of authorization pursuant to Title 18 U.S.C. §2518 (10)(a)(iii).

      In support of this request the defendant claims:

      Disclosure of the defendant's oral, wire, or electronic communication, and all derivative evidence, would be unlawful as the communications were unlawfully intercepted, were not intercepted in conformity with an order of authorization or approval, and were unlawfully intercepted in violation of Title 18 U.S.C. §2515 as well as United States Constitution Amendments Four and Fourteen.

      The oral, wire, or electronic communications of the defendant intercepted were the fruits of these unlawful interceptions and are, therefore, evidence derived from unlawful electronic surveillance in violation of Title 18 U.S.C. §2518 (10)(a) requiring suppression of all evidence derived thereunder.

      For all of the reasons set forth above and incorporated by reference herein the defendant's

oral, wire, and electronic communications are inadmissible pursuant to Title 18 U.S.C. §2515.

## THE CONSENT SEARCH

At the time of the entry into the defendant's residence, Government Agents had no good faith basis to believe the consenting party possessed common authority over the premises searched. *See* Illinois v. Rodriguez, 497 U.S. 177 (1990).

## THE INVENTORY SEARCH

The search of the defendant's motor vehicle, after his arrest, was not a valid inventory search. *See* South Dakota v. Opperman, 428 U.S. 364 (1976), Florida v. Wells, 495 U.S. 1 (1990), Colorado v. Bentine, 479 U.S. 367 (1987).

WHEREFORE, the defendant claims said items of evidence and evidence derived therefrom was obtained in violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as Title 18 U.S.C. §2515, §2518, §3504, and that the evidence so obtained be suppressed at the trial of these indictments; in anticipation of further discovery by way of evidentiary hearing; leave is sought to amend and supplement the grounds and basis alleged in support of the motion to suppress and for the filing of an additional memorandum of law in order to properly focus the relevant issues for the Court's consideration.

THE DEFENDANT

BY:/s/ Vincent A. Bongiorni, Esq.
95 State Street, Suite 309
Springfield, MA. 01103
(413) 737-1489
BBO#049040