UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.    ) | NO. 04-30034-MAP |
| ) | |
| MICHAEL CROOKER ) | |

### MOTION TO DISMISS FOR SELECTIVE PROSECUTION AND FOR AN EVIDENTIARY HEARING

Defendant moves to dismiss the indictment on the grounds of selective prosecution and he requests an Evidentiary Hearing related thereto.

1) this case involves an airgun sound suppression device being prosecuted as a "firearm silencer";

2) no conventional powder burning firearms are involved;

3) the Government does not allege that the device was ever used on a firearm and the prosecutor stated so to the defendant at his arraignment;

4) prior to defendant's prosecution, noone has ever before been prosecuted in Federal Court for an airgun sound suppression device;

5) prior to defendant's first-in-the-nation prosecution of an airgun sound suppression device as a "firearm silencer", at least 15 different individuals or companies found to have manufactured or possessed airgun or paint-ball gun sound suppression devices that the ATF laboratory classified as "firearm silencers" were not prosecuted;

6) the non-prosecution of the airgun and paint-ball gun devices occurred in the 1980's, 1990's, and 2000's, a period spanning three decades;

7) the defendant is being prosecuted for an airgun device when everyone else is not, solely because he has sued ATF and other Federal Law Enforcement 50 or more times. The prosecution is in retaliation for these lawsuits, some of them in which defendant prevailed.

WHEREFORE, since a selective prosecution arises when a defendant has been singled out for prosecution when others similarly situated have not been prosecuted, <u>United States v. Graham</u>, 146 F.3d 6 (1st Cir. 1998); <u>United States v. Peterson</u>, 233 F.3d 101 (1st Cir. 2000). The above preliminary showing should entitle the defendant to the requested Evidentiary Hearing.

Respectfully submitted,

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni, Esq.
95 State Street- Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 13 day of January 2006.

_____ /s/ Vincent A. Bongiorni

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO. 04-30034-MAP |
| ) | |
| MICHAEL CROOKER ) | |

**AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS FOR SELECTIVE PROSECUTION AND FOR AN EVIDENTIARY HEARING**

1. In 2005 I used the Freedom of Information Act to request from the Bureau of Alcohol, Tobacco and Firearms information surrounding (a) any cases other than my own, of an air-gun or paintball gun silencer being prosecuted as a "firearm-silencer" and (b) other testing and classification decisions regarding airgun and paintball gun silencers.

2. I was not provided any information regarding the existence of anyone, other than myself, being prosecuted for an airgun or paintball gun silencer as a "firearm-silencer".

3. I was provided with 24 classification letters from ATF's Firearm Technology Branch to various individuals and companies regarding airgun or paintball gun silencers.

4. In every case within the 24 letter where a device was actually tested, ATF's FTB concluded that the airgun or paintball gun devices constituted a "firearm-silencer".

5. These classification decisions are dated throughout the 1980's, 1990's and 2000's.

6. While the tested devices were themselves confiscated, and not returned to their owners, the owners were never prosecuted.

    Signed under the pains and penalties of perjury this 13 day of January 2006.

/s/ Michael Crooker