Michael Crooker #33268
CCI-MacDougall
1153 East Street South
Suffield, CT  06080
January 28, 2006

Judge Michael Ponsor
U.S. District Court
1550 Main Street
Springfield, MA  01103

Re:  United States v. Michael Crooker, CR-04-30034-MAP

Dear Judge:

I may be guilty of some things but a firearm-silencer is not one of them and I beseech you to play fair here and not join Mr. O'Regan in framing me.

You can overrule the 9th Circuit regarding time limits for warrantless parcel detentions and I can accept that since you are not bound by other circuits and I can always appeal later.

But I cannot accept you sabotaging my trial and allowing me to be framed into a defacto life sentence over an air-gun.  No court has ever held that a "device for silencing" is any object that is capable.  The 7th Circuit specifically held that capability is not one of "the salient features of silencers."  United States v. Syverson, 90 F.3d 227 at 232 (1996).

You yourself stated at oral arguments on November 7th that the little 3-letter word "for" was proving very troublesome in this case.  This is because it has never come up before.  No one has ever been charged before for a firearm-silencer based on mere possession of an airgun device or a pillow or object that is "capable" of doing double-duty.

Your planned ruling regarding Staples that is going to enable the government to introduce evidence and argument that I "knew" the device possessed the characteristics that make it a silencer does not solve the issue of what those characteristics are.  None of the cases cited by the government hold that "capability" is the characteristic.  The government is simply taking it upon themselves to transform "for silencing" into "capable of silencing" and they want you to rubberstamp that notion.  And we have showed you how absurd the results of that would be.

Judge, the silencer definition is not vague/ambiguous in toto: the defining word "for" becomes ambiguous only when it is applied to an object designed for something other than a firearm.

I am not happy with counsel and request another hearing.  Mr. Bongiorni is simply too overwhelmed with work to be effective in dealing with my cases.  I still have not even got to review the evidence in this case and now he's gone and put in a bunch of new motions

-2-

when he was supposed to have waited for me to get a rented laptop to review it. He does not visit me and I cannot call him because he has a collect block on his telephone. And he did not file my counteraffidavit and opposition to the gunshot residue nontesting.

Sincerely yours,

*Michael Crooker*

Michael Crooker, pro se

cc: Kevin O'Regan, AUSA
U.S. Attorneys
1550 Main Street
Springfield, MA  01103

Vincent Bongiorni, Esq.
95 State Street
Springfield, MA  01103