UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO.  04-30034-MAP |
| ) | |
| MICHAEL CROOKER ) | |

**MOTION TO DISMISS INDICTMENT DUE TO THE UNFORESEEABLY EXPANSIVE INTERPRETATION DOCTRINE**

    If this court's final decision is to be that the words in 18 U.S.C. §921(a)(24) of "any device for silencing a firearm" means "any device capable of silencing a firearm," the defendant invokes application of the Unforeseeably Expansive Interpretation Doctrine and requests dismissal nevertheless of this first-in-the-nation Federal prosecution of an airgun silencer as a firearm silencer.

    The en banc First Circuit calls this the third branch of the Fair Warning Doctrine (after lenity and vagueness) and "bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." It bars "unforeseeable and retroactive judicial expansion of narrow and precise statutory language." United States v. Councilman, 418 F.3d 67, 84 (1st Cir. En banc 2005).

    The Supreme Court, the First Circuit, nor any other court has previously held specifically that "device for silencing a firearm" means "device capable of silencing a firearm." As defendant Crooker has previously demonstrated, such an interpretation, advanced to encompass an airgun device not designed or intended to be used with a firearm, would enable the possessor of a host of innocent objects, such as bed pillows and pop bottles, to be federally prosecuted at the whim of a Federal Agent.

    Further, one court has held that "for silencing" does not mean "that silences," (emphasis in original) and that capability is not one of the "salient features" of silencers. United States v. Syverson, 90 F.3d 227, 232 (7th Cir. 1996). It held that:

> "The Government had to prove that the cylinder was made for the purpose of silencing a firearm, not that this purpose was realized."

    The statutory language of §921(a)(24) is narrow and precise. "Device for silencing"

clearly implies a plan to, or intent to, use an object to silence. Judicially changing "for" to "capable of" is a major expansion. Not only is it unfair and unforeseen to defendant Crooker, but it could encourage ridiculous and absurd prosecutions. Suppose Crooker's case happened differently and instead of an airgun device he was caught coming out of Home Depot having purchased a lawnmower muffler and some duct tape, two ordinary innocent items. Using the "capable" interpretation, we would have the exact same situation that did in fact ensue. For lawnmower mufflers and duct tape can be used to diminish the report of a firearm, just like an airgun device and an ATF Laboratory thread adapter can.

While this court may have considered and rejected lenity and vagueness challenges to §921(a)(24), it has not been asked to consider the Unforeseeable Expansive Interpretation Doctrine as applied to the change of statutory language from "for silencing," to "capable of silencing."

Crooker now directly asks the court to do so. His affidavit is attached hereto.

Respectfully submitted,

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040


CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 9th day of February 2006.

/s/ Vincent A. Bongiorni