Michael Crooker #33268
CCI MacDougall
1153 East Street South
Suffield, CT 06080
February 24, 2006

Carl J. Trescott, Director
Bureau of Alcohol, Tobacco,
  Firearms and Explosives
U.S. Department of Justice
650 Massachusetts Ave., NW
Washington, D.C. 20226

Re: Request for a Ruling Respecting Sam Yang Air Rifle Silencers

Dear Director Trescott:

This is a request for an ATF Ruling. I am requesting that the provisions of ATF Ruling 2005-4 that immunizes certain airgun silencing devices from regulation and prosecution be extended to also cover detachable devices that are designed and intended for use on Sam Yang air rifles and which have metric threading that mates to no known domestic made firearm's factory threading.

A sample of the Sam Yang air rifle silencer is currently in ATF custody. It is approximately 11 1/2" x 1 1/2", cylindrical in shape, and has metric threading that mates to the Big Bore 909 model Sam Yang air rifle made in Korea. It was tested on June 25, 2004 by Richard Craze and was found to be a "firearm silencer" by virtue of its "capability" to diminish the report of a Ruger 22-caliber firearm.

I purchased this device from an airgunsmith in 2001. It was manufactured specifically for the factory threading on the Sam Yang 44-caliber air rifle. It came to me with instructions that "it cannot handle the flash of a firearm -- it was made for AIR only."

I owned it for 3 years and it was never used on any weapon other than the Sam Yang air rifle. I then sold it to a person in Ohio who also owns the same model Sam Yang air rifle and it was seized from the mail on June 7, 2004.

In order to establish my innocence, I requested that it be gunshot residue tested (GSR). My request was denied and the following falsehoods were later made under oath in court: (1) that it could not be GSR tested because it could not be disasembled and (2) that 8 years ago the GSR testing policy on suspected firearm silencers was changed to no longer require that GSR testing be done.

ATF Ruling 2005-4

You have ruled that .68 caliber airguns with integral silencers

that can be quickly hacksawed off and used on Ruger 22-caliber firearms to diminish their report are not "firearm silencers" until the hacksawing takes place, then they <u>are</u> "firearm silencers." You base your ruling on the fact that the unaltered device is "for" diminishing the report of a nonregulated airgun but that once sawed off, there is an obvious "intention" to use it other than for diminishing the report of an unregulated airgun.

SAM YANG DEVICE AND ATF RULING 2005-4 DEVICE COMPARED

Both are designed for, and intended to be used to diminish the report of nonregulated airguns.

Both are <u>not</u> designed for, or intended to be used on any firearm.

Both are "capable" of being adapted for use on a firearm in less than 5 minutes: the ATF Ruling 2005-4 device can be quickly hacksawed off and mated to a Ruger firearm with a thread adapter and tape; likewise the Sam Yang device can be mated to the Ruger with a thread adapter and tape. I will concede that it might take 30 seconds to 1 minute longer to misuse the ATF Ruling 2005-4 device, due to the required hacksawing off of the device from the airgun.

"CAPABILITY" VERSUS "DESIGNED OR INTENDED" AND 18 U.S.C.§921(a)(24)

Your ruling in ATF Ruling 2005-4 was a correct one because the statutory definition of a firearm silencer in §921(a)(24) is a device "for silencing," <u>not</u> a device "capable of silencing." Your ruling did not use the term "capable" but did use "intended" and "intention." Furthermore, no court has ever held that "for silencing" means "capable of silencing" and Congress did use the terms "capable," "not capable," and "incapable" in the National Firearms Act definitions, but chose not to use them in the §921(a)(24) silencer definition. Moreover, a straight-up "capable" interpretation is simply unworkable for we have all seen <u>The Godfather</u> and other Hollywood movies and know that bed pillows and towels make fine firearm silencers. Interpreting "for" to mean "capable" in the §921(a)(24) silencer definition would automatically make every American a possessor of unregistered firearm silencers due to the "capability" of their pillows and towels.

CONCLUSION

There is no valid or logical reason to deny ATF Ruling 2005-4

status to my Sam Yang air rifle device. The difference between the two devices is 30 seconds and a hacksaw. Surely you cannot quibble with me about 30 seconds and a hacksaw when previously ATF has prevailed in a court argument that a firearm was a "machinegun" because it could be restored to shoot full-automatically <u>inside of 8 hours in a machineshop</u>.

I look forward to your response.

Sincerely yours,

*Michael Crooker*

Michael Crooker