UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                           )
                           )
V.                         )    CR-04-30034-MAP
                           )
                           )
MICHAEL CROOKER            )

FILED
IN CLERK'S OFFICE

2006 MAR 22  A 11: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

MOTION TO DISMISS DUE TO
POST-INDICTMENT AGENCY RULING RESPECTING AIRGUN SILENCERS

Defendant was arrested June 23, 2004 for mailing a 44-caliber air rifle and 44-caliber air rifle silencer with matching threads. The government concedes that this device has never been used on a firearm and was intended for an air rifle.

The Complaint alleges that it appears the device could muffle the report of a firearm as well as of an airgun. An Indictment issued thereafter is based upon the same "capability" theory and after actual testing.

Between the 1980's and the early 2000's ATF's Firearms Technology Branch had issued at least 24 classification letters respecting airgun silencers. In all the cases they used the "capable" criteria to rule that the devices constituted "firearm silencers" under 18 U.S.C. §921(a)(24) which defines a firearm silencer as "any device for silencing, muffling, or diminishing the report of a portable firearm."

The ATF Director has now issued an agency ruling that certain 68-caliber airgun silencing devices are not "firearm

-2-

silencers" under §921(a)(24) even though the devices are capable of diminishing the report of a Ruger 22-caliber firearm in the ATF Laboratory. They were able to use a hacksaw, thread adapter, and tape to adapt the airgun silencer to the Ruger firearm.

Nonetheless, ATF has not used the "capable" test and has instead used the "intended" one:

> "Certain integral devices <u>intended</u> to diminish the report of paintball guns are not "firearm silencers' or 'firearm mufflers' under the Gun Control Act of 1968 or the National Firearms Act."
>
> \* \* \*
>
> "Moreover, removal of the device from the paintball gun indicates some <u>intention</u> to utilize the device for something other than reducing the report of the paintball gun."

The defendant has consistently maintained in this case that the term "for silencing" in §921(a)(24) means designed or <u>intended</u> for silencing a portable firearm while the government has consistently maintained that "for silencing" means any device "capable" of silencing a portable firearm.

The government cannot be allowed to have it both ways. It cannot be "capable" for Crooker and his 44-caliber airgun device but "intended" for the manufacturers of the 68-caliber devices. The same standard has to apply across the board to all persons and manufacturers.

-3-

Second, it has now been demonstrated in the ATF Laboratory that both the 44-caliber device and the 68-caliber device are "capable" of diminishing the report of a 22-caliber Ruger firearm with slight modifications. Immunizing the 68-caliber devices while holding Crooker liable to a potential life sentence for the 44-caliber device is arbitrary and capricious, and hence unconstitutional.

A copy of ATF Ruling 2005-4 is attached hereto.

Respectfully submitted,

*Michael Alan Crook*
Michael Alan Crooker, pro se
CCI-MacDougall
1153 East Street South
Suffield, CT  06080

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date mailed a copy of the foregoing to the following persons: Kevin O'Regan, AUSA, U.S. Attorneys, 1550 Main Street, Springfield, MA 01103 and Vincent Bongiorni, Attorney, 95 State Street, Suite 309, Springfield, MA 01103.

Dated: March 21, 2006      s/ *Michael Alan Crook*