UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 MAR 22  A II: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| V. | ) CR-04-30034-MAP |
| | ) |
| | ) |
| MICHAEL CROOKER | ) |

DEFENDANT'S MOTION TO DISMISS DUE TO
DEPRIVATION OF SPEEDY TRIAL
AND PROSECUTORIAL MISCONDUCT RELATED THERETO

Defendant has been detained without bail in six different
prisons in three different states for 21-months and counting
on a simple one-count silencer charge.  He has repeatedly
complained to the court both orally and in letters of the denial
of a speedy trial and medical treatment, said complaints going
back to at least August, 2005.

The government has not diligently prosecuted their case.
They have deliberately delayed it.  They take extensions of time
at every turn and the court rubberstamps those extensions
without ever asking the defendant who languishes in prison for
something that is not even an offense.  See Docket Items 30, 31,
32, 51, 65, 72, 85, 89, 91.

When the defendant's speedy trial and medical complaints
in September, 2005 caused an imminent trial date of November 7,
2005, AUSA O'Regan scuttled that trial by making new and massive
discovery disclosures, the vast majority of which should have
been made in the Automatic Discovery of August, 2004, more than
one year earlier.  (And since that time, defendant has been given

-2-

access to, or the ability to review, less than 10% of it).

Further, this new discovery which has resulted in new and additional suppression motions and hearings, does not relate to the elements of the present silencer offense. Thousands upon thousands of evidentiary items and information has to be dealt with that have absolutely nothing at all to do with the silencer charge. For example, there are photographs of laboratory glassware, photographs of chemicals, of plantlife, data on financial transactions such as the sale of a Startac cellphone on eBay, and on and on.

The defendant has been deprived of his Constitutional and statutory rights to a speedy trial. For an entire year, August 24, 2004 through August 23, 2005, he did not even make a court appearance. Most recently, he has not made a court appearance in over four months (November 7, 2005 to the present day).

Most of this dead-time is the government's fault. When they bring a case they are obligated to prosecute it and seek a trial, not obstruct one. It is quite likely that the government has no real intentions on prosecuting this case because of the scientific impossibility of proving the "knowledge" element regarding the air rifle silencer that had never been tested on a firearm prior to the defendant mailing it. See Defendant's Motion to Dismiss Due to Scientific Impossibility of Conviction.

-3-

Defendant asserts that the government has and is abusing the legal process by using this silencer case, which they have no intentions to prosecute, to cause an indefinite detention while other matters are being investigated, and to use this silencer case to litigate Fourth Amendment issues that belong to those other prospective cases.

As defendant complained last year to the court, AUSA O'Regan has threatened that if defendant is not convicted of the sielncer charge that he will immediately draft a Complaint for fireworks violations or plantlife toxin violations and have the already protracted detention continued.  Just the making of such a threat alone indicates an abuse and manipulation of the federal legal process.

Therefore, in view of the foregoing, this case should be dismissed on speedy trial grounds or the government should be required to account for and justify each one of the 640 days of pretrial detention that they have sought and caused.  They should also be required to justify the violation of the Automatic Discovery rules, and explain to the court why each piece of discovery that was available to be released in Automatic Discovery in August, 2004 was not until over a year afterwards.

Further, if dismissal on speedy trial grounds does not occur, in addition to requiring governmental justifications requested above, there needs to be a plan to go forward from here, bearing

-4-

in mind that there has already been nearly two-years of pretrial
detention and a lot still must be done.  Evidentiary hearings need
to be held in up to eight different matters, including the
gunshot residue issue, the selective prosecution issue, the
alleged inventory search, the Wyatt Detention Facility wiretaps,
and so on.  Defendant still needs to review evidence in the U.S.
Attorney's Office.  He needs his own confiscated laptop to
retrieve exculpatory evidence relating to his correspondence with
the Lee, MA Police Chief and his Internet postings, all relating
to silencers.  He also needs that laptop, or a rented laptop, in
order to review evidence on CD-Roms already disclosed, but unable
to be read, with the prison's antiquated Windows 98 system.  A
defense silencer expert needs to be hired.

    In view of the legal system abuse that has occurred, and the
unusually protracted pretrial detention in such a simple, one-
count, 1-2 day trial case, defendant asks this court to cease
this nonsense immediately and to henceforth require courtroom
hearings every Monday morning at 10:00 A.M. until the matter is
resolved, should the court not dismiss this on speedy trial
grounds.  This is the only way we will make real progress.  If
that is not possible, then pretrial detention should cease and
defendant transferred to a halfway house.

-5-

Respectfully submitted,

*Michael Alan Crook*

Michael Alan Crooker, pro se
CCI-MacDougall
1153 East Street South
Suffield, CT  06080

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date
mailed copies of the foregoing to the following persons:  Kevin
O'Regan, AUSA, U.S. Attorneys, 1550 Main Street, Springfield,
MA  01103 and Vincent Bongiorni, Attorney, 95 State Street,
Suite 309, Springfield, MA  01103.

Dated:  March 21, 2006                S/ *Michael Alan Crook*