UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO.  04-30034-MAP |
| ) | |
| MICHAEL CROOKER ) | |

**DEFENDANT'S MOTION TO DISMISS DUE TO SCIENTIFIC IMPOSSIBILITY OF CONVICTION**

      The court has ruled in the Government's favor in the silencer "capability" versus "designed or intended" issue and it has stated on page 9 of its Memorandum re: Defendant's Motion to Reconsider/For Clarification of Defendant's Motion to Dismiss that, as an element of the alleged offense, the Government must prove that the defendant "knew" that "<u>this particular device</u>" was capable of silencing a firearm. (Emphasis in original)

      It is undisputed that the device in this case was being used with an air rifle ans was found with an air rifle.

      It is undisputed that no firearm ever shot through it and left gunshot residue until it was tested at the ATF Laboratory with a special adapter to couple it to a .22 caliber Ruger firearm.

      It is undisputed that defendant requested a gunshot residue test the same week of his arrest. It is undisputed that the Government refused to do such a test.

      Both of the Federal Agents who found the device have testified at a Suppression Hearing that they could not know if the device was capable of also working on a firearm without having it tested.

      It is therefore scientifically impossible for anyone, let alone the defendant , to "know" that the untested device could or could not have also worked on a firearm.

      Since the court has ruled that "capability" is the key to whether the device constitutes a firearm silencer and that the Government is required to prove that defendant "knew" of that capability, the fact that not even the trained Federal Agents could "know" proves that there is no way that the defendant could "know"either. Since it was never shot through with a firearm, not even the manufacturer of the device could have known.

      It is therefore senseless to waste anymore time or judicial resources on this case, or to detain the defendant one further day (after 21 months of additional needless detention).

THE DEFENDANT


BY:/s/ Vincent A. Bongiorni, Esq.
95 State Street,   Suite 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040


CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to Assistant United States Attorney, Kevin O'Regan, Esq., United States District Court, 1550 Main Street, Springfield, Ma. 01103 this 13th day of April 2006.


/s/ Vincent A. Bongiorni