UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | NO. 04-30034-MAP |
| | ) | |
| MICHAEL CROOKER | ) | |

## MOTION TO DISMISS DUE TO POST-INDICTMENT AGENCY RULING RESPECTING AIRGUN SILENCERS

Defendant was arrested June 23, 2004 for mailing a .44-caliber air rifle and .44-caliber air rifle silencer with matching threads. The Government concedes that this device has never been used on a firearm and was intended for an air rifle.

The complaint alleges that it appears the device could muffle the report of a firearm as well as of an airgun. An indictment issued thereafter is based upon the same "capability" theory and after actual testing.

Between the 1980's and the early 2000's ATF's Firearms Technology Branch had issued at least 24 classification letters respecting airgun silencers. In all the cases, they used the "capable" criteria to rule that the devices constituted "firearm silencers" under 18 U.S.C. §921 (a)(24) which defines a firearm silencer as "any device for silencing, muffling, or diminishing the report of a portable firearm."

The ATF Director has now issued an agency ruling that certain .68-caliber airgun silencing devices are not "firearm silencers" under §921 (a)(24) even though the devices are capable of diminishing the report of a Ruger .22-caliber firearm in the ATF Laboratory. They were able to use a hacksaw, thread adapter, and tape to adapt the airgun silencer to the Ruger firearm.

Nonetheless, ATF has not used the "capable" test and has instead used the "intended"one:

> "Certain integral devices _intended_ to diminish the report of paint-ball guns are not 'firearm silencers' or 'firearm mufflers' under the Gun Control Act of 1968 or the National Firearms Act."

> \* \* \*

> "Moreover, removal of the device from the paint-ball gun indicates some _intention_ to utilize the device for something other than reducing the report of the paint-ball gun."

  The defendant has consistently maintained, in this case, that the term "for silencing" in §921 (a)(24) means designed or <u>intended</u> for silencing a portable firearm, while the Government has consistently maintained that "for silencing" means any device "capable" of silencing a portable firearm.

  The Government cannot be allowed to have it both ways. It cannot be "capable" for Crooker and his .44-caliber airgun devices, but "intended" for the manufacturers of the 68-caliber devices. The same standard has to apply across the board to all persons and manufacturers.

  Second, it has now been demonstrated in the ATF Laboratory that both the .44-caliber device and the 68-caliber device are "capable" of diminishing the report of a 22-caliber Ruger firearm with slight modifications. Immunizing the 68-caliber devices, while holding Crooker liable to a life sentence for the 44-caliber device, is arbitrary and capricious, and hence unconstitutional.

  A copy of ATF Ruling 2005-4 is attached hereto.

            THE DEFENDANT

            <u>BY:/s/ Vincent A. Bongiorni, Esq.</u>
            95 State Street,   Suite 309
            Springfield, MA. 01103
            (413) 732-0222
            BBO #049040

          CERTIFICATE OF SERVICE

  I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to Assistant United States Attorney, Kevin O'Regan, Esq., United States District Court, 1550 Main Street, Springfield, Ma. 01103 this 13th day of April 2006.

            <u>/s/ Vincent A. Bongiorni</u>