UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO.   04-30034-MAP |
| ) | |
| MICHAEL CROOKER ) | |

### DEFENDANT'S RESPONSE REGARDING GUNSHOT RESIDUE ISSUE, REQUEST FOR EVIDENTIARY HEARING, AND COUNTER-AFFIDAVIT OF MICHAEL CROOKER

The prosecutor in this case now claims, in an unsworn memorandum of law, that he did not have a conversation with the defendant regarding a gunshot residue test on the suspected silencer as the defendant claims occurred on June 23, 2004. Previous to this he has sat by silently without objection or denial while the defendant made the accusation in open court.

Now the prosecutor says that it happened on June 25, 2004, not June 23, 2004. This is significant for the destruction of evidence occurred on June 25, 2004, though we do not know exactly what time of day that occurred.

An Evidentiary Hearing is needed to resolve this major factual dispute and to pinpoint the time of destruction.

An Evidentiary Hearing is also needed regarding the gunshot residue testing protocol of suspected firearm silencers. Defendant has shown that such a protocol was in existence at least 28 years ago. The prosecution now claims, in an unsworn memorandum of law, and in a hearsay affidavit, that this protocol was discontinued 8 years ago. They have provided no documentary proof however such as a policy statement, directive, or administrative staff manual that demonstrates such an alleged agency policy change.

Moreover, the claim borders on the absurd. In a case where a defendant claims that a suspected firearm silencer is really an innocent object, such as an air-tool silencer or a lawnmower muffler, the presence or absence of gunshot residue almost single-handedly proves or disproves that the device is or is not a firearm silencer.

Further, the defendant's claim by affidavit that ATF Examiner Craze lied, and ATF Agent Burns perjured himself on the witness stand, when it was claimed that the device in this case could not be disassembled and that the inability to disassemble was the reason for the failure to do the gunshot residue test, makes the allegation of a protocol change 8 years ago sound even more improbable.

These issues need to be resolved now in the interests of justice, and also to avoid future unnecessary litigation. For if there was to be a conviction in this case, Crooker would very likely find out through the FOIA, or by seeking out other silencer-defendant-prisoners, that the Government did use gunshot residue testing of silencers within the last 8 years against them, enabling Crooker to file a Motion to Vacate Conviction under 28 U.S.C. §2255.

The reason given for this alleged protocol change 8 years ago also borders on the absurd – that ATF discontinued gunshot residue testing of suspected firearm silencers because the defendant's use or nonuse of the device on a firearm is not relevant to whether it constitutes a firearm silencer and is not an element of the offense. Until this case, no court has ever ruled that the features or characteristics that make a device a firearm silencer are its capability, or that the term "device for silencing," in the silencer definition at 18 U.S.C. §921 (a)(24), actually means "device capable of silencing." To the contrary, the law on firearm silencers 8 years ago was that a device can be a firearm silencer even if it doesn't work. The case of <u>United States v. Syverson</u>, 90 F. 3d 227, 231 (7th Cir. 1996) said that "device <u>for</u> silencing" does not mean "device <u>that</u> silences." (Emphasis in original) Therefore, there were no significant changes in the law regarding silencers around 8 years ago, which is when the Government baldly claims they stopped requiring gunshot residue tests when examining suspected firearm silencers.

What has occurred here is the purposeful destruction of defense evidence, or even worse, the purposeful suppression of exculpatory evidence - - defendant now believes there is a great likelihood that a gunshot residue test was actually performed locally, and the negative results simply thrown away and the ATF Laboratory told not to perform a GSR test.

Defendant cannot at this time prove the above suggestion of a locally performed GSR test that was thrown away, but he knows enough about federal firearms' law to know that a GSR test in a firearm silencer case is just as important as an autopsy is in a murder case. It is simply inconceivable and unbelievable that GSR test was not done in a case where a defendant is claiming from the moment of his arrest that the device was a legal airgun device and not a firearm silencer. And it is equally inconceivable and unbelievable that the ATF would, absent a written policy or directive, cease using such an important and valuable investigatory tool 8 years ago.

An Evidentiary Hearing is absolutely essential to get to the bottom of this, and the ATF Director or other high ATF official needs to be examined, as well as the ATF Examiner, Mr. Craze.

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni, Esq.
95 State Street,  Suite 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to Assistant United States Attorney, Kevin O'Regan, Esq., United States District Court, 1550 Main Street, Springfield, Ma. 01103 this 13th day of April 2006.

                                                       /s/ Vincent A. Bongiorni