UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO. 04-30034-MAP |
| ) | |
| MICHAEL CROOKER ) | |

**RENEWED MOTION FOR RULE 16 SANCTIONS**

    The defendant had previously moved for sanction pursuant to Rule 16 of the Federal Rules Criminal Prosecution which the court denied without prejudice. The defendant claims prejudice from the late disclosure of two separate Search Warrants together with supporting material.

    At the time of the initial request for sanctions counsel for the defendant was unaware of the import of the Fourth Search Warrant dated July 28, 2004 together with its affidavit delivered on the date counsel moved for sanctions for failure to produce all of the search documents.

    An examination of the Fourth Search Warrant reveals the search which was being directed against the defendant were not made pursuant to any valid search warrant and were conducted out of the District and not made pursuant to any valid search warrant actually issued.

    These non-disclosures were not inadvertent and do not involve extensions to prior search warrants. The court has permitted the Government to provide extensive testimony with respect to the initial seizure of the computer and the ultimate search of its hard drive, but has manipulated the timing and disclosure of search materials in order to camouflage the location and timing of warrantless searches in the District of Connecticut and Virginia.

    The defendant believes the evidence derived from the search should be suppressed as a sanction under Rule 16 because the Government has obstructed the timing of these disclosures to undercut the defendant's ability to properly prepare a Motion to Suppress and to have to file multiple motions to suppress to preserve his rights while having to prepare for trial within a discrete time frame.

    As a result, the defendant has been prejudiced thereby and unable to fully and completely litigate his suppression claims, has had to interfere with trial preparation in order to litigate issues

piecemeal due to the Government's late discovery.

In addition, therefore, the defendant believes his computer should be returned in order for him to obtain exculpatory evidence as fully set forth in his ex-parte affidavit.

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to the Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 6th day of June 2006.

/s/ Vincent A. Bongiorni