```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
          v.             )    Criminal No. 04-30034-MAP
                         )
MICHAEL CROOKER,         )
          Defendant.     )
```

### Government's Opposition to Motion for Daily Transcripts at Government Expense

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in opposition to Michael Crooker's motion to have the government pay for daily transcripts of his trial. The defendant's motion should be denied because there is nothing unique or unusual about Mr. Crooker's trial that justifies the payment for daily transcripts under the Criminal Justice Act.

The government understands that the normal rate for trial transcripts after a guilty verdict is $3.30 per page. Daily copy, including a copy of the transcript for Mr. Crooker, would cost $6.33 per page. Transcripts of a trial from 9:00am to 1:00pm average approximately 150 pages. As a result, Mr. Crooker is asking the Court to authorize payment of approximately $950 per morning trial session so that he can have daily copy. Over the course of a ten day trial, including possible afternoon sessions, daily copy could eventually cost the CJA fund $10,000 or more.

Mr. Crooker has not explained why daily copy is necessary to his defense, as is required by the Criminal Justice Act. See 18

U.S.C. § 3006A(e)(1). Nor does daily copy appear to be necessary in this case. The legal and factual issues are not overly complex and have largely been explored during extensive pretrial evidentiary hearings in which many of the government's witnesses have been cross examined. Transcripts of these hearings already have been prepared.

During the trial, daily copy could be beneficial for cross examination, but only if direct and cross are timed in a way that would provide the defense with time to get the daily transcript of a witness's direct testimony before or during cross examination. This benefit will not be substantial in this case, where there has been extensive discovery and pretrial proceedings. Moreover, Mr. Crooker's counsel is well experienced at cross examining witnesses without the benefit of daily copy. Nor is the trial expected to be so factually complex or long that daily copy is required to prepare for closing argument.[1]

---

[1] It is likely that Mr. Crooker is seeking the transcripts primarily to support his ongoing and future civil claims and litigation against the FBI, ATF and Postal Inspection Service and their agents. In the normal course Mr. Crooker would be required to pay for transcripts of the trial himself to support his civil actions. By getting the CJA fund to pay for daily copy, Mr. Crooker will ensure that he gets the transcripts without having to pay for them.

However, the government does not oppose Mr. Crooker's motion because of his pending administrative claims or anticipated litigation. These kinds of claims are inevitable when dealing with Mr. Crooker and the government will respond to them as appropriate. Nonetheless, they provide a context which helps to explain why Mr. Crooker would make this unusual request for daily copy.

Conclusion

Absent an articulated and substantial justification of necessity for the expense of daily copy in this case, the Court should deny Mr. Crooker's motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

by: /s/ Kevin O'Regan
Kevin O'Regan
Assistant U.S. Attorney

Date: June 12, 2006

Certificate of Service

June 12, 2006

I certify that I caused the foregoing document to be mailed to counsel for the defendant, Vincent Bongiorni, Esq, 95 State Street, Springfield, MA 01103.

/s/ Kevin O'Regan
Kevin O'Regan
Assistant U.S. Attorney