UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | NO.   04-30034-MAP |
| | ) | |
| MICHAEL CROOKER | ) | |

**DEFENDANT'S FOURTH MOTION TO DISMISS
DUE TO DEPRIVATION OF SPEEDY TRIAL
(CAUSED BY GOVERNMENT MISCONDUCT)**

The defendant was arrested June 23, 2004, and has been detained ever since. The indictment was returned on July 14, 2004 and Automatic Discovery was made on or about July 26, 2004.

Thereafter, on July 12, 2005, based upon the Automatic Discovery, a Motion to Suppress the Fruits of Certain Searches was filed. Evidentiary Hearings began on August 23, 2005 at which time a firm trial date of November 7, 2005 was set due to the defendant's complaints of the denial of a speedy trial and denial of medical care.

On September 26, 2005, the prosecutor disclosed a massive amount of evidence not previously disclosed in Automatic Discovery. This included multiple search warrant applications previously sealed. Among the new materials released were 17computer discs, just one of which FBI Special Agent Winfield has testified will take "weeks" to review.

Because of this Automatic Discovery disclosed 14 months late, the November 7, 2005 trial date had to be cancelled due to what the court called "Motion to Suppress, Round Two."

Motion to Suppress, Round Two was filed on January 13, 2006 and Evidentiary Hearings began on May 9, 2006. On or about May 9, 2006 and May 10, 2006, the prosecutor again made new and massive discovery disclosures consisting of three new search warrants and their applications previously sealed as well as no less than 115 letters surreptitiously copied and seized from the defendant's sealed mail.

The Round Two Evidentiary Hearing Hearings ended on June 7, 2006. Now "Round Three" Motions to Suppress have had to be filed.

Defendant has had enough and so should this court, this case should have gone to trial no later than November 7, 2005, which would have been after 16 ½ months of detention that alone

far exceeded the 90-day limit of detention in 18 U.S.C. §3164. But for the prosecutor's misconduct, even that date came and went. All days between November 7, 2005 and the present date are directly attributable to the prosecutor and should not be excluded from the Speedy Trial Act's 70-day and 90-day time limits.

The only excuse offered for the September 2005 delayed disclosure is that the Government was made aware that they have to prove "knowledge" as an element of the offense. They have termed this as one of the "twists and turns of the case." But they had to have known that from the beginning in 2004 for 18 U.S.C. §922(g) cases have always required knowledge as explicitly stated in 18 U.S.C. §924 (a)(2) and further, the Supreme Court's <u>Staples</u> decision requiring knowledge in machine-gun cases has been applied to silencer cases for at least the past 10 years.

With respect to an excuse for the May 2006 delayed disclosure, it was claimed that the three new search warrants were mere "extensions" that were really sealed and available all along (which proved <u>not</u> to be correct). As for the 115 letters, no excuse at all was given.

No American citizen should have to begin their <u>third</u> <u>year</u> of pretrial detention for a simple silencer case, especially the prosecution of an <u>airgun</u> silencer that has never before been attempted in Federal Court history. All delays after the November 7, 2005 trial date is squarely the fault of the prosecutor and not at all the fault of the defendant. The prosecution has "played games" with the court and with the defense throughout this case.

WHEREFORE, the case should be dismissed.

THE DEFENDANT

BY: <u>/s/ Vincent A. Bongiorni</u>
Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 15th day of June 2006.

/s/ Vincent A. Bongiorni