UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
v. ) CR NO. 04-30034-MAP
)
MICHAEL ALAN CROOKER )

MEMORANDUM AND ORDER RE: PENDING PRETRIAL MOTIONS
(Dkt. Nos. 47, 70, 74, 78, 79,
108, 110, 137, 138, 139, & 145)

June 22, 2006

PONSOR, D.J.

Defendant has filed a substantial number of pretrial motions. Evidentiary hearings on some of these motions have been conducted over the last several months, and trial is scheduled to commence on June 26, 2006. The purpose of this memorandum is to set forth the court's rulings on all Defendant's pending motions, with a brief summary explanation for the court's ruling. By proceeding this way, counsel will be able to complete final preparation for trial cognizant of the court's rulings. A more detailed memorandum will issue at a later date, if necessary, setting forth the court's reasoning for its rulings at greater length.

1.  <u>Defendant's Motion to Suppress (Dkt. No. 47)</u>

The court ruled on this motion on January 20, 2006 (Dkt. No. 80) and issued a memorandum setting forth its reasons on January 21, 2006 (Dkt. No. 86). Defendant's counsel noted during subsequent proceedings on other motions that the court had, in Defendant's view, overlooked one aspect of this Motion to Suppress, <u>i.e.</u>, the argument that the alleged silencer at issue here was contained within a pocket of the rifle case found inside the package opened by law enforcement agents on June 14, 2004. Defendant took the position that, even if the agents' actions in opening the package itself were justified by the affidavit and warrant, further authorization from the court was needed to open the pouch containing the alleged silencer.

To the extent that the court's original ruling did not address this point, the motion is DENIED in this respect, for two reasons. First, the testimony of Agent Patrick Burns was credible and consistent, to the effect that the alleged silencer was not inside a pouch but was outside any packaging and in plain view when the package was opened. Second, the chipped condition of the alleged silencer suggests that it was

not protected by being kept in the pocket of the rifle case during transit. (See Dkt. No. 128, Hr'g Tr. 92:22-93:24 (testimony of Defendant indicating that the condition of the alleged silencer was significantly worse than it was when he put it in the package).)[1]

    2.  <u>Defendant's Motion to Dismiss or for Appropriate Relief (Dkt. No. 70)</u>

Defendant has moved for dismissal based upon the failure of the government to conduct a gunpowder residue test of the alleged silencer before test firing it. Defendant argues that such a test would have revealed that the silencer had never actually been used with a firearm before being possessed and shipped. Once the government test fired the alleged silencer, the ability to obtain this exculpatory evidence, according to Defendant, was lost.

This motion is DENIED. In <u>Arizona v. Youngblood</u>, 488 U.S. 51 (1988), the Supreme Court held that "unless a criminal defendant can show bad faith on the part of the [government],

---

[1] The e-mail sent by Defendant to the package's intended recipient suggests only that Defendant may have intended, at the time he sent the e-mail, to slip the alleged silencer in the pocket. The more persuasive evidence demonstrates that this never happened.

3

failure to preserve potentially useful evidence does not constitute a denial of due process." Id. at 58. Credible testimony confirmed that it is not the government's custom, and has not been for years, to conduct gunpowder residue tests on seized silencers. The request for this test was made by Defendant, at the earliest, during a court proceeding on June 25, 2004, the very day that the test firing occurred. To establish "bad faith" on the part of the government, Defendant, at a minimum, had an obligation to show that this request preceded the test firing. Significantly, Defendant introduced no evidence concerning the time of the day that either the court proceeding or the test firing took place.

As for Defendant's request for a stipulation that the alleged silencer had never previously been used with a firearm, the court is prepared to instruct the jury that it is uncontested that the government test fired the silencer without first performing any gun powder residue test, and that there is no evidence in the record that the silencer was ever actually used with a firearm prior to its seizure by the government.

4

3.  <u>Defendant's Omnibus Motion to Suppress (Dkt. No. 74)</u>

This motion has several subsections that will be addressed below.

A.  <u>Sufficiency of June 23, 2004 Search Warrant</u>.

To the extent that Defendant seeks to suppress certain evidence based upon the inadequacy of the affidavit and search warrant of June 23, 2004, this motion is DENIED. The affidavit of Agent Burns was sufficient to provide probable cause. The items to be seized were adequately particularized, and the seizures conducted by the agents did not significantly exceed the scope of the warrant. Moreover, the information in the affidavit supporting issuance of the warrant was not stale.

