UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                           )
vs.                        )     NO.   04-30034-MAP
                           )
MICHAEL CROOKER             )

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY

Now comes the Defendant Michael Crooker by and through counsel and ,moves this Honorable Court for an order in limine precluding the Government from introducing the opinion testimony of the Government's Expert witness Mr. Richard Craze, and as his basis therefore asserts the following:

The Federal Rules of Criminal Procedure, especially Rule 702, place appropriate limits on the admissibility of purportedly scientific evidence by assigning to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. The reliability standard is established by Rule 702's requirement that an expert's testimony pertain to "scientific ⋯ knowledge," since the adjective "scientific" implies a grounding in science's methods and procedures, while the word " knowledge" connotes a body of known facts or of ideas inferred from such facts or accepted as true on good grounds. The Rule's requirement that the testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" goes primarily to relevance by demanding a valid scientific connection to the pertinent inquiry as a precondition to admissibility.  Daubert v. Dow Chemical, 509 U.S. 579 (1995).

Faced with a proffer of expert scientific testimony under Rule 702, the trial judge, pursuant to Rule 104(a), must make a preliminary assessment of whether the testimony's underlying reasoning or methodology is scientifically valid and properly can be applied to the facts at issue.

In this case the Government is expected to offer the testimony of Mr Richard Craze.  Mr. Craze, a former employee of The Firearms Technology Branch of The Bureau of Alcohol Tobacco and Firearms, conducted an examination of the suspected "firearm" in this case.  In essence Mr. Craze conducted a visual examination of the item and noted its physical description.

The interior of the cylinder was examined with a scope revealing a series of felt discs. Mr.

Craze then attached the device to a .22 caliber weapon maintained by the Bureau through the use of an adapter and conducted test firings. The test firings demonstrated a reduction in the report of the weapon when fitted with the device of 22.6 decibels. The Firearms Technology Branch is one division of ATF. No written protocol exists to guide individual testers within the Branch. ATF has issued Agency Rulings which run contrary to the opinions expressed by this witness and the Agency currently has regulations in place too that did not exist at the time Craze conducted the testing in this case.  There were only two examinations that form the basis of the witnesses opinion a physical examination and a functional one. With no standard to guide the examiners each opinion is reached on an <u>ad</u> <u>hoc</u> <u>basis</u>.

      Rule 702, clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify. " If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" an expert "may testify thereto."

      A  judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable rules. Rule 703 provides that expert opinions based on otherwise inadmissible  hearsay are to be admitted only if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Rule 706 allows the court at its discretion to procure the assistance of an expert of its own choosing. Finally, Rule 403 permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, a judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses."

      Rule 702 does not create a schematism that segregates expertise by type while mapping certain kinds of questions to certain kinds of experts. Life and the legal cases that it generates are too complex to warrant so definitive a match.

      A trial judge has considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. That is to say, a trial court should consider the specific factors identified in <u>Daubert</u> where they are reasonable measures of the reliability of expert testimony.

That standard applies as much to the trial court's decisions about how to determine reliability as to its ultimate conclusion. Otherwise, the trial judge would lack the discretionary authority needed both to avoid unnecessary "reliability" proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises. Indeed, the Rules seek to avoid "unjustifiable expense and delay" as part of their search for "truth" and the "jus[t] determin[ation]" of proceedings. Fed. Rule Evid. 102. Thus, whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine. Kumho Tire Co., Ltd vs. Carmichael, 526 U.S. 137 (1999).

In the present instance the Government cannot demonstrate the witness opinion is based upon anything beyond his subjective belief. Nor does the body of testimony" given by the witness support the specific factors that Daubert said might "bear on" a judge's gatekeeping determination. These factors include:

-Whether a "theory or technique ⋯ can be (and has been) tested";

-Whether it "has been subjected to peer review and publication";

-Whether, in respect to a particular technique, there is a high "known or potential rate of error" and whether there are "standards controlling the technique's operation"; and

-Whether the theory or technique enjoys " 'general acceptance' " within a " 'relevant scientific community.'  Daubert 509 U.S., at 592-594.

The Defendant believes the Government may be able to demonstrate the reliability of the device utilized for measuring the decibel level of certain sounds and the witness expertise in its operation. This is the real limit of the witnesses expertise. The witnesses opinion the device fits within the definition of a silencer found at Title 18 U.S.C. §921(a)24 is not an expert opinion.

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 23 day of June 2006.

/s/ Vincent A. Bongiorni