UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                                                     ) | NO.   04-30034-MAP |
| ) | |
| MICHAEL CROOKER                      ) | |

**DEFENDANT'S MOTION IN LIMINE RULE 404(b) EVIDENCE**

Now comes the defendant, by and through counsel, and respectfully requests this Honorable Court for an order in limine preventing the Government from introducing evidence of prior bad acts, and as his basis therefore asserts the following;

Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by[, among other things,] ⋯ [the Federal Rules of Evidence]⋯." It also states that "[e]vidence which is not relevant is not admissible." Evidence is relevant if it "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Nevertheless, other bad acts evidence is admissible so long as the following, two-part test is satisfied: First, in accordance with Rule 404(b), the evidence must have <u>special relevance</u> to an issue in the case such as [motive,] intent or knowledge, and must not include bad character or propensity as a necessary link in the inferential chain. Second, consistent with Rule 403, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. <u>United States v. McGuire</u>, 389 F.3d 225, 229 (1st Cir. 2004)

Evidence is unfairly prejudicial if it "invites the jury to render a verdict on an improper emotional basis." <u>United States v. Varoudakis</u>, 233 F.3d 113 at 122 (1st Cir. 2000)("we are. . . cautious when the prior act is a shocking or heinous crime likely to inflame the jury.")

Not all bad acts constitute other bad acts, not all evidence of bad acts must satisfy the two-part test to be admissible. Where a bad act is "direct proof of the crime charged," the evidence of the bad act need not satisfy Rule 404(b)'s special relevance requirement to be admissible, but in line with Rule 403, the probative value of the evidence still must not be

substantially outweighed by the danger of unfair prejudice. United States v. Arboleda, 929 F.2d 858, 866 (1st Cir. 1991); *see* United States v. David, 940 F.2d 722, 737 (1st Cir. 1991) ("Evidence which is part and parcel of the crime being tried is simply not 'other crimes' evidence within the ambit of Rule 404(b).")

As the text of Rule 404(b) indicates, prior bad act evidence may be specially relevant if, for example, it goes to the defendant's intent, knowledge, plan, absence of mistake, or identity. Additionally, prior bad acts may be admitted in conspiracy cases under 404(b) if they "explain the background, formation, and development of an illegal relationship." United States v. Escobar-de Jesus, 187 F.3d 148, 169 (1st Cir.1999). *See also* United States v. Prevatte, 16 F.3d 767, 775-76 (7th Cir.1994); United States v. Jones, 982 F.2d 380, 382-83 (9th Cir. 1993); 119 United States v. Passarella, 788 F.2d 377, 383-84 (6th Cir.1986); United States v. Magnano, 543 F.2d 431, 435 (2nd Cir. 1976).

The Government has provided the Defendant with schedule of evidence it will seek to introduce during the course of the Defendant's trial. This evidence can be loosely broken down into a series of categories as follows:

1. Firearms seized from Steven Crooker's home;
2. Photographs of Automatic Weapons, particularly MAC 10 submachine guns built by various manufacturers;
3. Publications concerning Guerilla Warfare, and the conversion of Semi-automatic weapons to fully automatic modes of fire;
4. Firearm sales catalogs together with order forms for M 11/9 parts;
5. Published articles by the Defendant entitled a "Felons Guide to Legal Firearm Ownership", and "Legal Firearms for Prohibited Persons", together with a series of internet postings by the Defendant concerning air guns and sound moderators which reduced the report of such weapons;
6. Formal requests to ATF for Firearm Designations by the Defendant;
7. Letters to the Defendant's mother, Department of Justice, Michael Paulus, and the Prosecutor;
8. Six telephone conversations intercepted at the Wyatt Facility.

Two factors have been universally recognized as aids to determine the probative value of prior bad act evidence: "the remoteness in time of the other act and the degree of resemblance to the crime charged." Frankhauser, 80 F.3d 641 at 648 (1st Cir. 1990), quoting United States v. Fields, 871 F.2d 188, 197 (1st Cir.1989). Much of the above described physical evidence is dated. Many of the physical items are firearms or ammunition the possession of which would be a violation of the statute the Defendant is now on trial for.

In the present posture of this case the Court has preliminarily ruled the jury will be instructed the Government will have to establish the Defendant knew this particular device had the capacity to muffle the report of a firearm. (See Memorandum Re: Defendant's Motion to Dismiss, dated February 23, 2006). The Defendant presumes the Government will take the position the above described evidence will provide a rational trier of fact with an evidentiary foundation to infer the requisite level of knowledge .

The problem inherent in this logic is that this evidence fails to provide any nexus to the particular device for which the Defendant is on trial. General unspecific knowledge of firearms, firearms' laws, procedural protocols for obtaining advisory opinions, and internet discussions of the legality of airgun moderators do not provide an evidentiary foundation to establish knowledge germane to this particular device.

Prior bad act evidence that surmounts the bar of Rule 404(b) may still be inadmissible under Rule 403. This rule requires the trial court to exclude the evidence if its probative value is substantially outweighed by "the danger of unfair prejudice." Fed.R.Evid. 403. Otherwise relevant evidence may also be excluded if its probative value is substantially outweighed by "confusion of the issues, or misleading [of] the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id.

Under Rule 403's weighing test, "it is only unfair prejudice which must be avoided." United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989). Usually, courts use the term "unfair prejudice" for evidence that invites the jury to render a verdict on an improper emotional basis; exclusion of prior bad act evidence in part because it was "undeniably explosive," Gilbert, 229 F.3d 15 at 26 (1st Cir. 2000), also when the prior act is a "shocking or heinous crime likely to inflame the jury." United States v. Moccia, 681 F.2d 61, 64 (1st Cir. 1982).

Rule 403 also protects defendants from unfair prejudice resulting from criminal propensity evidence. As the Supreme Court has stated, improper grounds under Rule 403 "certainly include . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged." Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

The drafters of Rule 403 expected "unfair prejudice" to have multiple meanings. " 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., at 860 (emphasis added).

In the present case the cumulative effect of this evidence ,letters from prison, possession of militaristic weaponry, photographs of weapons, and the Defendant's preoccupation with weapons in general will exhibit to the jury an unflattering portrait of the Defendant as a career offender and cause the jury to use this as propensity evidence despite the best instruction to the contrary.

To be sure, all prior bad act evidence involves some potential for an improper propensity inference. That is why, under Rule 404(b), the possibility that a jury may infer something negative about a defendant's character or propensity to commit crime does not make the evidence inadmissible unless no permissible inference may also be drawn. See Ferrer-Cruz, 899 F.2d at 138. Under Rule 403, however, that risk of an improper criminal propensity inference should be considered in light of the totality of the circumstances, including the government's need for the evidence given other available testimony, to prove the issue identified pursuant to the 404(b) special relevance analysis. "What counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives") Michelson v. United States, 335 U.S. 469, 475-76, 69 S.Ct. 213, 93 L.Ed. 168 (1948) (footnotes omitted) ( quoted approvingly in Old Chief, 519 U.S. at 181, 117 S.Ct. 644). Despite the fairness implications of the prosecution's use of prior bad act evidence, the prosecution too often pushes the limits of admissibility of this evidence, knowing its propensity, power, and gambling that the time constraints on the trial court, the court's broad discretion, the elasticity of Rule 404(b), and the harmless error rule of the appellate court, will save it from the consequences of overreaching.

**CONCLUSION**

For the reasons as stated above the defendant is entitled to the relief requested herein.

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni

Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 23 day of June 2006.

/s/ Vincent A. Bongiorni