UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
vs.                         )        NO.   04-30034-MAP
                            )
MICHAEL CROOKER             )


## DEFENDANT'S REQUEST FOR JURY INSTRUCTION

1.    An air rifle silencer is not a firearm under the Gun Control Act. 18 U.S.C. §921(a)(3).

2.    An air rifle silencer does not necessarily constitute a "firearm silencer." 18 U.S.C. §921(a)(24).

3.    A "firearm silencer" or "firearm muffler" under the Gun Control Act is a device for silencing, muffling or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

4.    There are many kinds of "silencers" and "mufflers." Some examples include gasoline engine mufflers, air tool silencers, and paintball gun silencers. But only "firearm silencers" and "firearm mufflers" are covered by the Gun Control Act. 18 U.S.C. §921(a)(24).

5.    If you find from the evidence that the device in question was for silencing an air rifle and was not for silencing a firearm, you must acquit the defendant.

6.    Depositing an object for mailing does not alone constitute interstate commerce under the Gun Control Act; actual interstate movement is necessary. 18 U.S.C. §921(a)(2).

7.    Attempting to mail an object to another state does not alone constitute interstate commerce under the Gun Control Act; actual interstate movement is necessary. 18 U.S.C. §921(a)(2).

8.    Title 18 U.S.C. §2(b) of the Aiding and Abetting statute reads as follows;

> Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States is punishable as a principal.

That is, the defendant must have willfully caused another, in this case the Federal Agents who seized the item, to transport the item in Interstate Commerce. United States v. Gabriel, 125 F.3d 89 (2nd Cir. 199_), Ratzclaff v. United States, 510 U.S. 135 (1994). The defendant is not responsible for a Government Agent's wholly independent interstate movement of the device in question after its seizure in Massachusetts.

Respectfully submitted,

THE DEFENDANT


BY: /s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street, Ste 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040


CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to the Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 6th day of July 2006.

/s/ Vincent A. Bongiorni