UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA            )
                                    )
v.                                  )     NO. 04-30034-MAP
                                    )
MICHAEL CROOKER                     )

**MOTION FOR JUDGEMENT OF ACQUITTAL FED RULES CRIM . PRO. RULE 29**

Now comes the Defendant, by and through counsel, and moves this Honorable Court for an Order entering a Judgement of Acquittal pursuant to Rule 29 Federal Rules of Criminal Procedure, and as his basis, therefore, asserts the following:

The Defendant is charged in a single count indictment with a violation of Title 18 U.S.C. §922 (g). The indictment as drafted alleges the following language:

The Grand Jury charges:

**Count One** :  Title 18, United States Code, §922 (g) - Transportation of a firearm in Interstate Commerce by a convicted felon.

On or about and between June 8, 2004 and June 23, 2004, in Feeding Hills, MA., and elsewhere, Michael Crooker, Defendant herein, having previously been convicted of a crime punishable by imprisonment exceeding one year, knowingly did cause a firearm to travel in Interstate Commerce. All in violation of Title 18 U.S.C. §922 (g).

Title 18 U.S.C. §921(2) defines Interstate Commerce for purposes of prosecution under The Gun Owner's Protection Act.

THE FAILURE TO CHARGE A CRIME

Title 18 U.S.C. §922 (g) reads, in relevant part, as follows: "It shall be unlawful for any person ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in Interstate or Foreign Commerce."

The Defendant claims the indictment suffers from the following fatal defects; First, the indictment fails to set forth all of the essential elements necessary to charge a violation of the

transportation facet of the statute and therefore charges no crime. Secondly, the Government's evidence examined in a light most favorable to the Government fails to establish the Defendant transported a firearm in Interstate Commerce as that term is defined in Title 18 U.S.C. §921. In order to establish the Defendant transported a firearm in Interstate Commerce, the Government is required to establish the defendant actually transported the firearms or willfully caused another to do so. *See* Title 18 U.S.C. §2(b).

When an indictment fails to state an essential element of an offense it "shall be noticed by the court at any time during the pendency of the proceedings." Fed.R.Crim.P. 12(b)(2). This means that the defendant may raise the objection for the first time on appeal or that a court may raise the issue sua sponte. *See* United States v. Forbes, 16 F.3d 1294, 1297 (1st Cir. 1994); United States v. Seuss, 474 F.2d 385, 387 n. 2 (1st Cir. 1973). The second proposition is that a statutory citation standing alone in an indictment does not excuse the Government's failure to set forth each of the elements of an offense. *See* Forbes, 16 F.3d at 1297; United States v. McLennan, 672 F.2d 239, 243 (1st Cir. 1982). An indictment may incorporate the words of a statute to set forth the offense, but the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 117-18, 94 S.Ct. 2887, 41 L.Ed.2d 590 (19__).

In this case the body of the indictment sets forth a description of conduct not recognized within the statute, i.e., "causing a firearm to travel in Interstate Commerce" and the Government's evidence demonstrates an attempt to ship a firearm, and nothing more.

KNOWLEDGE AND INTENT

Because the court has adopted a "capable" or "capacity to silence" interpretation of a firearm silencer as opposed to "designed or intended," the question gets raised of whether the device in question is a firearm silencer under the first part of the silencer definition at 18 U.S.C. §921 (a)(24), or is it one of a "combination of parts" under the second part of §921(a)(24).

The evidence has failed to demonstrate that the device, in itself, is capable of attaching to and diminishing the report of a firearm. Instead, the evidence shows that it was mated to a coupling device in the ATF Laboratory and that those "combination of parts" made the device "capable" of quieting the .22 caliber Ruger pistol.

Defendant's device was custom manufactured for the metric threading of the Sam Yang Air rifle's muzzle, and accordingly, was by itself, "capable" of diminishing the report of the air rifle, but not "capable" of diminishing the report of the Ruger firearm without first combining it with other parts.

Because it was not proved that the defendant possessed or shipped, or attempted to ship, the additional parts necessary to make the air rifle device "capable" of silencing the Ruger firearm, then the air rifle device alone is but one of a "combination of parts" under Part Two of the §921(a)(24) silencer definition.

Only a complete "combination of parts" constitutes a firearm silencer under §921 (a)(24), Part Two. Furthermore, even if the defendant had shipped the complete combination of parts, the explicit statutory language of Part Two requires that those combination of parts be "designed and intended" for a firearm and not an air rifle.

The Government's evidence was insufficient to establish actual knowledge or intent to design or combine the important parts. United States v. Spinney, 65 F.3d 231 (1st Cir.1995).

THE INTERSTATE COMMERCE REQUIREMENT

The Gun Control Act's Commerce Clause at §921 (a)(2) is narrower than other commerce clause versions that can be found throughout the United States Code. For example, under §921(a)(2) a movement of a firearm between Springfield, MA. and Boston, MA., but through Hartford, CT., is excluded from the clause.

The Government has failed to prove that the defendant "knowingly" transported a firearm in Interstate Commerce. It has only been proved that he attempted to ship but was prevented in said attempt by seizure of his parcel before it could even be "inputted" into the mail system.

An attempted mailing, or even a completed mailing, does not alone satisfy the GCA's more restrictive Commerce Clause. Nowhere in the GCA's Commerce Clause does it state that mailing something, or attempting to do so, satisfies the commerce element, nor does it mention depositing a parcel with a common carrier as satisfying it.

Simply put, the GCA's narrower Commerce Clause requires movement between two states, other than between two points within a state, but through a second state.

Defendant's conduct doesn't constitute interstate transportation, and the attempted interstate shipment never came to fruition.

Accordingly, defendant did not violet the GCA's Commerce Clause "knowingly" or otherwise.

The movement of the item by Postal Inspectors after seizure of the parcel to Ohio cannot be vicariously attributed to the defendant. Even if such an interstate transportation by Federal Law Enforcement Agents after a seizure could somehow be attributed to the defendant , it was without the defendant's knowledge, and was not willful. The Agents use of the postal facilities was not in Interstate Commerce, but an accommodation they enjoy separate and apart from Interstate Commerce.

Respectfully submitted,
THE DEFENDANT

BY: /s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

## CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 7th day of July 2006.

/s/ Vincent A. Bongiorni