UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
V.                         )    CR-04-30034-MAP
)
)
MICHAEL ALAN CROOKER      )

SENTENCING STATEMENT BY THE DEFENDANT
MICHAEL ALAN CROOKER

This sentencing is a huge injustice because I have been framed for a pretended offense.

It is simply not illegal to have sound mufflers for airguns or for motorcycles or lawnmowers despite the technicality that they may be capable of being misused with a theoretical firearm.

Congress has exempted certain sound mufflers from silencer status including lawnmower and motorcycle mufflers as well as airgun and paintballgun sound moderators. It did so by restricting the silencer definition to only those devices "for silencing a portable firearm." A sound device for a Sam Yang air rifle or for a motorcycle is not a device "for" a portable firearm.

The case has come this far only because the prosecutor, in order to rope in the airgun device, has persuaded this court to do something that no court has ever done before, that is, expand on Congress' silencer definition to cover all manner of devices that have the capacity to muffle a firearm.

-2-

For a court to expand upon a tightly worded definition in the law in order to encompass innocent devices like airgun parts is a bad thing and is similar to our President misconstruing the Geneva Conventions to permit torture.

However even if the court's expansive interpretation was correct, what occurred here was something technical and without criminal intent. It is only by a <u>technicality</u> that the airgun muffler qualifies as a firearm-silencer. The court told the jury to disregard my non-intent to use it on a firearm or the fact that it was never so used. It is conceded that there was no gunshot residue though I possessed it for three years.

So I stand before the court <u>not</u> because I had criminal or evil intent, but instead due to a strict liability technicality. Prosecutor O'Regan stated during a meeting in this case:

> He made a <u>mistake</u> this time in his
> interpretation of what the law
> was on airgun silencers but the
> <u>defense of mistake</u> only applies
> to mistakes of fact and not
> mistakes of law.

Therefore I am guilty not because I am evil but only because I failed to anticipate that a judge would create a new and unexpected legal silencer definition in order to ensnare my airgun.

Since this device was only used in an innocent manner on a nonfirearm and constitutes an illegal device only due to the technicality of this court's unexpected legal interpretation,

it does not warrant even the 15-year mandatory minimum that alone could be a defacto life sentence for a 53-year old with a shortened life expectancy due to Hepatitis-C. Air rifle silencers with no criminal intent are certainly outside the heartland of the rigid 262-327 months guideline that groups for-real firearm silencers with machineguns and destructive devices such as hand grenades and anti-tank rockets, especially considering the fact that no airgun silencer case has ever been prosecuted before and this one is the first in the nation.

## ACTUAL INNOCENCE AS TO KNOWLEDGE

The court is aware that I did not know the airgun muffler would work on a firearm and that I believed it <u>wouldn't</u> <u>work</u>. It knows this due to evidence that never made it to the jury, specifically a 2001 e-mail from the dealer of the airgun muffler to myself. I had asked if it would work on a firearm "or are the firearms versions built differently?" (from the airgun versions) The answer was: "The insides will not take the flash from a firearm, it was built for AIR only." The court has this e-mail attached to an Ex Parte Affidavit marked Docket Item 124 and it was authenticated by ATF Agent Burns. I therefore question why the court allowed me to be convicted when it knew there was evidence in the court file that absolutely exonerated me on the essential knowledge element.

-4-

    Also respecting knowledge, impartial members of the public are concerned and question this court's judgment. A writer to the newspaper who doesn't even know me wrote:

> Knowing something is capable of being misused is not the same as misusing it. And in this country we are innocent until proven guilty.
>
> Letter to the Editor, July 23, 2006 entitled "Case of Michael Crooker might be worth revisiting" by David M. Dusseault of Wilbraham.

As he concludes, "it may be dangerous for anyone owning a firearm to also own a lawnmower." And I say to that: Never mind the firearm--all you have to do is own the lawnmower and if you have knowledge that its muffler can be misused on an ATF Reference Collection firearm VIA multiple ATF adapter pieces, then under this court's new ruling you are a felon even if you don't have any firearms because the lawnmower muffler will be deemed the illegal firearm.

    For the foregoing reasons, the court should depart downwards to the mandatory minimum sentence.

Respectfully submitted,

*/s/ Michael Alan Crooker/*

Michael Alan Crooker, pro se
CCI MacDougall
1153 East Street South
Suffield, CT  06080

CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that I have this date mailed copies of the foregoing to the following persons by First Class Mail:

Kevin O'Regan, AUSA
U.S. Attorneys
1550 Main Street
Springfield, MA  01103

Vincent Bongiorni, Attorney
95 State St., Suite 309
Springfield, MA  01103

Ray Hershel, Reporter
WGGB-TV40
1300 Liberty Street
Springfield, MA  01104

Stephanie Barry, Reporter
The Republican
1860 Main St.
Springfield, MA  01103

Buffy Spencer, Reporter
The Republican
1860 Main St.
Springfield, MA  01103

Adam Gorlick, Reporter
Associated Press
1391 Main St.
Springfield, MA  01103.

Dated: 10/02/2006

s/ Michael Alan Crooker
Michael Alan Crooker,
  pro se
CCI MacDougall
1153 East St. South
Suffield, CT  06080