UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
                         )
        v.               )        Criminal No. 04-30034-MAP
                         )
                         )
MICHAEL CROOKER,         )
        Defendant.       )

Government's Opposition to
Defendant's Rule 29(c) Motion

        The United States of America, by Michael J. Sullivan, United

States Attorney for the District of Massachusetts, submits this

memorandum in opposition to Mr. Crooker's Rule 29(c) motion for a

post-conviction judgment of acquittal.  As a threshold matter,

Mr. Crooker's motion is procedurally barred.  His motion also

should be denied on a substantive level because Mr. Crooker

simply reargues issues relating to mailing, the definition of a

firearm silencer and knowledge that were presented to the Court

and jury before and during his trial.  Taken as a whole and

viewed in the light most favorable to the government, the

evidence at trial was sufficient to support the jury's guilty

verdict.

1.   Mr. Crooker's Motion is Jurisdictionally Barred

        Fed. R. Crim. P. 29(c)(1) requires that a post-conviction

motion for a judgment of acquittal be made within seven days of

the jury's guilty verdict.  Since Mr. Crooker's motion was made

on August 17, 2006, thirty-seven days after the jury's verdict on

July 11, 2006, the Court does not have jurisdiction to grant his

motion.

In Carlisle v. United States, 517 U.S. 416, 421 (1996), the

Supreme Court held that the seven day filing period for a post-

conviction motion for acquittal pursuant to Rule 29(c) was

jurisdictional.  The Supreme Court stated:

> [t]here is simply no room in the text of Rules 29 and 45(b)
> for the granting of an untimely postverdict motion for
> judgment of acquittal, regardless of whether the motion is
> accompanied by a claim of legal innocence, is filed before
> sentencing, or was filed late because of attorney error.

Id.

In light of the Supreme Court's holding in Carlisle, the

Court does not have jurisdiction to grant Mr. Crooker's motion.

2.    The Trial Evidence was Sufficient

Mr. Crooker challenges the sufficiency of the evidence as

to: (1) whether he caused the package containing the silencer to

travel in interstate commerce, (2) whether the device he mailed

to Mike Paulus was a firearm silencer, and (3) whether he knew

that the device was capable of silencing a firearm.

a.    Rule 29

Under Fed. R. Crim. P. 29, a criminal conviction must be

upheld unless the evidence, and all reasonable inferences

therefrom, could not have persuaded a rational trier of fact of

the defendant's guilt beyond a reasonable doubt.  United States

v. Lopez-Lopez, 282 F.3d 1, 19 (1st Cir. 2002); United States v.

Hernandez, 218 F.3d 58, 64 (1st Cir. 2000); Fed. R. Crim. P.

29(a).  As a result, the defendant must overcome "daunting

hurdles" to justify granting a motion for judgement of acquittal.

United States v. Cruzado-Laureano, 404 F.3d 470, 483 (1st Cir.

2005).

　　　The First Circuit has elaborated on the standard for

judicial review of evidentiary sufficiency in a criminal case as

follows:

> If the evidence presented, taken in the light
> most flattering to the prosecution, together
> with all reasonable inferences favorable to
> it, permits a rational jury to find each
> essential element of the crime charged beyond
> a reasonable doubt, then the evidence is
> legally sufficient.  See Jackson v. Virginia,
> 443 U.S. 307, 319 (1979) [additional
> citations omitted].  In evaluating
> sufficiency, both direct and circumstantial
> evidence are accorded weight.  See, e.g.,
> United States v. O'Brien, 14 F.3d 703, 706
> (1st Cir. 1994).  So long as the evidence,
> taken as a whole, warrants a judgment of
> conviction, "it need not rule out other
> hypotheses more congenial to a finding of
> innocence."  United States v. Gifford, 17
> F.3d 462, 457 (1st Cir. 1994).
>
> 　　　When . . . a criminal defendant mounts a
> sufficiency challenge, all the evidence,
> direct and circumstantial, is to be viewed
> from the government's coign of vantage.
> Thus, the trial judge must resolve all
> evidentiary conflicts and credibility
> questions in the prosecution's favor; and,
> moreover, as among competing inferences, two
> or more of which are plausible, the judge
> must choose the inference that best fits the

prosecution's theory of guilt. <u>See</u> <u>United States v.
Taylor</u>, 54 F.3d 967, 974 (1st Cir. 1995); <u>United States
v. Rothrock</u>, 806 F.2d 318, 320 (1st Cir. 1986).

