```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR NO. 04-30034-MAP |
| | ) |
| MICHAEL ALAN CROOKER | ) |

<u>MEMORANDUM AND ORDER RE: PRO SE, LATE-FILED
MOTION FOR REQUIRED FINDING OF NOT GUILTY
PURSUANT TO FED. R. CRIM P. 29</u>
(Dkt. No. 166)

October 19, 2006

PONSOR, D.J.

On August 17, 2006, Defendant requested leave to file the above-entitled motion, <u>pro se</u>. The court allowed Defendant's motion, recognizing that it had previously ordered all pleadings in the case to be filed through counsel. In making this ruling, the court did not intend to suggest that it had either the power or the desire to permit the tardy filing of a motion under Rule 29.

For the following reasons, Defendant's motion is hereby DENIED.

First, the fact that the motion was filed outside the seven-day limitations period deprives the court of any

jurisdiction over the motion. See Carlisle v. United States, 517 U.S. 416, 421 (1996).

Second, the evidence presented by the government was sufficient to justify a jury in concluding beyond a reasonable doubt that Defendant caused the firearm silencer to travel in interstate commerce. See United States v. Hinton, 222 F.3d 664, 671-72 (9th Cir. 2000).

The evidence presented at trial confirmed that Defendant placed the package containing the silencer in the mail in Massachusetts for shipment via parcel post to an addressee in Ohio. Defendant paid the postage and insurance for the parcel and surrendered it to a postal employee for delivery. The package was eventually delivered by the Postal Service on or about June 23, 2004.

The fact that the parcel was intercepted by law enforcement agents in Massachusetts and that the subsequent delivery to Ohio was made under their control does not undermine the evidence that Defendant "caused" the firearm silencer to travel in interstate commerce. Viewing the facts in the light most favorable to the government, there was sufficient evidence to support the jury's verdict on this

point.

Third, the evidence offered by the government in the case was sufficient to justify a jury in concluding, beyond a reasonable doubt, that the device mailed by Defendant was a firearms silencer and that Defendant knew this. The court remains unpersuaded by Defendant's vigorously articulated argument that, before he could be convicted, the government had the obligation to prove beyond a reasonable doubt that Defendant (or someone else, perhaps, such as the maker or distributor) <u>intended</u> that the subject device be used to silence, muffle, or diminish the report of a portable firearm. The statute simply does not require this. The government produced evidence (1) that the device in question, a cylindrical metal tube with interior sound baffles and a bullet-sized aperture, was capable, with at most a minor modification, of being screwed onto an ordinary firearm, (2) that the device when used in this manner substantially reduced the report of an ordinary firearm, and (3) that Defendant, beyond a reasonable doubt, knew all of this. It is uncontested that Defendant is a convicted felon and is prohibited from knowingly possessing such a device. This was

enough. There was no further burden on the government to prove that Defendant, or anyone else, actually intended the device to be used as a firearm silencer, rather than in some other manner.

Indeed, it is hard to fathom how this sort of specific intent could be proved beyond a reasonable doubt in the face of evidence that the device had other uses. To repeat, felons are not permitted knowingly to possess a silencer; they cannot escape conviction merely by asserting that they intended to use the silencer for some other purpose.

For the foregoing reasons, Defendant's late-filed Motion Pursuant to Fed. R. Crim. P. 29 (Docket No. 166) is hereby DENIED.

It is So Ordered.

/s/ Michael A. Ponsor
_____
MICHAEL A. PONSOR
United States District Judge