Michael Crooker #33268
CCI MacDougall
1153 East Street South
Suffield, CT  06080
October 26, 2006

Hon. Michael Ponsor
United States District Court
1550 Main Street
Springfield, MA  01103

Re:  United States v. Crooker, CR-04-30034-MAP

Dear Judge Ponsor:

I am in receipt of your four-page Memorandum Decision dated October 19, 2006.

Attorney Bongiorni states that the Rule 29 motion was timely and within the seven-day period because it was made orally on July 11, 2006 and you invited it to be supplemented in paper form. Request reconsideration.

For the first time the court officially acknowledges that the alleged "silencer" was a potential dual-use item.

The court states that it would be next to impossible to prove criminal intent to use it on a gunpowder firearm "in the face of evidence that the device had other uses."

Well what about getting caught with it on a gunpowder firearm -- isn't that the way all other silencer defendants have been proved guilty?

Has the government cited a single case where a dual-use item was prosecuted as a "silencer" when no gunpowder firearms were involved?

I have posed this question repeatedly and both the court and the government refuse to provide an answer:  How do you reconcile a muffler-equipped nonfirearm air rifle with other potential dual-use items such as pillows, towels, lawnmower and motorcycle mufflers, that, under your interpretation, also constitute "silencers?"

If "capable" is the sole criteria of what constitutes a "device for silencing" under 18 U.S.C. §921(a)(24) then how do you explain ATF Silencer Expert Craze's testimony that potatoes and towels can be silencers "depending on the circumstances?"  The only possible way that can be is if "designed" or "intent" is the criteria and not "capable."
He even called potato silencers "spud silencers."

How can it be that the judge in the District of Connecticut in Alpha Mc Quinn's case used an "intended" jury instruction and not a "capable" one when a dual-use potato was alleged to be the silencer?

How can it be that the ATF Director signed ATF Ruling 2005-4 that legitimized some airgun mufflers even though the ATF Examiners were able to remove the devices and make them silence gunpowder firearms?

Why is it that "intended" and "intention" are the criteria used in ATF Ruling 2005-4 and not "capable?"

Why does this "capable" criteria only apply to the defendant Crooker and not to anyone else in the nation?

Why is it that in over 20 years of ATF encountering airgun mufflers there has never been a prosecution involving one until now and why is it that in this case the manufacturer in South Carolina, the dealer in Missouri, and the ultimate buyer in Ohio (who was caught with four of them) were not prosecuted along with myself?

The failure and refusal to answer these concerns only re-affirms my belief and allegation that I have been framed for a pretended offense because I am from the notorious Crooker family that has sued federal law enforcement many times.

There is no other logical or reasonable explanation for my being prosecuted for a Class A Felony punishable by 15 years to Life (equal to Murder in the Second Degree) for simple mailing of a possible dual-use item, when no one else in the entire nation has.

You stated at page 1: "It is uncontested that Defendant is a convicted felon and is prohibited from knowingly possessing such a device." Well it certainly is contested. I have every right to possess an airgun muffler until such time as the Congress unambiguously says that I cannot.

It is true that there can be legitimate concerns relating to dual-use items. Nuclear weapon technology comes to mind and there are treaties and laws banning long lists of dual-use items from export to rogue states. But if similar proscriptions are to be done domestically, we as Americans, are entitled to know in advance when and under what circumstances, dual-use items are to be regulated. It is called Fair Warning.

-3-

Will a Crooker next be imprisoned over Sudafed cold pills on the grounds that there is a potential dual-use for them in the manufacture of methamphetamine?

I would like for the court or the government to directly answer my entirely reasonable concerns.

Respectfully yours,

Michael Crooker, pro se

cc: Kevin O'Regan, AUSA
U.S. Attorneys
1550 Main Street
Springfield, MA  01103

Vincent Bongiorni, Attorney
95 State Street, Suite 309
Springfield, MA  01103