UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
)
v.                        )   CR-04-30034-MAP
)
)
MICHAEL ALAN CROOKER      )

RENEWED MOTION TO APPOINT NEW COUNSEL
OR THE FEDERAL DEFENDER'S OFFICE
(WITH EXHIBITS)

It would risk reversal and the need to do it all over again if the court forces the defendant to be represented by counsel at sentencing when he has documented and filed numerous and serious instances of ineffective assistance of counsel, including the failure to procure a defense expert and to subpoena the defense's star witness. See Exhibit 1 - Ineffective assistance claims from the pro se Notice of Appeal.

Even worse, subsequent to those allegations, counsel "forgot about" defendant's scheduled sentencing and did not even show up at 2 P.M. on October 20, 2006, causing the court to castigate counsel for taking on an unmanageable caseload of trials.

It now appears that new counsel is to be appointed by the First Circuit in this case. See Exhibits 2 and 3 - Letter from First Circuit and Attorney Election Form. Whoever this is to be ought to also become defendant's attorney at the sentencing.

Numerous issues involving the Presentence Report need to

be resolved. Not only does defendant contest under <u>Apprendi</u> enhancement from regular ACCA (Level 33, Criminal History IV) to NFA-Weapon ACCA (Level 34, Criminal History VI), but he now contests any ACCA enhancement at all and challenges all five alleged ACCA priors. <u>See</u> Exhibits 4 and 5 - Letters to Probation.

It is simply not "impossible" to appoint different counsel for sentencing as there is no compelling reason why there needs to be a speedy sentencing. First, there was not a speedy trial and despite defendant's four speedy trial dismissal motions and letters of complaint to the court, the court still forced defendant to be detained in excess of two years before trying him. Second, defendant is still detained and even if he is not ACCA-qualified, he faces substantial imprisonment nevertheless under the regular firearm guideline. Third, in this judicial district it is routine for defendants to go many months or years between conviction and sentencing due to delays occasioned by challenges to priors in the state courts, psychiatric examinations, cooperation with prosecutors, and a slew of other reasons. In defendant's last federal case in this District with Judge Tauro, he was convicted December 8, 1993 but not sentenced until October 11, 1994, a period of over 10 months caused by a challenge in state court to a prior. Here it has now been only 4 months.

-3-

If the court doesn't want to appoint counsel (appellate or otherwise) to represent the defendant at sentencing, then the court should alternatively appoint the Federal Defender for the District of Massachusetts to do it.

Respectfully submitted,

*Michael Alan Crooker*

Michael Alan Crooker, pro se
CCI MacDougall
1153 East Street South
Suffield, CT  06080

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date mailed copies of the foregoing to Kevin O'Regan, AUSA, U.S. Attorneys, 1550 Main Street, Springfield, MA 01103 and Vincent Bongiorni, Attorney, 95 State Street, Suite 309, Springfield, MA  01103.

Dated:  November 14, 2006          s/ *Michael Alan Crooker*