3164. This included four successive motions to dismiss on speedy trial grounds. Simply put, had the prosecutor not abused the Automatic Discovery rules, this case would have been tried on November 7, 2005 and there would not have been the unavailablity of defendant's star witness who was available November 7, 2005 but became unavailable by 8 months later for the June-July, 2006 trial.

See Docket Items 49, 50, 53 (Letters); Item 101 Defendant's Motion to Dismiss Due to Deprivation of Speedy Trial and Prosecutorial Misconduct Related Thereto; Item 103 Defendant's Renewed Motion to Dismiss Due to Deprivation of a Speedy Trial and Violation of 18 U.S.C. 3164; Item 119 Defendant's Third Pro Se Motion to Dismiss Due to Deprivation of a Speedy Trial/Prolonged Detention, Item 121 Government's Opposition to Further Additional Motions, Item 139 Renewed Motion for Rule 16 Sanctions; Item 144 Government's Supplemental Opposition to Outstanding Pretrial Motions, Item 145 Defendant's Fourth Motion to Dismiss Due to Deprivation of Speedy Trial (Caused by Government Misconduct); Item 149 Defendant's Closing memorandum Regarding Outstanding Motions; Item 150 Government's Opposition to Fourth Speedy Trial Motion; Item 151 Memorandum and Order Re: pending Pretrial Motions.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### FAILURE TO PROCURE A DEFENSE EXPERT ON SILENCERS

Defendant requested dozens of times both orally and in writing, including many repeated and updated "to-do" lists, to find a defense expert. These requests spanned at least 6-9 months prior to the trial. Counsel failed to do so.

### FAILURE TO FIND AND SUBPOENA MARTIN MACNAUGHTON, THE DEALER OF THE DEVICE IN QUESTION WHO HAD IT MANUFACTURED FOR THE AIR RIFLE

Defendant requested dozens of times both orally and in writing, to issue a subpoena to Mr. MacNaughton. Mr. MacNaughton was not likely to take the Fifth because he freely spoke to ATF Agent Burns in November, 2004 admitting that he was hired to design a sound muffler for the air rifle and that he subcontracted that task out to a Roy Katsen before selling it to the defendant. MacNaughton would have testified that the device was specifically made for the air rifle and that he told the defendant it would not work on a powderburning firearm. Counsel spoke to MacNaughton at one time but misplaced his telephone number. Then, during the week of trial, counsel tried to call MacNaughton at the cell phone number he had when he had spoken to Agent Burns in 2004—that cellphone by then had been inactivated. So counsel gave up and did nothing more.

### FAILURE TO INTRODUCE VIA ATF AGENT BURNS THE MACNAUGHTON EMAILS

The government found a series of e-mails in the Steven Crooker residence search between MacNaughton and the defendant in which the sound device is ordered for the air

16 *Exh. 1*



rifle and pictures of the air rifle and its dimensions are given to enable the device to be designed and manufactured. Also the money order receipts in payment were attached and a statement by MacNaughton is made where he instructs that the device is built for air only and cannot work on a real firearm. The government wisely chose not to introduce this exculpatory evidence. But the defendant wanted it introduced. It was a centerpiece of the defendant's defense yet counsel simply forgot to get it introduced.

### LACK OF INTERSTATE COMMERCE – FAILURE TO ARGUE THAT DEFENDANT DID NOT "DIRECTLY CAUSE" INSPECTOR DAILEY'S INTERSTATE SHIPMENT OF THE DEVICE TO THE POSTAL INSPECTOR'S OFFICE IN CLEVELAND, OHIO

Counsel was supposed to argue this very important point to the jury but forgot.

### COUNSEL FAILED TO REQUEST LESSER INCLUDED INSTRUCTIONS

Defendant requested counsel to ask for lesser-included instructions of 18 U.S.C. 371 Conspiracy by a Felon to Transport a Firearm in Interstate Commerce, 18 U.S.C. 922(e) Unlawful Delivery of a Firearm to a Common Carrier, and 18 U.S.C. 1715 Knowingly Depositing for Mailing a Concealable Firearm which carried penalties of 0-5 years, 0-5 years, and 0-2 years respectively as opposed to 15 years–Life. Counsel failed to so request and the evidence would support one or more of these lesser-included offenses.

### COUNSEL PARTICIPATED IN A CHARGING CONFERENCE WITHOUT THE PRESENCE OF THE DEFENDANT

On July 10, 2006 defendant arrived in the courtroom only to discover that a Charging Conference had just concluded. Defendant, who has taken an active role in the defense and who authored most of the motions in the case word for word, had previously instructed counsel not to partake in any proceedings without him. Defendant himself authored most of the requested jury instructions including the pro se filing of Docket Item 82 Defendant's Proposed Jury Instructions on "Silencer."

### COUNSEL FAILED TO ISSUE SUBPOENAS TO TWO POLICE OFFICERS ON ATV PATROL

Defendant requested counsel to issue subpoenas to two ATV Patrol Officers who on May 18, 2004 encountered in a remote forest the defendant with a female target shooting with the alleged "silencer" tipped air rifle. These police officers who knew of defendant's former felon status examined the rifle and actually fired it after defendant offered to, and did turn it over to them to prove that it was legal. Counsel forgot to obtain the subpoena forms and never issued them.