```
                                    Michael Crooker #33268
                                    CCI MacDougall
                                    1153 East St. South
                                    Suffield, CT  06080
                                    November 1, 2006
```

Richard Rinaldi, USPO
U.S. Probation Office
1550 Main Street
Springfield, MA  01103

Re:  USA v. Crooker, CR-04-30034-MAP

Dear Sir:

I now have your Third Revised Presentence Report under a cover letter dated October 25, 2006.

Since I am not sure if I even have an attorney at this moment, it is requested that you respond to the following objections directly to me.

Par. (14)(Line 6) -- There is no such provision as 18 U.S.C. §921(c).  What they mean is 18 U.S.C. §921(a)(3)(C).

Par. (23)(28)(30)(32)(33)(52)(104) -- Apprendi issue. Enhancing me from regular ACCA to Super-ACCA (Criminal History Category IV to VI and Offense Severity from 33 to 34) is improper because there was never an allegation in the indictment, or a finding by the jury that the "generic firearm" with which I was tried for was of the type listed in 26 U.S.C. §5845(a). The jury was confused and after 8 hours of deliberation asked for a better definition of firearm, that the judge refused to provide. The defense's request for a jury instruction that an air rifle was not a firearm was also refused and this could have caused the jury to find me guilty based upon the air rifle and not on the air rifle sound muffler. There was extensive evidence presented that the air rifle could shoot through steel, had power and velocity characteristics superior to some gunpowder firearms, and shot huge slugs that were introduced. The jury could have mistakenly thought that a violent discharge of compressed air might constitute "expelling a projectile by the action of an explosive." The 19 pages of Jury Instructions does not even mention the words "airgun" or "air rifle."

Par. (44)(47)(50)(51) -- Consolidation issue. Welfare fraud (44) and Credit Card Fraud (47) are based upon the same arrest date, were consolidated for disposition, and resulted in sentences concurrent with one another. While being arrested on an outstanding warrant for welfare fraud on July 16, 1984 credit cards in the name of Michael Robinson were found resulting in further fraud charges.

Exh. 4

Par. (36) -- It was Los Angeles County Superior Court at Long Beach, <u>not</u> Superior Court, Los Angeles. It was Long Beach PD, <u>not</u> Los Angeles Sheriff's Office. <u>See</u> FBI Rap Sheet.

Par. (39) -- It was "Committed in lieu of $100 Fine," <u>not</u> Time Served. <u>See</u> FBI Rap Sheet.

Par. (49) -- It <u>still</u> says $73,377 restitution when that was a mistake and was <u>later</u> <u>vacated</u> by Judge Tauro.

Par. (73) -- It was February, 1991, <u>not</u> April, 1991.

Par. (94) -- Plus approximately $100 per week in unreported <u>tips</u>.

Par. (114) -- If the Special Assessment is not waived I am requesting that it be court-ordered that I do not have to pay it unless this case is <u>affirmed on appeal</u>.

I look forward to your response.

                                                Sincerely yours,

                                                *Michael Crooker*

                                                Michael Crooker, pro se

cc:  Kevin O'Regan, AUSA
     U.S. Attorneys
     1550 Main Street
     Springfield, MA  01103

     Vincent Bongiorni, Attorney
     95 State St., #309
     Springfield, MA  01103