Michael Crooker #33268
CCI MacDougall
1153 East Street South
Suffield, CT  06080
November 7, 2006

Richard Rinaldi, USPO
U.S. Probation Office
1550 Main Street
Springfield, MA  01103

Re:  United States v. Crooker, CR-04-30034-MAP

Dear Sir:

In addition to my prior pending PSR challenges (see letters dated November 1, 2006 and October 25, 2006), I am now challenging your Par. (52); qualification of ACCA predicates.  Besides the issue under Apprendi relating to enhancement from regular ACCA to Super ACCA (for an NFA weapon), I now challenge all five alleged ACCA predicates and claim that I am not even a regular ACCA case, let alone a Super ACCA.

Some of these issues were identified by former attorney Bongiorni.  As with the November 1, 2006 letter, I am requesting a direct response to this since I am now without counsel.

Par. (35) Armed Robbery at age 16 on December 13, 1969.

This was a juvenile offense and there was not a juvenile transfer hearing held.  Further, I was prosecuted on a "common venture theory" in that I accompanied an adult who was actually the armed person.

Under 18:924(e)(2)(B) not only does the offense have to statutorily qualify as a "violent felony," but if the act occurred as a juvenile there is a further requirement that the juvenile actually carried the firearm, knife, or destructive device.

Since it was Francis Picard, an adult, who carried the alleged firearm in the robbery of Bernardo Garcia, then this offense as a juvenile simply doesn't qualify as an ACCA predicate.

Picard was convicted in a jury trial and Garcia testified that he was the armed person.

Par. (38) Burglary at age 18 on December 16, 1971.

CCI-MacDougall Correctional Counselor Supervisor Martucci did a search of records of the Massachusetts CORI, State of Connecticut, and "FBI Rap Sheet" in a classification assessment.

Exh. 5

-2-

She told me (and hence would attest) that I have no arrests or criminal history in the State of Connecticut. While I do have a very old Connecticut DOC Inmate Number, this was determined to have been caused by the charges that created that number subsequently being expunged or nolled.

Therefore official records of the State of Connecticut Department of Corrections do not support my conviction for Burglary.

Par. (41) Possess w/intent to Distribute Class B Amphetamines and Barbituates in 1976 at age 22.

I was charged with generic classes of drugs, barbituates and amphetamines. This does not qualify as a "serious drug offense" within the meaning of 18:924(e)(2)(A)(ii) "a controlled substance (as defined in Section 102 of the Controlled Substances Act (21 U.S.C. 802))." No particular substance was ever identified in the charging documents, such as "methamphetamine," "methamphetamine hydrochloride," "seconal" or "sodium seconal."

Further, in 1976 there may not have been mandatory minimums and House of Correction 2 1/2 years may have been the maximum penalty for a first offense.

Par. (43) Threatening Communications at age 22 in 1976.

Threatening communications under both 18:876 and 18:877 can include threats to injure reputations, property, or to accuse persons of crimes. This is analgous to the case Linda Thompson took to the Supreme Court where "breaking and entering" can include the nonviolent crimes of burglary of a boat or vehicle. USA v. Sheppard. Accordingly the generic offense of "threatening communications" cannot qualify under 18:924(e)(2)(B)(i) because it does not necessarily involve the threatened use of physical force against the person of another.

Possession Machinegun at age 31 on or before July 16, 1984.

Machinegun offenses can include a single part (conversion piece) under federal law and under state law. In my case no firearm was ever seen or seized. The charge was based upon a device, half the size of a man's thumb, called an "AR15 Drop-In Auto-Sear" that was seized from me in a residence search on July 16, 1984. While the U.S. Parole Commission found me not-guilty of a machinegun charge based upon this device that they examined at the hearing, I later pled guilty to it in a plea agreement.

-3-

The simple possession of a contrivance half the size of a man's thumb that will fit in a watch-pocket does not qualify under 18:924(e)(2)(B)(ii) as "involving conduct that presents a serious potential risk of physical injury to another." Such a finding cannot be made without "piling inference on inference," i.e. the device would have been installed into a Colt AR-15 rifle, would have operated as designed to cause full automatic fire, then that rifle would be used in some crime of violence and not in nonviolent target shooting. Piling inference on inference in gun cases is not permitted. See United States v. Sanders, 240 F.3d 1279, 1282-83 (10th Cir. 2001).

I look forward to your response and further revision of the PSR.

                                  Sincerely yours,

                                  *[signature]*

                                  Michael Crooker, pro se

cc:  Kevin O'Regan, AUSA
     U.S. Attorneys
     1550 Main Street
     Springfield, MA  01103

     Vincent Bongiorni, Attorney
     95 State Street, #309
     Springfield, MA  01103