```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA**        )
                                    )
           v.                       )   NO. 04-CR-30034-MAP
                                    )
**MICHAEL ALAN CROOKER**             )


<u>ORDER RE: PRO SE FILINGS</u>

November 30, 2006

**PONSOR, D.J.**

On November 2, 2006, the court, in response to a number of <u>pro se</u> filings in this case, issued an order indicating that it would "persevere in its policy of declining to consider anything submitted by Defendant, <u>pro se</u>, and will rely with regard to all issues in this case on the written and oral submissions of Defendant's highly competent, and very patient, attorney." The reason for the court's position is its concern that Defendant's rights may be compromised by conflicting submissions and confusion arising with regard to the state of the record.

On November 3, 2006, counsel of record for Defendant filed a Motion to Withdraw, stating in conclusory terms that "there has been a breakdown in the relationship between

attorney and client." (Dkt. No. 181.) The court denied this motion on November 3, 2006, stating that "the delays the sentencing has already suffered make replacement of counsel impossible."

In denying the motion, the court did not state, but had in mind, the fact that both counsel and Defendant had been before the court on October 20, 2006, the date originally set for sentencing. Counsel for Defendant at that time announced to the court that he was unprepared to go forward, but neither defense counsel nor Defendant indicated any difficulty in their relationship. Indeed, the court had thoroughly prepared for the sentencing on the assumption that it would go forward.

In order to accommodate counsel, the sentencing was continued to December 15, 2006. This date is over five months after the return of the guilty verdict on July 11, 2006, in this relatively simple, one-count case. No adequate justification has been offered to support withdrawal of counsel or postponement of the sentencing beyond the current date.

Despite its November 2, 2006 order, the court has continued to be peppered with letters and motions from

Defendant, pro se. As the court has already indicated, it will not consider any submissions unless they are by, or through, counsel. As the court has indicated before, it has no objection to Defendant making submissions to defense counsel, which are then submitted over counsel's signature. The court has no desire to compromise Defendant's full expression of his position, providing that communications to the court come from only one source. As noted, any other approach risks confusion and compromise of Defendant's rights.

It is So Ordered.

_____
MICHAEL A. PONSOR
United States District Judge