UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR NO. 04-30034-MAP |
| ) | |
| MICHAEL ALAN CROOKER ) | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTIONS TO FIND
U.S. MARSHALS SERVICE IN CONTEMPT
AND DEFENDANT'S RENEWED PRO SE MOTION FOR CONTEMPT
(Dkt. Nos. 98, 111, & 177)

November 30, 2006

PONSOR, D.J.

Defendant faced criminal charges before this court, was found guilty following a jury trial, and now awaits sentencing. Prior to his trial, Defendant was detained for a period of time at the Wyatt Detention Facility d/b/a Cornell Corrections, Inc. ("Wyatt").

According to Defendant, during his period of confinement at Wyatt, the facility received checks in Defendant's name, misappropriated them and refused to turn them over to Defendant. As a result, according to Defendant, he lost some $435.00.

On November 10, 2005, Defendant filed a motion for an

order requiring the U.S. Marshals Service to restore these funds. The motion was not opposed, and the court allowed it.

Despite the court's ruling, the funds were not restored, and on March 22, 2006, Defendant, pro se, filed a motion to find the U.S. Marshals Service in contempt for failure to comply with the court's order. An identical copy of this motion was filed through Defendant's counsel on April 13, 2006.[1]

On May 8, 2007, the government filed an opposition to the Motion for Contempt, acknowledging its oversight in failing to oppose the original motion, or to report the U.S. Marshal Service's alleged inability to comply with the court's order that the funds be returned. The government's response offered two arguments. First, the government stated that Wyatt was an independent contractor and that the U.S. Marshals Service did not have "any control over the commissary accounts at Wyatt." (Dkt. No. 121, Gov't Opp'n to Further Mots. at 6) In addition, the government took the position that Defendant's efforts to recover his funds were not appropriate as part of

---

[1] Throughout this criminal case, overlapping motions both from Defendant, pro se, and from Defendant's counsel have plagued the process.

2

this criminal case. Defendant's invocation of the All Writs Act, 28 U.S.C. § 1651(a), as a basis for jurisdiction, according to the government, was invalid. The government recognized that there was a genuine dispute between Defendant and Wyatt, but that Defendant's remedy was an independent civil action and not a motion for relief appended to this criminal case.

The controversy with regard to the status of Defendant's funds at Wyatt arose during the pre-trial phase of Defendant's trial in the midst of a blizzard of motions directly related to the criminal trial. The court indicated at that time, that once the criminal trial was concluded, it would address the issue of Defendant's claim for the wrongfully retained funds.

On November 2, 2006, Defendant filed a renewed pro se Motion for Contempt (Dkt. No. 177), which again has not been opposed. Rather than requiring the government to file its opposition, however, the court will assume that the government continues to take the legal and factual position set forth in its original opposition to Defendant's earlier motion for contempt. This approach has the benefit of speeding resolution of the matter.

Defendant's motion raises disturbing issues. If his allegations are believed, the government's private contractor has engaged in self-help to reimburse itself for alleged damages caused by Defendant by simply appropriating funds to which Defendant is entitled, without any due process. Of course, in making this analysis, the court is aware that the facility itself has not had an opportunity to present its side of the argument, and that some explanation may emerge at the proper time. On its face, however, Defendant's claim appears to merit careful consideration. It is especially disturbing that Wyatt may have violated Defendant's due process rights, and that the government may be attempting to place itself beyond the grasp of any claim by Defendant by offering the technical defense that Wyatt is an independent contractor and that, despite the responsibility of the U.S. Marshals Service to oversee the contractor, no recourse is available against the government.

Despite these concerns, the court is persuaded that this controversy is not properly within the purview of this criminal case. To the extent that Defendant deserves some remedy, he may seek it through an independent civil action.

For the foregoing reasons, Defendant's various Motions for Contempt (Dkt. Nos. 98, 111 & 177) are hereby DENIED, without prejudice to initiation of an appropriate civil lawsuit.[2]

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge

---

[2] Having ruled that as a technical matter Defendant's claim does not belong in this criminal case, the court cannot help observing that a prudent and sensible resolution of this matter might simply entail the return of some or all of Defendant's funds. With this in mind, the court hereby orders counsel for the government to, once more, make inquiry with the Wyatt Detention Facility and attempt an informal resolution of this matter. Along these lines, the court must observe that the issue being raised by Defendant appears to be more than colorable. Counsel for the government will report to this court, in writing, no later than December 21, 2006 with regard to his efforts at informal resolution.

5