UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.   ) | NO.  04-30034-MAP |
| ) | |
| MICHAEL CROOKER ) | |

**DEFENDANT'S FURTHER OBJECTIONS TO REVISED PRESENTENCE REPORT**

    Now comes the Defendant, by and through counsel, and makes the following objections to the *revised* Presentence Report:

    **Paragraph (35)** - Armed Robbery Connection: Defendant's objection - the armed robbery charge was committed while the defendant was a juvenile without a juvenile transfer hearing. Pursuant to Title 18 U.S.C. §924e(2)(B) this conviction not only must qualify as a violent felony, but also requires proof the juvenile actually carried the firearm, knife, or destructive device and was not merely a joint criminal adventurer.

    **Paragraph (38)** - Burglary occurring December 16, 1971. Defendant caused a criminal records check to be made of State of Connecticut Department of corrections. Information received by the Defendant attests to the fact Defendant has no Criminal History within the State of Connecticut. Defendant has an inmate number in the State of Connecticut which relates to charges which were nolle prosequi or expunged. Defendant asserts the official records of State of Connecticut do not support the Defendant having been convicted of burglary.

    **Paragraph (41)** - Possession with intent to distribute Class B substance. The Defendant's objection. The indictments reflected in the PreSentence Report at paragraph 44 may not be used to enhance a sentence for a violation of the 18 U.S.C. §942(g) under Title 18 U.S.C. §924(e) insofar as the PreSentence Report fails to establish by credible evidence that the state law conviction qualifies as a serious drug offense in that the offense charged in the indictment involved a controlled substance defined under Title 21 U.S.C. §802 and that the maximum term of 10 years or more was prescribed by law.

    **Paragraph (43)** - Conspiracy to Mail Threatening Communication. Defendant's objection. Pursuant to Title 18 U.S.C. §876, 877 threatening communication may include threats to injure reputation, property, or to unjustly accuse another of committing a crime. Accordingly,

the generic offense of "threatening communications" cannot qualify as predicate "conduct felony" under §924(e) in that it did not involve the threatened use of force against another. Shepard v. U.S., 544 U.S. 13 (2005).

**Paragraph (46)** - Possession of a Machine Gun on or before July 16, 1984. The Defendant's conviction was predicated upon the possession of an "AR 15 Drop-In Auto Sear." This device could be used to convert a conventional AR-15 rifle to permit automatic firing. It was not found with the weapon necessary to it, and the device would need to be installed in an actual weapon, would have to operate as described and thereafter used in a violent manner. This conviction does not qualify as a predicate offense under §924(e)(2)(B)ii as violent conduct that presents a serious risk of physical injury to another. See United States v. Sanders, 240 F.3rd 1279 1282-83 (10th Cir. 2001).

**Paragraph (52)** - Armed Career Criminal. Defendant's objection under Title 18 U.S.C. §922(g) a violation of said section is punished by a maximum term of not more than 10 years. Section 924(e)(1) permits a minimum sentence for a violation of §922(g) of 15 years where a Defendant has previously been convicted of any combination of violent crimes or serious drug offenses. The definition of terms used under the U.S.S.G. guidelines differs from the definition used under its statutory counterpart §924(e). The Guidelines Commentary Application notes No. 1 states a Defendant who possess a firearm of a "type described in Title 26 U.S.C. §5845(a) or who has a prior conviction for possessing a firearm so described results in an Offense Level 34 and a Criminal History Category VI under U.S.S.G. 4B1.4. The Defendant objects to this enhancement insofar as the prior state machine gun possession charge, paragraph 46, and the offense of conviction do not establish the weapon which was the subject of the state conviction, and the instant indictment was a firearm as that term is defined in Title 26 U.S.C. §5845(a).

**Paragraphs (23) (28 (30) (32) (33) (52) (104)** - Consolidated Objection. The Defendant objects to the above referenced section of the PreSentence Report. The Defendant believes the enhancements to the Defendant's Criminal History and Offense Severity Level is improper in that the indictment contains no allegation, nor any finding by the trial jury that the generic "firearm" the Defendant was charged with transporting was of the type described in Title 26 U.S.C. §5845(a). Apprendi v. New Jersey, 530 U.S. 466 (2000).

**Paragraphs (44) (45) (47) (50) (51)** - Consolidated Objection - Consolidation issue - Welfare Fraud (44) and Credit Card Fraud (47) are based on same arrest date, common scheme and plan, and consolidated for disposition. Defendant was arrested on warrant for Welfare Fraud July 16, 1984. Credit cards found on his person resulted in additional charges, all of the offenses charged in these paragraphs resulted.

**Paragraph (36)** - Defendant's objection - It was Los Angeles county Superior Court at Long Beach, **not** Superior Court, Los Angeles.it was Long Beach P.D., **not** Los Angeles Sheriff's Office. See FBI Rap Sheet.

**Paragraph (39)** - It was "committed in lieu of $100.00 fine," **not** Time Served. See FBI Rap Sheet.

**Paragraph (49)** - Defendant's objection - $73,377.00 restitution was vacated by Judge Tauro.

**Paragraph (73)** - Defendant's objection - It was February 1991 **not** April 1991.

**Paragraph (94)** - Defendant's objection - Plus approximately $100.00 per week in unreported tips.

**Paragraph (114)** - If the Special Assessment is not waived, Defendant is requesting that it be court ordered that Defendant does not have to pay it unless this case is affirmed on appeal.

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to the Assistant United States Attorney, Kevin O'Regan, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 8th day of December 2006.

/s/ Vincent A. Bongiorni