UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
           v.            ) CR NO. 04-30034-MAP
                         )
MICHAEL ALAN CROOKER     )

MEMORANDUM AND ORDER REGARDING
RECONSIDERATION OF MOTION TO WITHDRAW
AND MOTION TO APPOINT COUNSEL

December 14, 2006

PONSOR, D.J.

On November 3, 2006, this court entered an order denying Defendant's pro se Motion to Appoint New Counsel for Sentencing (Dkt. No. 174) and denying current counsel's Motion to Withdraw (Dkt. No. 181). Part of the court's rationale for denying the motion was the fact that counsel had appeared on October 20, 2006 for sentencing. At that time defense counsel was unprepared to go forward, but neither Defendant nor Defendant's counsel indicated any need for appointment for new counsel or justification for withdrawal of current counsel. It appeared that the later-filed motions were simply an attempt to buy time.

On December 1, 2006, the Court of Appeals for the First

Circuit returned its decision in the case of <u>United States of America v. Gafney</u>, No. 05-1735 (1st Circuit, December 1, 2006). The discussion in that decision alerted the court to issues that might justify reconsideration of Defendant's Motion to Appoint Counsel and Defendant's current counsel's Motion to Withdraw. With this in mind, the court contacted the Federal Public Defender to ascertain her willingness to accept an appointment, if the court determined that one was appropriate. The Federal Public Defender indicated that she would be willing to accept the appointment, if the court chose to make it.

The purpose of this memorandum is to notify both counsel for the government and for Defendant that the court is willing, at the currently schedule sentencing hearing on December 15, 2006 at 2:00 p.m., to reconsider the issue of current counsel's withdrawal and the appointment of the Federal Public Defender to represent Defendant at a later sentencing date. This willingness of the court to reconsider should not be interpreted necessarily as a firm commitment to allow either of these motions. At the same time, the court will be willing to hear argument, both from defense counsel

and from the government, as well as comments from Defendant himself, regarding on-going representation of Defendant.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge