UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>MICHAEL CROOKER,    )<br>    Defendant.    ) | Criminal No. 04-30034-MAP |

Government's Opposition to
Reconsideration of the Court's Denial of
the Defendant's Motion for Substitution of Counsel

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in opposition to reconsideration of the Court's denial of Mr. Crooker's request for substitute counsel.

In United States v. Gaffney, No. 05-1735 (1st Cir., December 1, 2006), the First Circuit affirmed the District Court's denial of the defendant's motion for a continuance so that he could consult with new counsel. The Court of Appeals in Gaffney did not decide the substantive issue presented in this case - whether under the facts of a particular case the Court should appoint substitute counsel for a defendant.

The Court of Appeals will review a district court's denial of a motion for substitution of appointed counsel using an abuse of discretion standard. United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The appellate court will consider a number of factors:

> including the timeliness of the motion, the
> adequacy of the court's inquiry into the
> defendant's complaint, and whether the
> conflict between the defendant and his

>      counsel was so great that it resulted in a
>      total lack of communication preventing an
>      adequate defense.

Id. See United States v. Mota-Santana, 391 F.3d 42, 47-48 (1st Cir. 2004)(affirming denial of motion to substitute counsel); United States v. Myers, 294 F.3d 203, (1st Cir. 2002)(affirming denial of appointed counsel's motion to withdraw prior to sentencing); United States v. Woodward, 291 F.3d 95, 108 (1st Cir. 2002)(affirming denial of motion to substitute counsel)

Good cause for substitution of counsel:

>      cannot be determined "solely according to the
>      subjective standard of what the defendant
>      perceives." [Allen, 789 F.2d] at 93 (quoting
>      McKee v. Harris, 649 F.2d 927, 932 (2d Cir.
>      1981))).  Loss of trust, standing alone, is
>      insufficient; rather, "[t]he defendant must
>      provide the court with a legitimate reason
>      for his loss of confidence."  Id.

Woodward, 291 F.3d at 108.

In this case, the issues raised by Mr. Crooker in his notice of appeal and other filings relate primarily to issues that were argued with vigor and skill before, during and after the trial by the defense team, including both Mr. Bongiorni and Mr. Crooker. The limited number of ineffective assistance of counsel issues raised by Mr. Crooker all relate to the trial of the case and eventually will be litigated in a separate collateral attack on his conviction via a habeas corpus petition.

The only remaining procedural step in Mr. Crooker's case before this Court is his sentencing.  Mr. Crooker has submitted

through Mr. Bongiorni a plethora of objections to the presentence report and the Probation Office has responded with four addenda to the PSR. Neither Mr. Crooker nor Mr. Bongiorni have explained what additional steps need to take place in preparation for Mr. Crooker's sentencing by substitute counsel.

In a case procedurally similar to this one, the First Circuit affirmed the district court's denial of defense counsel's motion to withdraw prior to sentencing. <u>United States v. Myers</u>, 294 F.3d at 208. The Court of Appeals explained that the issues for sentencing "bore no relationship to the 'trial-type' issues that had produced rancor between attorney and client." <u>Id.</u> Similarly in this case, Mr. Crooker's disagreement with Mr. Bongiorni relates to the trial of his case and not to the issues raised by his sentence.

In the end, neither Mr. Crooker nor Mr. Bongiorni have demonstrated that there is a conflict between them that is so great that there is a total lack of communication preventing them from going forward with the sentencing. To the contrary, the record reflects that all of Mr. Crooker's sentencing issues have been presented by Mr. Bongiorni to the Probation Office and the Court. There is no reason to believe that Mr. Bongiorni will not be able to argue effectively Mr. Crooker's legal and factual issues at sentencing. Moreover, Mr. Crooker will have an opportunity to make his own arguments.

In the absence of a sufficient showing of a conflict between the defendant and counsel, the government respectfully requests that the Court proceed with sentencing Mr. Crooker today.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

by:  /s/ Kevin O'Regan
     Kevin O'Regan
     Assistant U.S. Attorney

Date: December 15, 2006

Certificate of Service

December 15, 2006

I certify that I caused the foregoing document to be served via ECF and fax on counsel for the defendant, Vincent Bongiorni, Esq., 95 State Street, Springfield, MA 01103.

        /s/ Kevin O'Regan
        Kevin O'Regan
        Assistant U.S. Attorney