UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
v. ) CR-04-30034-MAP
)
)
MICHAEL ALAN CROOKER )

DEFENDANT CROOKER'S SUPPLEMENTAL SENTENCING STATEMENT
UNDER RULE 32(c)(3)(C) RIGHT TO ALLOCUTION
(SUBMITTED FOR SCHEDULED SENTENCING
OF 2 P.M. ON MAY 23, 2007)

Defendant supplements his previously filed Sentencing Statement from last year (Docket Item 168) as follows:

ENTRAPMENT

I feel tricked both by the government and by the court as I have gone to considerable lengths in research, study, lawsuit-filing and writing to determine what exactly I can and cannot lawfully possess under the Gun Control Act of 1968.

This very court issued a decision in 1999 concerning exempted obsolete ammunition in the case of Crooker v. Magaw, Director ATF, 41 F.Supp. 2d 87 which ruled:

> Citing the government's history of prosecuting him and his brother in cases involving firearms, plaintiff asserts that he will without a doubt be prosecuted if he makes a mistake about what he can lawfully possess. In this court's view, however, plaintiff's fear is simply too speculative to confer standing. <u>Administrative agencies do not have an enforceable obligation to provide an advisory as to whether conduct X violates statute Y.</u> (emphasis added)

How then I ask, can I be held to a strict-liability standard over the legal status of a particular airgun muffler when this court has declared that I have no right to an advance advisory opinion and simply must risk a possible sentence up to Life Without Parole. This appears to be deceit designed to condemn the Crookers due to our activism in challenging the government.

The court not only ruled in the <u>Magaw</u> decision that we could not ascertain in advance what does and does not violate the law, and that we must gamble with our lives as to how the court will ultimately decide **only after an arrest has occurred**, but the court also issued an <u>injunction</u> in that case protecting the ATF from further similar Crooker lawsuits that demand such answers.

And to add further insult to injury, the court in this case gave a "wilfull blindness" jury instruction that dispensed with the required knowledge element and permitted the jury to convict if it found that I "closed my eyes" to the probability that this airguu muffler would be considered to be a dual-use "firearm silencer." So on one hand, the court declares that ATF has no obligation to provide an advisory as to whether an object is unlawful to possess, but at the same time says that nevertheless Crooker can be deemed to have "closed his eyes" and made himself "wilfully blind" to the fact that the device would be held to be unlawful. What happened to the Fair Warning Doctrine that is supposed to be firmly established in the law?

## MY BELIEF WAS A REASONABLE ONE

My belief in the "intent" versus "capable" interpretations of the statutory definer "device for silencing a firearm" was very reasonable because:

> No one has ever been prosecuted in 37-years of law enforcement under the Gun Control Act of 1968 for an airgun silencer;
>
> The "intended" interpretation is the logical one using the common English dictionary definition of the word "for," and
>
> A "capable" interpretation creates an absurd result and necessarily makes all bed pillows and oil filters, standing alone, to be firearm silencers, even when no firearm is possessed and the items are used for their intended purposes.

The court in response to my arguments stated:

> But this kind of reducio ad absurdam could be used in many contexts where the law presumes a modicum of good sense.

But the law **does not** presume a modicum of good sense. The U.S. Supreme Court has repeatedly, again and again throughout the decades, struck down the interpretations of statutes even when the text was unambiguous, by conjuring up extreme hypotheticals where innocent persons could be swept up. See "Not Guilty by Reason of Blamelessness: Culpability in Federal Criminal Interpretation" 85 Va.L.Rev. 1021. When a statute can be read two ways, one with an absurd result and one without, the

Supreme Court teaches that the correct interpretation is the one that produces no absurdity.  See "The Absurdity Doctrine" 116 Harv.L.Rev. 2387 and "The Mercy of Scalia: Statutory Construction and the Rule of Lenity" 29 Harv.C.R.-C.L. L. Rev. 197.

## SELECTIVE PROSECUTION

In 37-years of law enforcement under the Gun Control Act of 1968 there has been hundreds of thousands of prosecutions but **no one but myself** has ever been prosecuted over an airgun muffler.  No one before me or since.  It is truly a unique prosecution.

However the hurdles to obtaining dismissal on selective prosecution grounds are too high.  For it is not enough to show only that no one else has been prosecuted or that many others were not prosecuted.

But Attorney Watkins is correct that the Guidelines and Booker do permit a court at sentencing to ameliorate a selective prosecution situation.

