UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.          ) | Criminal No. 04-30034-MAP |
| ) | |
| ) | |
| MICHAEL CROOKER,      ) | |
| Defendant.   ) | |

Government's Opposition to
<u>Defendant's Sentencing Memorandum</u>

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in response to Mr. Crooker's sentencing memorandum.

1. <u>The Armed Career Criminal Act is Applicable to Mr. Crooker</u>

   a. Prior Convictions are Sentencing Factors,
      <u>not Elements of Federal Crimes</u>

Mr. Crooker urges the Court to deem the Armed Career Criminal Act ("ACCA") inapplicable to him and to sentence him without regard to its increased statutory minimum and maximum sentences. In substance, he argues that the government should have been required to plead and prove beyond a reasonable doubt his underlying convictions to the jury.[1]

In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27 (1998), the Supreme Court held that prior convictions were sentencing factors, not elements of federal crimes, and that prior convictions that increased a defendant's sentence need not

---

[1] Mr. Crooker recognizes that his argument has been rejected by the Supreme Court and the First Circuit. Defendant's Brief, p. 6, n. 2.

be charged or proved to a jury. The First Circuit has repeatedly followed Almendarez-Torres and declined to anticipate its reversal by the Supreme Court. See United States v. Richards, 456 F.3d 260, 262 (1st Cir. 2006); United States v. Mastera, 435 F.3d 56, 59 n.1 (2006); United States v. Ivery 427 F.3d 69, 74-75 (1st Cir. 2005).

In light of the continued vitality of the holding and principles underlying Almendarez-Torres, the Court should apply the ACCA to Mr. Crooker.

    b.  Mr. Crooker's Criminal History Requires
        that the ACCA be Applied Him

Mr. Crooker challenges specific prior convictions that qualify him as an armed career criminal within the meaning of 18 U.S.C. § 924(e).

        i.  Armed Robbery (PSR ¶ 35)

Mr. Crooker challenges this adult conviction on Sixth Amendment grounds. He questions certain state court juvenile court proceedings and urges the Court, based on those questions alone, to infer that he did not receive effective assistance of counsel. This challenge should be denied because court records reflect that Mr. Crooker was represented by counsel with respect to his Superior Court conviction.

In Custis v. United States, 511 U.S. 485, 497 (1994), the Supreme Court held that a defendant may not collaterally attack prior convictions used for sentence enhancement purposes under

Section 924(e).  Id. 493-97.  The only exception to this rule is when the record reflects that a defendant was not represented by counsel with respect to the prior conviction.  Id. at 496-97. See United States v. Kiley, 260 F.Supp.2d 248, 276-77 (D.Ma. 2003).

Since court records reflect that Mr. Crooker was represented by counsel with respect to this prior conviction, he may not now, thirty-five years later, challenge its constitutionality.

    ii.  Burglary - 2nd Degree (PSR ¶ 38)

Mr. Crooker disputes the factual basis for finding that he was convicted of second degree burglary in Connecticut in 1975.[2] This conviction, however, was contained in both Mr. Crooker's 1977 and 1994 Presentence Reports.  He failed to object to his conviction in either report, even though this conviction occurred in 1975, just two years before his 1977 PSR was prepared.

Mr. Crooker does not argue that his burglary conviction did not occur, only that the government has not sufficiently proved the conviction.  The Court, however, may rely on unobjected to presentence reports in determining that a conviction occurred.

---

    [2] Pursuant to C.G.S.A. § 53a-102, second degree burglary in Connecticut involves entering a dwelling at night with intent to commit a crime or entering a dwelling when a non-participant in the crime is present with the intent to commit a felony.  Id.  In light of this statutory definition, Mr. Crooker's conviction for second degree burglary is a violent crime for the purposes of Section 924(e).  See Taylor v. United States, 495 U.S. 597, 599 (1990)(burglary is a Section 924(e) violent felony if it is an unlawful entry into a dwelling with intent to commit a crime).

