```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA   )
                           )
                           )
V.                         )     CR-04-30034-MAP
                           )
                           )
                           )
MICHAEL ALAN CROOKER       )

```
         AFFIDAVIT OF MICHAEL ALAN CROOKER
         RESPECTING ALLEGED PRIOR CONVICTIONS
```

I, Michael Alan Crooker, declare as follows:

(1) <u>ARMED ROBBERY (PSR at 35)</u>. I did not have a lawyer in the District Court on this charge. I did not even have a juvenile transfer hearing.

(2) I also did not have a lawyer for parts of the Superior Court proceeding. I recall the courtroom being cleared out because I was a juvenile and a judge yelling, "Who is this boy's father?" When my father stood up, the judge said, "Why doesn't he have an attorney?" My father then stated that he had a family to support and could not afford one.

(3) I vaguely recall filing a challenge to this conviction at some point in time, from a federal prison law library.

(4) <u>BURGLARY (PSR at 38)</u>. Correctional Counselor Martucci of CCI-MacDougall told me in 2006 that she did a thorough review of my criminal history from various sources including the FBI and Massachusetts CORI (which she even had a copy of). She told

me that I had absolutely no criminal history in the State of Connecticut.

(5) This led to a discussion as to how it could be that I have a 1970's issued Inmate Booking Number in Connecticut but no criminal record. I explained that in previous years I had filed challenges, including sealing motions and expungement motions attacking previous arrests and convictions.

(6) I explained to her that at one time I did have a rap-sheet in Connecticut as well as multiple entries on my FBI rap-sheet from Connecticut Police and Hartford Correctional Center but no longer did due to my challenges.

(7) I explained that in the case of the FBI rap-sheet, the Connecticut authorities were forced to actually retrieve the original fingerprint cards from the FBI to effect full expungements.

(8) Martucci told me that she recollected a similar case where an inmate had a very old booking number but no prior criminal history, being caused by a nolle that was expunged.

(9) She then questioned me about my 1976 escape charge she had highlighted on my Massachusetts CORI. I had to explain to her that I had successfully challenged that one too and that the acronym "NP" from 20 years later, in 1996, means "nolle." (See Page 21, Par. (54) of the PSR.)

(10) MAILING THREATENING COMMUNICATIONS (PSR at 43). The PSR in the present case only indicates a sentence of 10 years

for 5 counts. It does not indicate a sentence of 5 years on each of 6 counts as the government alleges.

(11) POSSESSION OF MACHINEGUN (PSR at 46). This charge was not based on an incident occurring in a local field on May 7, 1984. No gun at all was seen or seized by police that date.

(12) This charge is instead based upon the seizure from my residence on July 16, 1984 of a firearm part called a "AR-15 Drop-In Auto-Sear." That part, which was desribed by a U.S. Parole Commission Hearing Examiner as "half the size of a man's thumb," could, if combined with several other parts, convert a semi-automatic AR-15 Colt Rifle into a machinegun.

(13) I was indicted on this charge in late-1984 in an indictment that alleges the offense occurred "on or before July 17, 1984." USPO Thomas Rooke (now Attorney Rooke) charged me as a parole violator for this offense and a Local Revocation Hearing was held in his office before a U.S. Parole Commission Hearing Examiner who flew in from Philadelphia.

(14) I was represented by counsel and the hearing was taped and had subpoenad witnesses, including a police detective who brought the "Auto-Sear." This hearing occurred in March or April of 1985. I was found Not Guilty of the machinegun charge.

(15) Later, in July, 1987, I ~~pled guilty~~ made an Alford plea in Hampden Superior Court to a machinegun charge in order to dispose of fraud indictments. Again, it was based upon the small metal part, and not on any actual machinegun or firearm. It was based upon

the seizure occurring July 16, 1984 and not on any incident in a field on May 7, 1984.

(16) Throughout the years I have filed numerous challenges to convictions and criminal record entries in numerous jurisdictions including challenges to all of the above listed cases. In fact at this very moment I have pending challenges to criminal record entries emanating from Hampden Superior Conrt, and District Courts in Westfield and Greenfield.

(17) It is true that I have never challenged these matters in previous PSR's over the years, of which there were ones in 1974, 1977, and 1994, all from the District of Massachusetts. However I never had any reason to as I have never been convicted under 18 U.S.C. 922(g) where such priors could cause an enhanced sentence under 18 U.S.C. 924(e). Those priors did not affect my sentencings in 1974, 1977, or 1994.

(18) To this very date there is all kinds of innaccurate data in my current and previous PSR's however I am exasperated at trying to clean it up and simply gave up after the Fourth Addendum to the PSR.

I DECLARE THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 7TH DAY OF JUNE, 2007.  28 U.S.C. !746.

S/ *Michael Alan Crooker*
Michael Alan Crooker
CCI MacDougall
1153 East Street South
Suffield, CT  06080