UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 04-30034-MAP |
| | ) | |
| MICHAEL ALAN CROOKER | ) | |

ORDER RE: DEFENDANT'S REQUEST FOR
MODIFICATION OF PRESENTENCE REPORT

November 30, 2007

PONSOR, D.J.

Defendant, though direct communication with the Probation Officer and the court, has requested a modification of his Presentence Report in two ways.  First, he has requested that Paragraph 48 of the Presentence Report be deleted in whole or in part.  Second, he has requested a modification of his criminal history category.

Communications with the court should come via Defendant's counsel, with copies to the responsible Assistant U.S. Attorney.  Defendant's counsel and the government are hereby given until December 21, 2007 to comment upon or oppose Defendant's requests for modification of his PSR.

If no submissions are received by that date, the court

will proceed to respond to Defendant's request based upon the communications to date. For counsel's information, the communications received by the Probation Officer, the Probation Officer's response, Defendant's reply to the response, and Defendant's most recent request regarding his criminal history category are attached to this Order as Exhibits A, B, C and D.

It is So Ordered.

MICHAEL A. PONSOR
United States District Judge



Michael Crooker 03631-158
Federal Correctional Institution - 1 -
  Victorville
P.O. Box 5300
Adelanto, CA 92310
October 12, 2007

Richard Rinaldi, USPO
U.S. Probation Office
1550 Main Street
Springfield, MA  01103

Re:  USA v. Michael Crooker, CR-04-30034-MAP

Dear Mr. Rinaldi:

The BOP has erroneously classified me as a Sex Offender due to
carelessness on your part in authoring Paragraph 48 of the PSR
dealing with a conviction of Violation of a Restraining Order
against my ex-wife Lorraine Crooker.

I request that you clear this up.

You have merged and confounded two separate incidents involving
two separate sets of charges and two separate alleged victims
all in the same paragraph, which leads the BOP to believe that
all the charges relate to a single incident in which they
believe was plea bargained down to a misdemeanor restraining
order charge.

The actual facts are that the Lorraine Crooker set of charges
from December, 1986 resulted from a rock thrown through the
window of a Southwick residence and a telephone call in which
it was alleged that I violated a restraining order by
threatening Lorraine.  Those charges were:  Violation of a
Restraining Order, Attempt to Murder, Assault and Battery (two
counts), Threat to Commit Arson, and Malicious Damage to
Property.  They were plea bargained down to a single charge
of Violation of a Restraining Order which was Filed on a
Guilty Plea.

The other set of charges involve a Springfield prostitute
named Ann McNeil in November, 1986 where it was alleged that
I drugged and raped her.  The investigating Crime Prevention
Bureau Detective, a female, committed suicide shortly after
this alleged incident occurred and I'm not sure who took over
the case after that.  These two charges were dismissed (filed
on not guilty pleas and did not result in any  plea bargain
resolution.

Exhibit A

-2-

The way you have the PSR paragraph written, it appears that
all of the charges relate to Lorraine Crooker and were plea
bargained down to a misdemeanor restraining order charge.
This is significant because BOP policy, specifically their
Security Designation and Custody Classification Manual,
Program Statement 5100.08, Chapter 5, Page 8 (available on
BOP's website) permits Sex Offender Classification when
there is a documented basis that an offender plea bargained
a sex offense down to a non-sex offense.

Therefore it is requested that you clarify to my casemanager,
Mr. Lewis, Unit C/D, that I never plea bargained any such
sex offense down to any misdemeanor.

Sincerely yours,

Michael Crooker

cc:   Tim Watkins, Attorney
      Federal Defender  Office
      408 Atlantic Ave.
      Boston, MA   02110

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### Probation Department

**JOHN M. BOCON**
Chief U.S. Probation Officer

1550 Main Street, Room 212
Springfield, MA 01103-1422
Telephone (413) 785-0250
Fax (413) 785-0257

October 18, 2007

Kenneth Lewis, Case Manager
FCI Victorville I
CD2 Unit Team
13777 Air Expressway Boulevard
Victorville, CA 92394



RE:    CROOKER, Michael
       Register #: 03631-158

Dear Mr. Lewis:

