```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA )
                         )
                         )
        v.               )     Criminal No. 04-30034-MAP
                         )
                         )
MICHAEL CROOKER,         )
        Defendant.       )

Government's Response to PSR Change Requests

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in response to the defendant's post-sentencing requests to modify his Presentence Report.

1. Paragraph 48 of the PSR Should not be Deleted, either in Whole or in Part

The defendant requests that Paragraph 48 of the PSR be modified to delete two sex offense crimes with which he was charged on December 18, 1986.

As explained in the Probation Office's letter to the Bureau of Prisons dated October 18, 2007, the defendant was charged in Hampden County Superior Court in eight indictments returned on December 18, 1986. See Exhibit B to the Court's November 30, 2007, Order. He was charged with two sex offenses on December 1, 1986; three violent crimes on December 11, 1986; and three crimes on December 15, 1986 -- violation of a restraining order, destruction of property and threat to destroy a house by explosion. On July 9, 1987, the defendant pleaded guilty to the

violation of a restraining order charge.  The remaining seven counts were placed on file without action.

The defendant has complained to the Probation Office that the Bureau of Prisons is incorrectly interpreting his guilty plea to the restraining order charge as being part of a plea bargain with respect to all of the eight indictments, including the two sex offenses.  He argued that the Probation Office should have told the Bureau of Prisons:

> Mr. Crooker has never been convicted of a sexual offense nor has he ever plea bargained such an offense to a lesser charge.

Defendant's Letter to the Court dated October 18, 2007, Exhibit C to the Court's November 30, 2007, Order.

It would have been inappropriate for the Probation Office to make the broad statement requested by the defendant because there is no documented evidence demonstrating that his guilty plea was not part of a broader plea agreement involving all of the eight indictments.  To the contrary, the fact that on the same day the defendant was charged with eight crimes but only pleaded guilty to one of them is circumstantial evidence tending to show that his guilty plea was part of a larger agreement resolving all of the charges.

It would be more appropriate for the Probation Office or the Court simply to clarify for the BOP that the defendant was **not** convicted of the sex offenses with which he was charged on

2

December 18, 1986.  Neither the Court nor the Probation Office can accurately know what the agreement was between the defendant and the prosecutors when he pleaded guilty twenty years ago.

2. The Court should not Modify the
   Defendant's Criminal History Points

The defendant requests that his criminal history points be reduced from 9 to 6[1] because subsequent to his sentencing the Sentencing Guidelines have been amended. See Letter to Probation from the Defendant dated November 9, 2007, Exhibit D to the Court's November 30, 2007, Order.  According to Appendix C, Amendment 709, of the Sentencing Guidelines, prior sentences imposed on the same day for offenses not separated by an intervening arrest should be counted as a single sentence.  See U.S.S.G. § 4A1.2(2).

After discussion with the Probation Office, the government agrees that if Amendment 709 had been in effect at the time of the defendant's sentencing, the sentences listed in Paragraphs 44 and 47 of the PSR likely would have been considered a single sentence because they were imposed on the same day, even though they were for separate crimes committed on separate dates.  This would have reduced the defendant's criminal history points from 9 to 6.  It would not have changed the defendant's Criminal History

---

[1] The defendant claims that this change would not effect the length of his prison sentence but that it would effect his security level designation within the Bureau of Prisons.

3

Category of VI, however, because the defendant is an Armed Career Criminal. See PSR, ¶ 52.

Amendment 709, however, is not applicable to the defendant. First, Amendment 709 is not included in those guideline amendments deemed to be retroactive by the Sentencing Commission. See U.S.S.G. § 1B1.10(a) and (c). Second, U.S.S.G. § 1B1.10, Application Note 1, states that a Court may reduce a defendant's sentence based on a sentencing guidelines modification only if the amendment "lowers the applicable guideline range."[2] Since Amendment 709 would not change the defendant's criminal history category of VI and therefore would not change his sentencing guideline range, Amendment 709 does not apply to the defendant.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

by: /s/ Kevin O'Regan
Kevin O'Regan
Assistant U.S. Attorney

Date: January 11, 2008

---

[2] The Court's authority to modify a term of imprisonment based on a guideline amendment is found in 18 U.S.C. § 3582(c)(2).

<u>Certificate of Service</u>

January 11, 2008

    I certify that I caused the foregoing document to be served via ECF on counsel for the defendant, Timothy G. Watkins, Federal Defender Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02110.

                              /s/ Kevin O'Regan
                              Kevin O'Regan
                              Assistant U.S. Attorney