UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
V. )
)   CR-04-30034-MAP
)
MICHAEL ALAN CROOKER, )
)
            DEFENDANT )

CROOKER'S MOTION FOR LEAVE TO FILE REPLY BRIEF
AND REPLY BRIEF
OR IN THE ALTERNATIVE,
THIRD MOTION FOR A CERTIFICATE OF INNOCENCE

    The AUSA who caused all this trouble by filing frame-up charges for a pretended-offense and who enlisted this court in that failed endeavor, is now once again misleading the court and attempting to entice the court to join in on even more trouble.

    (1) Crooker is entitled to file motions related to civil aspects of his case. The Office of the Federal Public Defender is not authorized to litigate civil lawsuits and the AUSA very well knows this. Furthermore, in this court, even criminal pro se motions are frequently tolerated. Docket Items 55, 63, 82, 166, 168, 170, 211.

    (2) The claim that a Certificate of Innocence pursuant to 28 U.S.C. §2513(b) only applies to civil cases under 28 U.S.C. §1495 and that this is not a §1495 case is a nonsensical statement and deliberately misleading.. Section 1495 cases are only litigated in the Washington, D.C. based U.S. Court of Federal Claims. However the certificate required by 28 U.S.C. §2513(b) originates in the trial court, not the Claims Court. And this is the trial court.

-2-

In fact there are reported cases where lawsuits in the Federal Claims Court were <u>stayed</u> and the plaintiff sent back to the trial court for the §2513(b) certificate.

(3)  If this court refuses to issue Crooker his Certificate of Innocence then Crooker will have no choice but to appeal once again to the First Circuit in a completely unnecessary "Round Two."

(4)  The mandate has not issued because of the AUSA's game-playing and manipulations to postpone the inevitable.  The AUSA thinks that he is better than a private sector litigant and doesn't have to comply with the 14-day rule for rehearing motions, at the expense of Crooker's further incarceration for innocent acts.  And a rehearing motion, if filed, would have odds of between zero and none of being allowed.  However Crooker realizes that postponing the mandate is an impediment to the Certificate of Innocence and therefore requests that the Certificate of Innocence issue <u>concurrently</u> with the entry of the Judgment of Acquittal.

(5)  The substantial reason for interviewing the 2006 trial jurors is that they were unknowing players in a corrupt frame-job and therefore witnesses to Crooker §1495 claims case.  These jurors sent the court a question during deliberations asking for a better definition of the term "firearm silencer" because the government's definition, endorsed by the court, made no sense to them just like it made no sense to the First Circuit judges.  The AUSA and judge both refused the jurors' request and thus perpetuated the fraud to which these jurors were involved.  These jurors would be horrified if they knew the truth and that's why the dishonest AUSA opposes,

-3-

an AUSA who because of his dishonesty has suffered two major Crooker jury conviction losses in as many months. All that he has to show for approximately $1,000,000 in taxpayer funds that he expended on two cases where nearly 30 trial or suppression hearing days were used up is a misdemeanor marijuana possession as to Jake Crooker, a minor Class E felony body-armor possession as to Stephen Crooker, and nothing at all as to Michael Crooker.

WHEREFORE, the §2513(b) certificate should be allowed to issue concurrently with the Judgment of Acquittal and the jury interview request should also be allowed.

Respectfully submitted,

*Michael Alan Crooker*

Michael Alan Crooker, pro se
Federal Correctional Institution
P.O. Box 1000
Loretto, PA   15940

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date mailed a copy of the foregoing to (1) Kevin O'Regan, AUSA, U.S. Attorneys, 300 State St., Springfield, MA 01105, (2) Timothy Watkins, Attorney, Federal Defender Office, 51 Sleeper St., 5th Floor, Boston, MA 02210, and (3) Vincent Bongiorni, Attorney, 95 State St., Ste. 309, Springfield, MA  01103.

Dated:  July 15, 2010                    s/ *Michael Alan Crooker*