UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
              v.                )
                                )   CRIMINAL   NO.   04-30034-PBS
MICHAEL ALAN CROOKER            )
              Defendant.        )


MEMORANDUM AND ORDER
November 20, 2010

SARIS, D.J.

## I.   INTRODUCTION

On June 18, 2010, the United States Court of Appeals for the First Circuit ("First Circuit") reversed defendant Michael Alan Crooker's ("Crooker") criminal conviction for Transportation of a Firearm in Interstate Commerce by a Convicted Felon in violation of 18 U.S.C. §§ 921 and 922(c), based on its holding that the silencer at issue did not qualify as a "firearm" within the meaning of the statutory definition of 18 U.S.C. §§ 921(a)(3)(c) and 924. The First Circuit remanded the case to the District Court for the entry of a Judgment of Acquittal. See United States v. Crooker, 608 F.3d 94 (1st Cir. 2010). Mandate issued on August 12, 2010 (Docket No. 263).

On September 9, 2010, Judge Michael A. Ponsor entered a Judgment of Acquittal (Docket No. 264), as well as an Order of Recusal (Docket No. 265) with respect to further involvement in

1

any proceedings related to the criminal case, and the criminal case was reassigned.

After the First Circuit's Order and before the Judgment of Acquittal entered, and then again after Mandate issued, Crooker filed a number of *pro se* motions seeking, *inter alia*, a Certificate of Innocence pursuant to 28 U.S.C. § 2513(b) so that he could file a civil claim in the United States Court of Federal Claims for statutory compensation for wrongful imprisonment. Crooker also sought the return of seized property, and requested permission to interview certain trial jurors.

## II.  DISCUSSION

A.  The Motions for a Certificate of Innocence; Motion for Leave to File Reply Brief, and the Motion For a Certificate of the Requisite Facts

Initially, the United States opposed Crooker's motions for a certificate of innocence on the ground that Crooker was prohibited from filing *pro se* motions in his criminal case.  The United States argues that any motions in this criminal case needed to be filed through his defense counsel.  The United States also opposed Crooker's motions on the ground that mandate had not issued and therefore the request was premature.  The United States also contended that a certificate of innocence only pertained to civil actions brought pursuant to 28 U.S.C. § 1495 and therefore could not be obtained in his criminal action.

After Mandate issued, the United States filed a pleading indicating that it did not oppose the issuance of a certificate of innocence stating that, "based on the Court of Appeals' decision, [Crooker] is not guilty of violating the statute he was convicted of violating."  Government's Opposition to Defendant's Pro Se Motions (Docket No. 260 at 1).

In view of the government's statements and in view of the fact that there is now no opposition to Crooker's motions, the Court will <u>ALLOW</u> Crooker's four Motions for a Certificate of Innocence Pursuant to 28 U.S.C. § 2513(b) (*i.e.*, Docket Nos. 248, 251, 253, and 257)[1], and will <u>DENY</u> Crooker's Motion for Leave to File Reply Brief (Docket No. 253) as moot in view of this ruling.

Notwithstanding the allowance of Crooker's motions, the Court declines to issue the Certificate of Requisite Facts as proposed by Crooker in his Motion for a Certificate of the Requisite Facts Pursuant to 28 U.S.C. § 1495 (Docket No. 259), in which Crooker seeks a certification of four elements.  Crooker's proposal misstates the First Circuit ruling.  Specifically, in

---

[1]These motions are: (1) Motion Request for a Certificate of Innocence Pursuant to 28 U.S.C. § 2513 (Docket No. 248); (2) Second Motion for a Certificate of Innocence (Docket No. 251); (3) Motion for Leave to File Reply Brief and Reply Brief or in the Alternative, Third Motion for a Certificate of Innocence (Docket No. 253); and (4) Fourth Pro Se Motion for a Certificate of Innocence Pursuant to 28 U.S.C. § 2513(b)(Docket No. 257).