B.  <u>Sufficiency of July 2, 2004 Search Warrant for Defendant's Computer</u>.

To the extent that Defendant seeks to suppress any evidence obtained as a result of a search of his computer, this motion is DENIED. The affidavit in support of the search warrant was sufficient to provide probable cause and adequately particularized the items to be seized, giving agents charged with executing the warrant adequate criteria to

distinguish evidence of illegal activity from the rest of Defendant's possessions. The better view of the law is that, once the laptop was seized, the government did not need to obtain additional warrants to continue to examine its contents. See United States v. Hernandez, 183 F. Supp. 2d 468, 480 (D.P.R. 2002) ("Neither Fed. R. Crim. P. 41 nor the Fourth Amendment provides for a specific time limit in which a computer may undergo a government forensic examination after it has been seized pursuant to a search warrant. . . . [E]xtensions or additional warrants are not required."). Nevertheless, the government filed three additional warrants, for a total of four warrants, to authorize continued search of the computer. The government's oversight in failing to promptly provide Defendant with copies of these additional warrants resulted in no prejudice to Defendant, since the government could have continued its search of the computer based upon the original warrant, which was provided to Defendant in a timely fashion.

C.  Inventory Search of Defendant's Car.

To the extent that Defendant seeks to suppress any items found within his car as a result of the inventory search, this

motion is DENIED. The inventory search commenced, according to the testimony of Agawam Police Officer Eric Camerlin, in accordance with the Department's ordinary policy, at the scene of Defendant's arrest. Due to the high volume of traffic at that location, the vehicle was towed to the Agawam police station where the inventory search resumed until officers uncovered what appeared to be an explosive device. Once suitable precautions were made, the search was completed in a routine fashion. No grounds for suppression arose from this process.

D.  Search of Defendant's Residence.

To the extent that Defendant alleges that the search of his residence on June 23, 2004 resulted in the seizure of items outside the scope of the warrant, this motion is DENIED. Except to a *de minimis* degree, the seizures effectuated at Defendant's home pursuant to the warrant were within the warrant's terms. While Defendant alleges that officers executing the June 23, 2004 search warrant failed to abide by its limitations, he has not specified precisely which items were improperly seized. Cf. United States v. Falon, 959 F.2d 1143, 1149 (1st Cir. 1992) ("In this case we are aided by the

parties in the task of identifying which documents must be suppressed."). Moreover, it does not appear that the government intends to offer into evidence any items seized that may have exceeded the scope of the warrant.

   E.   <u>Calls Made from Wyatt Detention Facility</u>.

To the extent that Defendant seeks to suppress any tape recordings of calls he made from the Wyatt Detention Facility while in custody, this motion is DENIED. The evidence is overwhelming that Defendant was aware of, and implicitly consented to, the recording of his telephone calls.

   F.   <u>Third-Party Consent to Search Defendant's Apartment</u>.

To the extent that Defendant seeks to suppress the results of any consent search conducted at Defendant's former residence after his eviction, this motion is DENIED. The evidence is clear that Defendant gave his brother, Stephen Crooker, a power of attorney to collect his possessions. Mark Nicoli, the property manager of Defendant's apartment complex, permitted Defendant's brother and parents to enter the apartment and remove whatever items they wished. Upon leaving, Defendant's brother signed a release and indicated that any possessions left behind could be considered

abandoned. Some time later, F.B.I. agents approached the property manager and were given permission to examine the apartment and to take items at that time. The combination of the agreement of Stephen Crooker and the permission of Mark Nicoli undermines any claim that such seizures were improper.

G. <u>Seizure of Comcast E-Mail</u>.

To the extent that Defendant seeks suppression of any Comcast e-mail pursuant to a search warrant, this motion is MOOT. The government has indicated that it has no intention to offer evidence seized pursuant to the January 19, 2005 search warrant.

H. <u>Search of Defendant's Brother's and Parents' Residences</u>.

To the extent that Defendant seeks to suppress any items seized as a result of searches of his brother's and parents' residences, this motion is DENIED, for lack of standing. "The concept of standing under the Fourth Amendment refers to the defendant's burden of proving a legitimate expectation of privacy as a prerequisite to challenging assertedly unlawful police conduct." <u>United States v. Lewis</u>, 40 F.3d 1325, 1333 n.1 (1st Cir. 1994) (citation omitted). As the First Circuit

has noted,

> some of the factors that bear on the existence of a legitimate expectation of privacy include: ownership, possession or control of the premises searched; the ability to control or to exclude others' use of the premises; a legitimate presence on the premises at the time of the search; and the totality of the surrounding circumstances.

United States v. Melucci, 888 F.2d 200, 202 (1st Cir. 1989) (citations omitted).