<u>United States v. Olbres</u>, 61 F.3d 967, 970 (1st Cir. 1995).

The trial court also must look at the whole of the evidence.
"[I]ndividual pieces of evidence, insufficient in themselves to
prove a point, may in cumulation prove it.  The sum of an
evidentiary presentation may well be greater than its constituent
parts."  <u>Bourjaily v. United States</u>, 483 U.S. 171, 179-80 (1987);
<u>see</u> <u>United States v. Cruzado-Laureano</u>, 404 F.3d at 483 (citing
<u>Bourjaily</u> in considering defendant's motion for judgment of
acquittal).

> b.    The Evidence Proved that Mr. Crooker Caused the
>        <u>Firearm Silencer to Travel in Interstate Commerce</u>

Taken as a whole and viewed in the light most favorable to
the government, the trial evidence proved that Mr. Crooker caused
the firearm silencer to travel in interstate commerce.

Mr. Crooker does not dispute that on June 7, 2004, he mailed
the package containing the silencer via parcel post from
Massachusetts to Mike Paulus in Celinas, Ohio.  Mr. Crooker
delivered the package to the Feeding Hills, MA, post office, paid
for insurance and over sixteen dollars in postage and gave the
package to a postal employee for delivery to Mr. Paulus.
Thereafter, the package was delivered by the postal service to
Mr. Paulus in Ohio on June 23, 2004.

Mr. Crooker's actions in mailing the package containing the firearm silencer from Massachusetts to Mr. Paulus in Ohio were sufficient to prove that he caused the silencer to travel in interstate commerce.  In <u>United States v. Hinton</u>, 222 F.3d 664 (9th Cir. 2000), the Ninth Circuit explained, "By bringing his package to the post office and beginning the mailing process, Hinton definitely caused the package to be transported by the United States postal system."  This action satisfied the interstate element of 18 U.S.C. § 922(g), the same statute Mr. Crooker was convicted of violating.

    c.    The Evidence was Sufficient to Prove that the Device
          Mr. Crooker Mailed to Mr. Paulus was a Firearm Silencer
          and the Mr. Crooker Knew that the Device was Capable of
          <u>Reducing the Report of a Firearm.</u>

Prior to trial, the Court held that the primary factual issues for the jury to decide would be: (1) whether the device Mr. Crooker mailed to Mr. Paulus was capable of reducing the report of a firearm and (2) whether Mr. Crooker knew that the device was capable of reducing the report of a firearm.

        i.    The Evidence was Sufficient to Prove that the
              Device Mr. Crooker Mailed to Mr. Paulus was a
              <u>Firearm Silencer.</u>

The evidence at trial that the device was capable of reducing the report of a firearm included, among other things, the physical characteristics of the device (round metal tube with passageway for bullet, baffling to reduce noise and an attachment point) and test firing by an ATF firearms examiner demonstrating

that the device actually reduced the report of a firearm.  Taken
as a whole and in the light most favorable to the government, the
evidence therefore was sufficient to prove that the device was
capable of reducing the report of a firearm.

> ii.  The Evidence was Sufficient to Prove that Mr.
>       Crooker Knew that the Device he Mailed to Mr.
>       Paulus was Capable of Reducing the Report of a
>       <u>Firearm.</u>

The evidence of Mr. Crooker's knowledge included, among
other things, the physical characteristics of the silencer itself
and his own extensive knowledge of and experience with firearms
and silencers.  Taken as a whole and in the light most favorable
to the government, the evidence therefore was sufficient to prove
that Mr. Crooker knew that the silencer he sent to Mr. Paulus was
capable of reducing the report of a firearm.

3.    <u>Conclusion</u>

For the foregoing reasons, Mr. Crooker's Rule 29(c) motion
should be denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         by:  <u>/s/ Kevin O'Regan</u>
                              Kevin O'Regan
                              Assistant U.S. Attorney

                         Date: October 17, 2006

<u>Certificate of Service</u>

October 17, 2006

    I certify that I caused the foregoing document to be served via ECF and fax on counsel for the defendant, Vincent Bongiorni, Esq., 95 State Street, Springfield, MA 01103.


                /s/ Kevin O'Regan
                Kevin O'Regan
                Assistant U.S. Attorney