The reason we are here today is because of the following lawsuits (and many others) brought by myself or my family and provide the motivation to bring a first-in-the-nation airgun silencer case:

>      Crooker v. U.S. Treasury (ATF)
>      663 F.2d 140 (D.C. Cir. 1980)
>
>      Crooker v. ATF
>      789 F.2d 62 (D.C. Cir. 1986)

>   <u>Crooker</u> v. <u>ATF</u>
>   670 F.2d 1051 (D.C. Cir. <u>en banc</u> 1981)
>
>   <u>Crooker</u> v. <u>ATF</u>
>   577 F.Supp. 1212 (D.D.C. 1984)
>
>   <u>Crooker</u> v. <u>Magaw, Director ATF</u>
>   No. 95-5344 (D.C. Cir. 1996)
>
>   <u>Crooker</u> v. <u>ATF</u>
>   No. CV-94-685 (D.D.C. 1995)
>
>   <u>Crooker</u> v. <u>ATF</u>
>   No. CV-96-1790 (D.D.C. 1996)
>
>   <u>Crooker</u> v. <u>Magaw, Director ATF</u>
>   No. CV-94-2766 (D.D.C. 1995)
>
>   <u>Crooker, et al.</u> v. <u>Varriale ATF</u>
>   No. CV-92-30002-F (D. Mass. 1995)
>
>   <u>Crooker</u> v. <u>Varriale ATF</u>
>   No. 94-2183 (1st Cir. 1995)
>
>   <u>Crooker</u> v. <u>ATF</u>
>   No. CV-94-30127-F (D. Mass. 1995)
>
>   <u>Crooker</u> v. <u>Varriale ATF</u>
>   No. CV-96-30143-F (D. Mass. 1996)
>
>   and many, many others.

No other individual or entity in the United States has sued this agency this many times, according to the government publication "<u>FOIA Case List</u>" by U.S. Department of Justice.

Without a doubt this first-ever-in-37-years-prosecution involving a device used innocently with an air rifle is in direct retaliation against a citizen who has sued the prosecuting agency more times than any other American citizen.

IF THE COURT'S "CAPABLE" RULING STANDS
WITH RESPECT TO WHAT CONSTITUTES A "FIREARM SILENCER"
NO CITIZEN WILL BE SAFE FROM A GOVERNMENT AGENCY
CONSIDERED BY MANY AMERICANS TO BE
TYRANNICAL AND ABUSIVE

In ATF Silencer Expert Richard Craze's Suppression Hearing testimony of May 9, 2006 he says in the Transcript at page 68:

-6-

> Q. (By Mr. Bongiorni) Would you agree with me that Government's Exhibit 1 (the airgun silencer) and the liter soda bottle and the towel that we talked about are all items that are capable of reducing the report of a portable firearm given the right set of circumstances?
>
> A. Under the right set of circumstances, yes.

At page 57 Mr. Craze calls a potato-silencer a "spud silencer." At page 59 he says that a towel would be considered to be a towel and not a silencer unless it was submitted wrapped around a firearm in which case it would then be a silencer. In his Opening Arguments to the jury in the June 29, 2006 Trial Transcript at page 13 Prosecutor O'Regan tells the jury that a lawnmower muffler can be a silencer and Government's Trial Exhibit 38 says that an oil filter would constitute a silencer.

The court's Jury Instructions state:

> For a device to be a firearm silencer, it must have been designed and fabricated in such a way that it is capable of silencing, or significantly reducing, the report of a portable firearm.
>
> * * *
>
> Keep in mind, however, that the government need not prove Mr. Crooker or anyone else ever actually used Exhibit Nine (the airgun silencer) as a firearm silencer or ever intended it to be used as a firearm silencer.

And Prosecutor O'Regan told the jury at page 11 of the June 29, 2006 Trial Transcript:

> Now the government doesn't need to prove that he used this on a regular firearm. The government doesn't need to prove that he intended to use it on a regular firearm.

Those court instructions and argument to the jury literally say then, that anything <u>capable</u> such as potatoes, pillows, oil filters, towels, lawnmower mufflers, and liter soda bottles are firearm silencers even if <u>not</u> <u>intended</u> to be and only used for their proper purpose.

Does this court really want to give unfettered discretion of arrest to an agency like the ATF where any innocent person can be swept up under such a loose definitial interpretation of a firearm silencer?

The ATF is arguably the most despised and hated agency of the United States Government, especially by gun owners and civil libertarians, even mainstream ones. Millions of Americans believe that they directly caused the disasters at Waco, Texas, Oklahoma City, and Ruby Ridge, Idaho (which also claimed the life of Deputy Marshal Bill Deegan of this court's Boston Division). There are numerous films and books such as "<u>Waco: The Rules of Engagement</u>" (a film documentary aired on television), the book "<u>Ambush at Ruby Ridge</u>" by Alan Bock and the book "<u>The Ashes of Waco: An Investigation</u>" by Dick Reavis.