See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005); United States v. Brown, 52 F.3d 415, 425 (2nd Cir. 1995); United States v. Paleo, 967 F.2d 7, 13 (1st Cir. 1992); Tillson v. United States, 2007 WL 1456215 *2, n. 3 (W.D.N.C. 2007).

       iii.  Mailing Threatening Communicatons (PSR ¶ 43)

Mr. Crooker claims that this conviction is not a violent felony because the statute of conviction, 18 U.S.C. § 876, includes a subsection, see 18 U.S.C. § 876(d), in which a threat to injure the property or reputation of another could constitute a violation of the statute.  Therefore, he argues, it is possible that his conviction might not have been a violent felony within the meaning of Section 924(e).

Section 876(d), or its unnumbered predecessor statute, could not have been the statute for which Mr. Crooker was convicted, however, because its maximum sentence is two years in prison. According to Mr. Crooker's 1977 presentence report, he was sentenced to five years in prison on each of the six counts for which he was convicted.  Therefore, his conviction could not have been merely for threatening another person's property or reputation and must have been for mailing a communication that threatened the person of another.

       iv.   Possession of a Machine Gun (PSR ¶ 46)

Mr. Crooker challenges this conviction on its facts, claiming that he did not possess a machine gun, but only a "part

associated with weapons modification." Defendant's brief, p. 10. Mr. Crooker, however, is not entitled to relitigate the facts underlying his conviction in challenging the Probation Office's characterization of his prior crime as a violent felony. See United States v. Fortes, 141 F.3d 1, 6 (1st Cir. 1998)(using Taylor's categorical approach in determining that possession of a sawed off shotgun was a violent felony).

Moreover, the First Circuit in Fortes made it plain that possession of an inherently dangerous firearm like a sawed off shotgun, silencer or machine gun should be characterized as a violent crime within the meaning of Section 924(e). Id. at 6-8. See United States v. Bishop, 453 F.3d 30, 31-32 (1st Cir. 2006)(reaffirming Fortes); United States v. Golding, 332 F.3d 838 (5th Cir. 2003)(possession of a machine gun is a crime of violence for purposes of the sentencing guidelines).

2.  Mr. Crooker is not Entitled to a Decrease
    in Offense Level for Acceptance of Responsibility

Application Note 2 to U.S.S.G. § 3E1.1 states that a defendant is not entitled to credit for acceptance of responsibility if he:

> puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt or expresses remorse.

Id. In only rare cases may a defendant who exercises his constitutional right to trial "clearly demonstrate an acceptance

of responsibility for his criminal conduct," id., within the meaning of Section 3E1.1.  Examples include going to trial to preserve issues not related to factual guilt or to challenge the applicability or constitutionality of a statute.  Ultimately, in such rare cases the defendant's pretrial statements and conduct will be determinative.  Id.  See United States v. Sanchez Berrios, 424 F.3d 64, 79 (1st Cir. 2005)(denial of credit for acceptance of responsibility after entrapment defense asserted at trial not plain error); United States v. Gorush, 404 F.3d 543, 546-47 (1st Cir. 2005)(affirming denial of acceptance of responsiblity credit after trial and citing similar examples).

Whether before, during or after trial, Mr. Crooker has not admitted his guilt to the elements of the offense or expressed remorse for his conduct.  During the trial, Mr. Crooker challenged much of the evidence against him, including the silencing capability of the device he sent in the mail, his knowledge relating to the device and the interstate nature of the mailing.  At no point has Mr. Crooker admitted the elements of the offense for which the jury found him guilty or said that he was sorry for having knowingly committed the crime.

In light of Mr. Crooker's lack of acknowledgement of guilt or any remorse for his crime, he is not one of the rare defendants who is entitled to credit for acceptance of responsibilty after trial.