This letter is drafted as a response to the Bureau of Prisons' and Mr. Crooker's request that a clarification be made as to the particulars of a prior offense committed by Mr. Crooker which resulted in a conviction. Specifically, the Bureau of Prisons and Mr. Crooker request that the Probation Department analyze the documentation supporting the prior offense listed at Paragraph 48 of the Presentence Report which was heard in Hampden County Superior Court in Springfield, Massachusetts, Docket #86-5957 through 5964. That analysis reveals the following:

On 12/18/86, the Grand Jury sitting at Hampden County Superior Court returned seven Indictments against the defendant which were consolidated as one case. The Indictments read as follows (bold emphasis added):

#86-5957 - [Michael A. Crooker] "on or before the **first day** of **December** in the year of our Lord one thousand nine hundred and eighty-six at **Springfield**, in the County of Hampden aforesaid, did compel A PERSON WHOSE NAME IS KNOWN TO THE GRAND JURORS to submit by force or by threat of bodily injury and against her will to have sexual intercourse or unnatural sexual intercourse with the said PERSON WHOSE NAME IS KNOWN TO THE GRAND JURORS in violation of...."

#86-5958 - [Michael A. Crooker] "on or before the **first day** of **December** in the year of our Lord one thousand nine hundred and eighty-six at **Springfield**, in the County of Hampden aforesaid, did apply, administer to or cause to be taken by a person a drug, matter, or thing with intent to stupify or overpower her so as thereby to enable himself to have unlawful sexual intercourse with her."

Exhibit B

#86-5959 - [Michael A. Crooker] "on the **eleventh day** of **December** in the year of our Lord one thousand nine hundred and eighty-six at **Southwick**, in the County of Hampden aforesaid, did attempt to kill and murder LORRAINE CROOKER and in said attempt did procure a shotgun and lie in wait for the said Lorraine Crooker, but was intercepted or prevented or did fail in the execution of said attempted offense."

#86-5960 - [Michael A. Crooker] "on or before the **eleventh day** of **October** in the year of our Lord one thousand nine hundred and eighty-six at **Southwick**, in the County of Hampden aforesaid, did assault and beat LORRAINE CROOKER."

#86-5961 - [Michael A. Crooker] "on or before the **eleventh day** of **October** in the year of our Lord one thousand nine hundred and eighty-six at **Southwick**, in the County of Hampden aforesaid, did assault and beat LORRAINE CROOKER."

#86-5962 - [Michael A. Crooker] "on the **fifteenth day** of **December** in the year of our Lord one thousand nine hundred and eighty-six at **Southwick**, in the County of Hampden aforesaid, did violate a restraining order then in effect in that he did attempt to cause or did cause harm to another, to wit, LORRAINE CROOKER or did place the said LORRAINE CROOKER in fear of imminent serious physical harm, in violation of..."

#86-5963 - [Michael A. Crooker] "on the **fifteenth day** of **December** in the year of our Lord one thousand nine hundred and eighty-six at **Southwick**, in the County of Hampden aforesaid, did willfully and maliciously destroy or injure the personal property, dwelling house or building of JEAN DUPARD of the value of MORE THAN ONE HUNDRED DOLLARS, in violation of ..."

#86-5964 - [Michael A. Crooker] "on the **fifteenth day** of **December** in the year of our Lord one thousand nine hundred and eighty-six at **Southwick**, in the County of Hampden aforesaid, did threaten to destroy the house of Jean Dupard, Rose Arnold, and Lorraine Crooker, by means of an explosion."

As stated at Paragraph 48 of the Presentence Report, the only count the defendant pleaded Guilty to was #86-5962, Violation of a Restraining Order. The remaining six counts were all placed on file without action, following the defendant's plea of Not Guilty to those charges.