paragraph 2 of his motion, Crooker seeks a certification that the object alleged to be a firearm was in fact not a firearm.  As noted above, the First Circuit's ruling was based on the holding that, as a matter of law, the silencer at issue did not qualify as a "firearm" within the meaning of the statutory definition of 18 U.S.C. §§ 921(a)(3)(c) and 924.[2]

Accordingly, the Court will <u>ALLOW</u> Crooker's Motion for a Certificate of the Requisite Facts Pursuant to 28 U.S.C. §§ 1495 and 2513(b)(Docket No. 259) using alternative language that satisfies the requirements of § 2513(b).  A separate Certification of Innocence/Certification of Requisite Facts shall issue in accordance with this ruling.

---

[2]The First Circuit stated:

> Needless to say, Crooker is in the process of doing neither himself nor society any good.  His attitude toward shipping chemicals shows an indifference to law, and (quite apart from silencers) even more disturbing is his professed interest as a convicted felon in airguns that could be as powerful as firearms.  He deliberately skated close to the edge of the law and took his chances with a prosecution that the government was entitled to attempt.  But, given the statute's wording, the answer is not to stretch the present statute beyond its language but to amend it-if the government is so minded-to deal more effectively with home-made or adaptable devices.

<u>Crooker</u>, 608 F.3d at 100.

4

B.     The Motion to Be Personally Present at all Further Hearings

On June 30, 2010, Crooker filed a motion seeking to appear in person at a July 8, 2010 hearing as well as all future hearings, on the grounds that he believes that lawyers in general and the federal judicial system cannot be trusted.  In view of the subsequent Judgment of Acquittal, Crooker's motion is now moot, as no further hearings are contemplated.  Accordingly, his Motion to Be Personally Present at All Further Hearings (Docket No. 249) is DENIED without prejudice to renew his request if a hearing is scheduled, upon good cause shown.

C.     Motions for Return of Property

In view of the First Circuit's ruling, Crooker filed two motions for the return of his property, used as trial exhibits. These include an air rifle carrying case, an air rifle, an air rifle stock and pump, an air rifle silencer, and other property. The United States opposes Crooker's motions on the grounds that he is not authorized to file his motions pro se, and any motion should be filed through counsel.  The United States points to Judge Ponsor's Order of November 30, 2006 (Docket No. 183) reaffirming an earlier ruling on November 2, 2006 that Crooker was not entitled to file motions except through counsel.

Next, the United States opposes the motions for return of property because the property was not seized unlawfully, and

because the property may still be needed as evidence in pretrial proceedings and trial in the pending case, United States v. Crooker, CR 07-30038-DPW.

Crooker contends that in light of the posture of this case, there is no need to waste defense counsel's time to pursue his motion because he is capable of handling the matter himself.

The Court will not reject Crooker's request on the grounds that it was filed pro se; however, his two motions for return of property (Docket Nos. 254 and 258) will be DENIED on the grounds that the request is premature in light of the pending criminal case before Judge Woodlock, in which the property at issue may be needed by the United States as evidence.

D.   The (Sealed) Motion for Post-Exoneration Permission to
     Interview Certain Trial Jurors

Crooker seeks permission to question certain trial jurors on the grounds that they were misinstructed and misled by the prosecutor.[3]  The United States has opposed the motion on the grounds that Crooker has not provided a substantial reason for interviewing the jurors in this case, and that his purported reason (i.e., that "they were unknowing players in a corrupt

_____

[3]This motion is sealed on the dockets of the Court in light of confidential information contained within the motion; however, the United States has, in its Oppositions, referenced the motion. The Court deems that although the contents of the motion are sealed, the fact of the filing of this motion is not sealed.

frame-job") is frivolous.  <u>See</u> Government's Opposition (Docket No. 255 at 2).