Defendant himself testified that he rarely, if ever, entered his brother's residence, and now "concedes that he lacks standing with respect to the Stephen Crooker search." (Dkt. No. 149, Def.'s Closing Mem. Re: Outstanding Motions 5.) With respect to the parents' residence, the evidence was clear that Defendant had been asked to leave the residence due to his parents' frustration at his theft and continued drug addiction. In short, Defendant had no legitimate expectation of privacy with regard to either location.

    4. <u>Defendant's Motion to Dismiss or For Selective Prosecution and for Evidentiary Hearing (Dkt. No. 78)</u>

This motion is DENIED. Defendant has failed to make even a preliminary showing that the government has refrained from

prosecuting others who were similarly situated and that the discrimination against him (if any) had some illegitimate basis. <u>United States v. Serafino</u>, 281 F.3d 327, 331 (1st Cir. 2002). The materials submitted by Defendant do not show that similarly situated <u>felons</u> have not been prosecuted for possession of items that they knew were capable of being used as firearm silencers. Moreover, no evidence whatsoever suggests any invidious motive on the part of the government.

5. <u>Defendant's Motion for Return of Property (Dkt. No. 79)</u>

This motion is DENIED. The government has made a good faith representation that the Compaq computer Defendant seeks to compel the government to return is still needed by the government as evidence, and may be used as part of an independent, on-going investigation. <u>See</u> <u>United States v. Uribe-Londono</u>, No. 05-2121, 2006 WL 932582, at *1 (1st Cir. Apr. 12, 2006) (unpublished decision) ("A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence. However, a Rule 41(g) motion is properly denied if . . . the property is . . . subject to . . . the government's need for the property as

evidence continues." (citations and internal quotation marks omitted)). In order to assist Defendant, the government has provided him with a copy of the files seized from his computer and also agreed to provide him with a copy of the imaged hard drive taken from the computer. Ordinarily, this would permit Defendant access to any exculpatory information that may be contained in the laptop.

To the extent that there is information within the laptop that is encrypted and that will not be available except by physical possession of the laptop itself, Defendant is in the position to obtain access to this material simply by informing the government of the necessary codes to allow access to the encrypted information. Certainly, the government has no interest in withholding, and has indicated its complete willingness to provide, any and all exculpatory information contained in the laptop if and when Defendant agrees to provide the government access to it. The unavailability of this supposedly exculpatory material is due strictly to Defendant's own decision to conceal the entry code. Moreover, the information secreted within the computer can easily be obtained by Defendant independently through subpoenas to

third-party witnesses. Defendant has suffered no prejudice in not receiving his laptop.

6. <u>Defendant's Motion to Dismiss Due to Deprivation of Speedy Trial Provisions (Dkt. No. 108)</u>

This motion is DENIED. Virtually all periods of time from the date of Defendant's first appearance in court to the date of issuance of this memorandum have been excluded from the speedy trial calculus based on the interests of justice, for reasons noted explicitly on the record, or based on the pendency of motions filed by Defendant himself. The proceedings in this case no way offend the holding in the Supreme Court's recent decision in <u>United States v. Zedner</u>, 126 S.Ct. 1976 (2006). The court at no time relied upon any waiver by Defendant of his speedy trial rights in making determinations to exclude time. Defendant's argument that the government's late provision of automatic discovery required him to ask for additional time to file motions, and therefore caused speedy trial timelines to be extended, will be addressed in connection with Defendant's Fourth Motion to Dismiss due to Deprivation of Speedy Trial (Caused by Governmental Misconduct) (Dkt. No. 145).

7.  **Defendant's First Motion in Limine (Dkt. No. 110)**

This motion is DENIED, without prejudice. Defendant seeks to bar the government from offering evidence regarding his generalized knowledge of firearms or firearm devices other than the particular device at issue in this case. Such an evidentiary ruling would be too restrictive in light of Defendant's professed defense, *i.e.*, his lack of knowledge regarding the alleged silencer's capability to muffle the report of a firearm. (*See, e.g.*, Dkt. No. 113, Def.'s Mot. Dismiss Due to Scientific Impossibility of Conviction.) Notwithstanding this ruling, Defendant is entitled to file additional motions *in limine*, which identify particular items of evidence relating to his generalized knowledge of firearms or firearm devices that he wishes to exclude pursuant to Fed. R. Evid. 404(b).