In one of the last footnotes of the lengthy dissenting opinion in the D.C. Circuit's <u>en</u> <u>banc</u> decision in <u>Crooker</u> v. <u>ATF</u>, 670 F.2d 1051 (1981) (where current Supreme Court Justice Ginsburg participated and switched votes), the dissenting judge cited a Congressman's allegations that the ATF was:

> "a group of jack-booted stormtroopers
> who are a shame and disgrace to our
> nation."

(And these are a Congressman's words, not Crooker's.) At about the same time former President Reagan gave serious consideration to abolishing the agency entirely.

While the government reorganization creating Homeland Security moved ATF from Treasury to Justice, the sobering fact remains that ATF will likely never command the same respect as the FBI or U.S. Marshal's Service. They have been mired in controversy for decades from which they may never emerge. This court may disagree but it is disagreeing with a very large number of Americans and not simply a few with "extremist" views.

This court's first-in-the-nation decision that a firearm silencer is an object merely "capable" of silencing a gunpowder firearm though not intended by anyone for such use, invites the arrest of just about any innocent person possessing innocent objects by an agency with a very dubious reputation.

The court may have created this novel and loose definition of a firearm silencer solely to ensnare me, but that will only invite further prosecutions against others over innocent devices not intended for firearms.

## THIS CASE IS NOT WORTH 15 YEARS

This case is not worth 15-months, let alone 15-years. There is no victim. The manufacturer of the offending device

was not even prosecuted nor was the ultimate recipient though he possessed 3 other air rifles tipped with silencers. The air rifle/silencer combination in this case was possessed for 3-years and was used that whole time in only a lawful manner.

No one has identified a single instance of an air rifle equipped with a silencer being used in a crime anywhere in the United States though ATF has documented their use on air rifles and paintballguns since 1981.

## SOCIETAL COST

In addition to the assault on civil liberties that will ensue from having a situation where the ATF can arrest just about anyone for having innocent objects on the ground that they may be "capable" of being dual-use firearm silencers, there is the taxpayer's monetary cost of this case. I have calculated the cost of this unique, first-in-the-nation prosecution of a muffled air rifle, the prolonged detention per-diems paid to local penal facilities for 1,064 days of federal pretrial detention, the $83,000 fee paid by the court to Attorney Bongiorni, and so forth and it comes so far to over $536,000 and will no doubt go even higher, perhaps to over $1,000,000.

Don't blame me. It is the prosecutor and the ATF who brought this novel and retaliatory case.

## SPECIAL ASSESSMENT

Again I request that the special assessment be waived for indigency as it was by Judge Tauro in my last case.

-10-

If not, the court should order in the Judgment that the fee does not have to be paid unless and until the case is affirmed on appeal. I do not need to have to have a fight with the BOP right from the start.

## 500-HOUR DAP

This court knows that I have strugged with heroin addiction for 39-years. The 500-Hour Drug Abuse Program in the BOP is not just for people eligible for the one-year Section 3621(e) Early Release. In fact, most 500-Hour DAP residents are not eligible for that early release. Instead they are rewarded with extended CCC (Halfway House) placements.

In my last case with Judge Tauro, he did recommend in the Judgment this program for me. The BOP ignored his recommendation and actually defied it. In response I sent letters of complaint to over 250 different Senators and Congressmen, dozens of whom sent inquiries to the BOP Congressional Liason. This just further encouraged the BOP to give me a hard time and deny me treatment. I spent my entire sentence using heroin, getting caught, losing my meager 54-days a year good time, and so on. The BOP retaliates just like the ATF when one fights them and sues them.

And so I am requesting not just the standard boilerplate 500-Hour DAP recommendation, but a special one, using strong wording so that the BOP will comply this time. If we are going to continue down the 93-year old road of drug prohibition

-11-

(since the 1914 Harrison Act) then there ought to be effective treatment while in Federal Prison.

Respectfully submitted,

*Michael Alan Crooker*

Michael Alan Crooker, pro se
CCI MacDougall
1153 East Street South
Suffield, CT  06080

CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that I have this date mailed copies of the foregoing to the folowing:

Timothy Watkins, Attorney
Federal defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110

Kevin O'Regan, AUSA
U.S. Attorneys
1550 Main Street
Springfield, MA 01103

Richard Rinaldi, USPO
U.S. Probation
1550 Main Street
Springfield, MA 01103.

Dated: May 16, 2007    S/ *Michael Alan Crooker*