3.  **Departure from the Sentencing
    Guideline Range is not Warranted**

Mr. Crooker urges the Court to depart from the applicable sentencing guideline range on the ground that this case is outside of the heartland of cases involving convicted felons who transport firearms in interstate commerce and because his crime caused lesser harm than that contemplated by the firearms laws. Neither argument should be a basis for departure in this case.

    a.  **This Case is within the Heartland of Cases Involving
    Interstate Transportation of Firearms by Repeat Felons**

To warrant an out of the heartland departure, Mr. Crooker must establish that:

> that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). To warrant a departure, a circumstance must "render the case atypical and take it out of the 'heartland' for which the applicable guideline was designed." United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir.1996).

United States v. Roselli, 366 F.3d 58, 67 (1st Cir. 2004). See Koon v. United States, 518 U.S. 81, 92-96 (1996).

There is nothing that takes this case out of the norm of cases covered by 18 U.S.C. § 922(g), which prohibits interstate transportation of a firearm by a convicted felon, and the applicable sentencing guidelines, U.S.S.G. §§ 2K2.1(a)(4)(B)(i) (interstate transportation of a silencer by a convicted felon) and 4B1.4(armed career criminal).

   i. <u>18 U.S.C. § 922(g)</u>

18 U.S.C. § 922(g) prohibits a felon from shipping a firearm in interstate commerce. Mr. Crooker's conduct in this case was explicitly prohibited by the statute and squarely within the heartland of its applicable sentencing guideline, U.S.S.G. § 2K2.1(a)(4)(B)(i).

First it is beyond dispute that at the time the crime was committed, Mr. Crooker had been convicted of numerous felonies and was prohibited from possessing or transporting firearms in interstate commerce.

Second, the evidence at trial established beyond a reasonable doubt that the device Mr. Crooker sent in the mail was a silencer within the definition of a firearm, 18 U.S.C. § 921(a)((3)&(24), and that Mr. Crooker knew that the device had the characteristics of a silencer.

Moreover, the trial evidence established in a plain and common sense manner the substance of what had occurred. Mr. liked firearms and devices related to firearms. He was knowledgeable about and experienced with many kinds of firearms and silencers. Then, although he knew he was a prohibitied person, on June 7, 2004, Mr. Crooker sent a silencer in the mail to Mike Paulus in Ohio. In spite of Mr. Crooker's tortured explanations, the evidence was clear that the device looked like a firearm silencer, the device operated as a firearm silencer and

Mr. Crooker knew that the device had the characteristics of a firearm silencer. The jury agreed.

The facts of this case as they were found by the jury establish that Mr. Crooker's conduct was within the very heart of the 18 U.S.C. § 922(g) and U.S.S.G. § 2K2.1(a)(4)(B)(i).

    ii. U.S.S.G. § 4B1.4

U.S.S.G. § 4B1.4 is the armed career criminal guideline. It establishes a base offense level of 34 and a criminal history category of VI for defendants who are armed career criminals within the meaning of 18 U.S.C. § 924(e) and who possessed a silencer. The most important policy consideration underlying Section 4B1.4 is the decision to sentence more severely defendants with very serious criminal records. Leaving aside Mr. Crooker's challenge to the applicability of 18 U.S.C. § 922(e) to him, which is addressed supra, there can be no doubt that Mr. Crooker's criminal record is prodigious.

As a result, the jury's verdict and Mr. Crooker's criminal record combine to bring this case directly within the heart of U.S.S.G. § 4B1.4.

    4. U.S.S.G. § 5K2.11 (Lesser Harms)

U.S.S.G. § 4B1.4 provides for a possible departure when the criminal "conduct may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." An example of this type of conduct provided by the

Sentencing Commission is that of a war veteran who possesses a firearm as trophy. Mr. Crooker's conduct is not similar.

The cases cited by Mr. Crooker, <u>United States v. White Buffalo</u>, 10 F.3d 575, 576-77 (8th Cir. 1993), and <u>United States v. Hadaway</u>, 998 F.2d 917, 920 (11th Cir. 1993), are inapposite.

In <u>White Buffalo</u>, the defendant was arrested in possession of a shotgun with a shortened barrel that he used to shoot small animals that preyed on his chickens in a remote area of an Indian reservation. He had no criminal record and his sentencing guideline range was 18-24 months. 10 F.3d at 576. The Eighth Circuit held that U.S.S.G. § 252.11 "provided a legally sufficient justification" for the district court's departure to three years probation. <u>Id.</u> Mr. Crooker's status as an armed career offender and his mailing of the prohibited silencer in this case are not comparable to the defendant's in <u>White Horse</u>.

Similarly, in <u>Hadaway</u>, the defendant also was charged with possession of a shotgun with a shortened barrel. His guideline range was 21-27 months. Although the Eleventh Circuit held that the district court had the authority to consider Hardaway's request for a U.S.S.G. § 252.11 departure, and remanded the case for the district court to do so, it also noted the seriousness with which Congress viewed the illegal possession of certain kinds of firearms:

> It is worth noting that the inherent lethality and *potential* for use in criminal activity led Congress to

> proscribe possession of an unregistered sawed-off shotgun in the Gun Control Act of 1968, 18 U.S.C. § 921 et seq. and 26 U.S.C. § 5841 et seq., along with, inter alia, unregistered possession of machine guns, bombs, and grenades.

998 F.2d at 920, n. 5. (Emphasis in original).

The statutes referred to by the Eleventh Circuit also prohibit the possession of firearm silencers and are the statutes Mr. Crooker has been convicted of violating.

Mr. Crooker's status as an armed career offender and his willful conduct of mailing the silencer in this case does not approach the benign example provided by the Sentencing Commission or the conduct of the defendants in White Buffalo or Hadaway. A departure on this ground is not warranted.

5. The Court should not Impose a Sentence Below the Sentencing Guideline Range Pursuant to 18 U.S.C. § 3553(a)

The relevant factors listed in Section 3553(a) strongly suggest that the Court impose a sentence within the guideline range.

The offense involved a firearm silencer which was being sent in interstate commerce. Echoing the observations of the Eleventh Circuit in Hadaway, "the inherent lethality and *potential* for use in criminal activity" of a firearms silencer makes this a very serious crime. There is no legitimate purpose for a silencer. It's crimnal purposes are obvious.

Added to the gravity of the crime are Mr. Crooker's history and characterisitics. His prodigious criminal history, including

11

violent, drug and firearms crimes, compels the inference that his criminal activity in this case is not benign, atypical or likely to end when he is released from prison.  Mr. Crooker's personal history is characterized primarily by criminal activity, severe drug abuse and limited employment.

Nor is there any reasonable basis to believe that a lesser sentence will promote greater respect for the law by Mr. Crooker or others.  In light of Mr. Crooker's criminal history, the protection of the public for the longest time possible is particularly important in this case.

At bottom, Mr. Crooker is a unreformed career criminal.  It is appropriate for Congress and the Sentencing Commission to call for severe sentences for defendants like Mr. Crooker who pose a long standing and apparently never ending threat to society.  As a result, a sentence below that suggested by the Sentencing Commission is not warranted.

>                    Respectfully submitted,
>                    MICHAEL J. SULLIVAN
>                    United States Attorney
>
>               by:  /s/ Kevin O'Regan
>                    Kevin O'Regan
>                    Assistant U.S. Attorney
>
>               Date: June 4, 2007

<u>Certificate of Service</u>

June 4, 2007

    I certify that I caused the foregoing document to be served via ECF and fax on counsel for the defendant, Timothy G. Watkins, Federal Defender Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02110.

                                         <u>/s/ Kevin O'Regan</u>
                                         Kevin O'Regan
                                         Assistant U.S. Attorney