In an effort to ensure a defendant's criminal history is not unfairly represented as more extensive than it actually is, it is the practice of the Probation Department that, when a criminal charge appears in a Municipal District Court and is then indicted in a County Superior Court, we do not enter those charges twice. The origin of the case in District Court is included at the end of the narrative following the description of how the charges proceeded through Superior Court. As a result, at Paragraph 48, the Probation Department included the statement, "This case originally appeared in Westfield District Court on 12/17/86 as Docket #86-2515, which was Dismissed on 12/30/86." The case in Westfield District Court included one charge only, Violation of a Restraining Order. The Criminal Complaint from that case reads as follows (bold emphasis added):

[Michael Crooker] "did fail to comply with a court order issued under the provisions of G.L. c.208, s.34B, or G.L. c.209, s.18 or s.32, or G.L. 209A, in violation of ..."
**Date of Offense: 12/16/86.**

When the Probation Department composed the narrative at Paragraph 48, it was in an attempt to include a great deal of information in a clear, concise manner while not misrepresenting or exaggerating the defendant's true criminal record. It is now apparent that the language at Paragraph 48 may not have been clear enough and may lead to misinterpretations. By examining all the language from the charging documents listed above, it is clear that the two alleged sex offenses occurred on different dates and in different municipalities than the only charge the defendant was convicted of, Violation of a Restraining Order. There is no correlation between the alleged sex offenses and the offense of conviction in that prior instance.

I hope this correspondence clears up any confusion in this matter and, if any further information is needed, please do not hesitate to contact me.

Sincerely,

Richard Rinaldi
U.S. Probation Officer

cc: Michael Crooker, Reg. #03631-158

Michael Crooker 03631-158
Federal Correctional Institution - 1 -
  Victorville
P.O. Box 5300
Adelanto, CA  92301
October 28, 2007

Hon. Michael Ponsor
United States District Court
1550 Main Street
Springfield, MA  01103

Re:  United States v. Crooker,  CR-04-30034-MAP

Dear Judge Ponsor:

As you can see from the attached letter to USPO Rinaldi, I am
requesting you to order the recall of my PSR and its reissuance
without mention whatsoever of the 1986 dismissed sexual offense
charges in Par. 48.

Despite Mr. Rinaldi's attempt to explain to the BOP officials
the idiosyncracies of Massachusetts state-court law and terms,
he has further compounded their confusion, and now they are
convinced that USPO Rinaldi's letters confirms that I did
plea-bargain a sexual offense against my wife down to a
misdemeanor.

They even tried to get me to sign an acknowledgement on a form
declaring me to have previously been "convicted of a sexual
offense," after receiving USPO Rinaldi's letter.

USPO Rinaldi had clearly told them:

             "It is clear that the two alleged
              sex offenses occurred on different
              dates and in different municipalities
              than the only charge the defendant
              was convicted of, Violation of a
              Restraining Order. There is no
              correlation between the alleged sex
              offenses and the offense of
              conviction in that prior instance."

But he also made the mistake of erroneously stating that the
seven charges in Par. 48 were "consolidated as one case."
That, I believe, has caused the further confusion to these
officials who do not have legal backgrounds.

You specifically rejected the defense's "consolidation" arguments

Exhibit C

-2-

by ruling that the 27 indictments disposed of on July 9, 1987 were all separate cases deserving of separate Criminal History Scoring (as to those sentences that extended within the 15-year period). Sentencing Transcript of June 8, 2007 at Pages 25-27. In light of your ruling I do not understand how USPO Rinaldi can possibly use that word "consolidated" now, to the complete confusion of prison officials. He should have simply stated:

> "Mr. Crooker has never been convicted
> of a sexual offense nor has he ever
> plea bargained such an offense to
> a lesser charge."

Prison caseworkers are not lawyers. They only understand plain and consise language such as the above, and they will always err on the side of caution, against the inmate. Unfortunately the harsh reality of prison life is that an error of that magnitude could get me killed.

Therefore you should order the recall and fix of the utterly confusing PSR. (It is worth noting that in the old days such as in my 1974 sentencing with Judge Skinner and 1977 sentencing with Judge Freedman acquitted, nolled, dismissed, or not guilty-filed's were not mentioned at all in PSR's -- only actual convictions).

Respectfully yours,

Michael Crooker

Michael Crooker

cc:  Timothy Watkins, Attorney, Federal Defender Office, 408
     Atlantic Ave., 3rd Floor, Boston, MA 02110

     Casemanager Lewis, FCI - 1 - Victorville, P.O. Box 5300,
     Adelanto, CA  92301

Michael Crooker 03631-158
Federal Correctional Institution - 1
  Victorville
P.O. Box 5300
Adelanto, CA  92301
October 28, 2007

Richard Rinaldi, USPO
U.S. Probation Office
1550 Main Street, 2nd Floor
Springfield, MA  01103

Re:  United States v. Crooker, CR-04-30034-MAP

Dear Sir:

Your lengthy letter dated October 18, 2007 was received and
rather than clarifying things for the BOP officials, has just
compounded the confusion.  These people do not have legal
backgrounds and things need to be set out in layman's terms,
very clearly and consisely.

In fact the BOP staff now believe that your letter confirms
that I was previously convicted of a sexual offense and
subsequent to the receipt thereof, they attempted to get me
to sign an acknowledgement on a form going into my file that
I have "previously been convicted of a sexual offense."

Why didn't you make this very simple and merely state:

            "Mr. Crooker has never been convicted
             of a sexual offense nor has he
             ever plea bargained such an offense
             down to a lesser charge."

Those seven indictments were not "consolidated as one case."
You specifically rejected the defense's "consolidation" argument
as to the 27 indictments disposed of on July 9, 1987 in PSR
Par. 44, 45, 46, 47, and 48 by scoring me separately with a
total of 9 criminal history points in 44, 46, and 47 (later
reduced to 6 points due to the consecutive sentence at 46
having expired prior to the 15 years' cut-off).  You stated,
and convinced Judge Ponsor, that these were all separate cases
with no consolidation order and hence were deserving of
multiple scoring.  No doubt your present "consolidation" language
regarding Par. 48 is what's confusing these officials.

It now seems like the only way to remove me from this erroneous
sex offender classification which your PSR Par. 48 has caused
(and which has the potential to get me murdered in prison) is
to recall the PSR and issue a new one, completely deleting the
1986 dismissed sex charges and by a copy of this letter to

-2-

Judge Ponsor I am requesting that he order it.

Sincerely yours,

Michael Crooker

cc:    Judge Michael Ponsor, U.S. District Court, 1550 Main
       St., Springfield, MA  01103

       Timothy Watkins, Attorney, Federal Defender Office, 408
       Atlantic Ave., 3rd Floor, Boston, MA 02110.

Michael Crooker 03631-158
Federal Correctional Institution - 1 -
 Victorville
P.O. Box 5300
Adelanto, CA  92301
November 9, 2007

Richard Rinaldi, USPO
U.S. Probation Office
1550 Main Street
Springfield, MA  01103

Re:  USA v. Crooker, CR-04-30034-MAP

Dear Sir:

I have yet another dispute with the PSR (and I am still waiting
to hear back from you/the court on the first one).

The Guidelines Amendment passed respecting the automatic
consolidation of previous cases where there is no intervening
arrest (according to the notice on our bulletin board).

If you will recall, Attorney Watkins argued this point in my
Sentencing Memorandum to no avail.  You still hit me with 6
Criminal History Points for the same, no intervening arrest,
consolidated case.  I wound up with 9 points, Category IV
when I should have been 6 points, Category III.

This is significant, not because of the direct affect on
my sentence, but because the Bureau of Prisons now uses the
Criminal History Score as a factor in Security Level
Designation.  See BOP Program Statement 5100.08, Form BP-337.

In my case your 9 points gave me 6 Security Base Points while
the correct 6 points would translate to only 4 Security
Base Points on my BP-337.

Because my case is on direct review it would seem that I am
entitled to the benefit of the new rule and I am requesting
that you change the result and notify the BOP that I have
6, not 9, Criminal History Points.  I would greatly appreciate
it as we have a very extensive appeal going in as it is with
many issues and this here ought to be able to be fixed without
resort to including in within my appeal.

I look forward to your response.

                              Sincerely yours,

                              *Michael Crooker*

                              Michael Crooker

Exhibit D

-2-

cc:  Tim Watkins, Attorney

     Judge Michael Ponsor

     Kevin O'Regan, AUSA