In light of the First Circuit's reversal based on a matter of statutory interpretation and not on any due process violations in connection with the criminal proceedings themselves, this Court cannot find that Crooker has demonstrated a *bona fide* reason for interviewing jurors that would outweigh considerations of juror privacy.  Since a Judgement of Acquittal entered, Crooker need not interview jurors to further any challenge to his criminal conviction and sentence; his intent is to further his civil action for statutory damages.  His conclusory allegations of improper conduct by the trial court and the prosecutor, even if true, still would not provide an overriding reason to permit juror contact as requested.  There is no allegation of juror misconduct or juror disqualification during the course of trial, merely that their thought processes must have been tainted.

The First Circuit has stated that:

> [T]his Circuit prohibits the post-verdict interview of jurors by counsel, litigants, or their agents except under the supervision of the district court, *and then only in such extraordinary situations as are deemed appropriate.*  Permitting the unbridled interviewing of jurors could easily lead to their harassment, to the exploitation of their thought processes, and to diminished confidence in jury verdicts, as well as to unbalanced trial results depending unduly on the relative resources of the parties.

<u>Dall v. Coffin</u>, 970 F.2d 964, 972 (1st Cir. 1992) <u>quoting</u> <u>United</u>
<u>States v. Kepreos</u>, 759 F.2d 961, 967 (1st Cir. 1988)(with
emphasis added), <u>and</u> <u>citing</u> <u>Clarkson Co. v. Shaheen</u>, 660 F.2d
506, 514 (2d Cir. 1981) <u>and</u> <u>O'Rear v. Fruehauf Corp.</u>, 554 F.2d
1304, 1309-10 (5th Cir. 1977). <u>See also</u> <u>United States v. Felton</u>,
239 F. Supp. 2d 122, 126 (D. Mass. 2003)("As a general rule,
post-verdict interviews of jurors are forbidden except in
'extraordinary situations'" and noting that Fed. R. Evid. 606(b)
provides that upon "an inquiry into the validity of a verdict or
indictment, a juror may not testify as to any matter or statement
occurring during the course of the jury's deliberations or to the
effect of anything upon that or any other juror's mind or
emotions....").

Here, it is within the Court's discretion to grant or deny
this type of motion.  This Court cannot find that Crooker has
presented an extraordinary situation that would warrant post-
trial access to jurors, nor can one be discerned.

Accordingly, Crooker's Motion for Post-Exoneration
Permission to Interview Certain Trial Jurors (Docket No. 250) is
<u>DENIED</u>.

### III.  CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1.    Crooker's Motion Request for a Certificate of Innocence
      Pursuant to 28 U.S.C. § 2513 (Docket No. 248); his Second
      Motion for a Certificate of Innocence (Docket No. 251); his
      Motion for Leave to File Reply Brief and Reply Brief or in
      the Alternative, Third Motion for a Certificate of Innocence
      (Docket No. 253); and his Fourth Pro Se Motion for a
      Certificate of Innocence Pursuant to 28 U.S.C. § 2513(b)
      (Docket No. 257) are <u>ALLOWED</u>; a separate Certification shall
      issue;

2.    Crooker's Motion for Leave to File Reply Brief and Reply
      Brief or in the Alternative, Third Motion for a Certificate
      of Innocence (Docket No. 253) is <u>DENIED</u> as moot to the
      extent that he seeks to file a reply brief, in view of the
      allowance of his request for a Certificate of Innocence.

3.    Crooker's Motion to be Personally Present at all Further
      Hearings (Docket No. 249) is <u>DENIED</u> as moot;

4.    Crooker's Motions for Return of Property (Docket No. 254)
      and his Motion for Return of Property (Docket No. 258) are
      <u>DENIED</u>;

5.    Crooker's Motion for a Certificate of the Requisite Facts
      Pursuant to 28 U.S.C. §§ 1495 and 2513(b)(Docket No. 259) is
      <u>ALLOWED</u> as modified by the Court; and

6.    Crooker's (sealed) Motion for Post-Exoneration Permission to
      Interview Certain Trial Jurors (Docket No. 250) is <u>DENIED</u>.


SO ORDERED.


                              <u>/s/ Patti B. Saris</u>
                              UNITED STATES DISTRICT JUDGE