8.  **Defendant's Motion to Suppress Sealed Mail (Dkt. No. 137)**

This motion is DENIED. A substantial amount of mail sent by Defendant was obtained by the government with the permission of the recipients. With respect to mail opened by employees of the Wyatt Detention Facility, federal regulations

provide that non-privileged mail "from a pretrial inmate may not be sealed by the inmate and may be read and inspected by staff." 28 C.F.R. § 540.14(b) (2005). While Defendant cites Huguenin v. Ponte, 29 F. Supp. 2d 57 (D.R.I. 1998), for the proposition that Wyatt, as a private, for-profit facility, is not subject to federal regulations, more recent Supreme Court authority indicates otherwise. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 74 (2001) (finding individuals sentenced to halfway house operated by private corporation under contract with the Bureau of Prisons "have full access to remedial mechanisms established by the BOP" (citing 28 C.F.R. § 542.10 (2001))). Indeed, Malesko strongly suggests that the federal regulatory apparatus, including, by inference, regulations pertaining to inmate mail, applies fully to private facilities. Since there is no claim that any of the mail seized by the government in this case was in any way privileged, this motion provides no suitable grounds for suppression.

9. **Defendant's Motion to Suppress Compaq Computer (Dkt. No. 138)**

This motion is DENIED. As previously noted, the computer

was seized pursuant to a valid search warrant issued on June 23, 2004. A second warrant issued on July 2, 2004, explicitly authorizing a search of the computer's contents. Difficulties in accessing the hard drive required the computer to be sent to the F.B.I. laboratory in Quantico, Virginia. Although it was not legally necessary, the government obtained a third and then a fourth warrant to allow it to retain the computer while attempts were being made to gain access to its contents. A review of the law suggests that the second, third, and fourth warrants to search the contents of the computer were not necessary. See United States v. Thorn, 375 F.3d 679, 685 (8th Cir. 2004), judgment vacated on other grounds by 543 U.S. 1112 (2005) (deficiencies in supplemental search warrant did not require suppression of evidence found during a search of computer previously seized, inasmuch as the warrant was "surplusage" and not required to permit examination already authorized by earlier warrant). Once the computer was seized, it was, by analogy to a file cabinet, an item which the government was permitted to examine thoroughly. United States v. Habershaw, No. CR. 01-10195-PBS, 2002 WL 33003434, at *8 (D. Mass. May 13, 2002) ("Further forensic analysis of the

16

seized hard drive image does not constitute a second execution of the warrant or a failure to 'depart the premises' as defendant claims, any more than would a review of a file cabinet's worth of seized documents."). The fact that the technical problems related to the search required an extended period of time and resulted in the filing of a return beyond the normal deadline, does not provide a basis for suppression of the evidence finally obtained by examination of the contents of the computer.

10. <u>Defendant's Motion for Rule 16 Sanctions (Dkt. No. 139)</u>

This motion is DENIED. According to Defendant, the untimely disclosure of the affidavit in support of the fourth warrant related to his laptop computer constitutes the government's most egregious misconduct. (Def.'s Closing Mem. Re: Outstanding Motions 2-3.) However, the government's failure to promptly provide Defendant with a copy of this affidavit resulted in no prejudice to Defendant, since the government could have continued its search of the computer based upon the original warrant, which was provided to Defendant in a timely fashion.

11. **Defendant's Fourth Motion to Dismiss Due to Deprivation of Speedy Trial (Caused by Government Misconduct) (Dkt. No. 145)**

This motion is DENIED. Defendant's allegation that delayed discovery disclosures by the government in September 2005 and May 2006 required him to seek additional time to file motions is undercut by the government's policy, throughout this case, of permitting defense counsel, as well as Defendant himself, access to the evidence in its possession. Moreover, to the extent that disclosures may have been late, a reasonable extension of the time to permit Defendant to consider the evidence is a well established remedy to eliminate prejudice.

## CONCLUSION

For the foregoing reasons, the court has DENIED: Defendant's Motion to Suppress (Dkt. No. 47); Defendant's Motion to Dismiss or for Appropriate Relief (Dkt. No. 70); Defendant's Omnibus Motion to Suppress (Dkt. No. 74); Defendant's Motion to Dismiss or For Selective Prosecution and for Evidentiary Hearing (Dkt. No. 78); Defendant's Motion for Return of Property (Dkt. No. 79); Defendant's

Motion to Dismiss Due to Deprivation of Speedy Trial Provisions (Dkt. No. 108); Defendant's First Motion in Limine (Dkt. No. 110); Defendant's Motion to Suppress Sealed Mail (Dkt. No. 137); Defendant's Motion to Suppress Compaq Computer (Dkt. No. 138); Defendant's Motion for Rule 16 Sanctions (Dkt. No. 139); and Defendant's Fourth Motion to Dismiss Due to Deprivation of Speedy Trial (Caused by Government Misconduct) (Dkt. No. 145).

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge