```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,   )
                            )
          v.                )
                            ) CRIMINAL  NO.  04-30034-PBS
MICHAEL ALAN CROOKER        )
          Defendant.        )


MEMORANDUM AND ORDER
November 30, 2011

SARIS, U.S.D.J.

## I. Introduction

On June 18, 2010, the United States Court of Appeals for the First Circuit ("First Circuit") reversed defendant Michael Alan Crooker's ("Crooker") criminal conviction for Transportation of a Firearm in Interstate Commerce by a Convicted Felon in violation of 18 U.S.C. §§ 921 and 922(c), based on its holding that the silencer at issue did not qualify as a "firearm" within the meaning of the statutory definition of 18 U.S.C. §§ 921(a)(3)(c) and 924. The First Circuit remanded the case to the District Court for the entry of a Judgment of Acquittal. See United States v. Crooker, 608 F.3d 94 (1st Cir. 2010).[1]

Thereafter, the case was reassigned from Judge Ponsor to the undersigned. Crooker, now a prisoner serving a federal sentence at FCI Ray Brook, filed a number of *pro se* motions.

---

[1] Mandate issued on August 12, 2010 (Docket No. 263).

Specifically, on October 11, 2011, Crooker filed a Renewed Motion for Return of Property (Docket No. 272). Six days later, he filed an Amended and Renewed Motion for Return of Property (Docket No. 273), and on October 27, 2011, he filed a Motion for a Court Order to Remove the Judicial Threat Notification (Docket No. 275).

On October 25, 2011, the Government filed an Opposition to the motions for return of property (Docket No. 275). On November 10, 2011, the Government filed an Opposition to the motion to remove the judicial threat notification (Docket No. 276). Thereafter, Crooker filed a Motion for Leave to File a Reply Memorandum, with an incorporated Reply (Docket No. 278).

With respect to his motions for return of property, Crooker argues that, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, he is entitled to the return of all seized property except for hazardous materials, as to which he renounces claims to that property. The property he seeks to be returned is identified in 38 paragraph of his Amended and Renewed Motion for Return of Property. These items include, *inter alia*: (1) a silencer and all other accessories;(2) scientific glassware and non-hazardous chemicals (*e.g.*, aluminum, red phospherus, potassium permanganate, raney nickel alloy, zinc, potassium nitrate, copper sulfate, potassium chlorate, potassium

2

pherchlorate, magnesium, sulfur, dextrin, black powder (Goex)), (3) equipment (*e.g.*, musket caps, containers once containing ammunition, postage scale, clamps, Bunsen burner, funnel, ringstand, paper cutter, docuseal machine, flares, glue gun, plastic pieces, etc.); (4) a Compaq laptop computer, case, cords, and accessories; (5) notebooks, magazines, utility bills, mailing labels, address book, and other papers; (6) a Sony HandyCam with case, manual, and accessories; (7) videotapes, CD's and DVD's; (8) a cellphone; (9) nailgun blanks; (10) electric wires; and (11) metal rods.[2]

Crooker contends that he is filing these motions *pro se* because he lacks confidence in his court-appointed counsel and now wishes to proceed *pro se*. Further, he contends that because this case has concluded with his acquittal, he no longer has counsel in this case, even though he has court-appointed counsel in the criminal case before Judge Woodlock. See United States v. Crooker, CR 07-30038-DPW. Crooker further contends that he is entitled to the return of this property because it was seized unlawfully, and because this criminal case has concluded.

The Government opposes Crooker's motions on several grounds. First, the Government contends Crooker may not file these motions

---

[2]Crooker claims these items were seized June 23, 2004 and July 15, 2004.

*pro se* because he is represented by counsel in both this case and the case before Judge Woodlock. Next, the Government contends that, although the case before Judge Woodlock has concluded,[3] the case before Judge Woodlock requires the Government to retain the seized evidence or enter into an agreement with defense counsel that will permit the Government to return physical items to the defendant but still retain the ability to use photographs, stipulations or other means to introduce evidence concerning the returned items in a future proceeding. The negotiation between the United States Attorney's Office and defense counsel, Attorney Watkins, is ongoing. The Government contends that Crooker's *pro se* motion acts at cross purposes with his counsel in the case before Judge Woodlock. The Government asserts that if the matter cannot be resolved, the issue should be raised before Judge Woodlock as to how to resolve disposition of Crooker's property.

Finally, the Government contends that Crooker is not entitled to the return of his property because it was not unlawfully seized, and because Crooker cannot show an imminent need for the property since he cannot possess these items in

---

[3] Crooker pled guilty on March 28, 2011 and was sentenced to 180 months incarceration. See Amended Judgment entered June 24, 2011 (Docket No. 106).

prison. Crooker counters that although he cannot physically possess this property (which includes downloaded music, family photographs, and other personal items), he nevertheless has the right to those items and may give them to friends or relatives or, alternatively, he may choose to sell those items.

Next, with respect to the Motion for an Order to Remove Judicial Threat Notification (Docket No. 275), Crooker seeks an Order that the Judicial Threat Notification/Detainer be removed from his Bureau of Prisons ("BOP") file. First, Crooker contends that the letter he wrote to Judge Ponsor disparaging him for his ruling regarding the silencer statute did not contain any threats. He claims that on March 1, 2009, the USMS Judicial Security Division ("USMSJSD") placed a "Notification" in Crooker's file indicating that he was under investigation for posing a threat to a federal judge. That Notification acted like a detainer against him, causing him to be "overclassified" to a higher security level. He claims he used to be in a low-security BOP facility, but is now classified in a medium-security facility due to the security issues.

The Government opposes this motion, again arguing that Crooker may not file such a motion *pro se*. Additionally, the Government raises a number of other grounds, including that: (1) this Court lacks jurisdiction to grant the relief requested by

Crooker, because he is not challenging the constitutionality of his conviction or sentence within the scope of 28 U.S.C. § 2255 (as he was acquitted); (2) Crooker's arguable challenge to the "manner of execution" of his sentence might be raised under 28 U.S.C. § 2241, but as such, must be brought in the District where he is confined (New York), rather than this District; (3) Crooker has failed to cite any legal authority authorizing this Court to order the BOP to remove a document from its files which requests the USMSJSD to be notified when Crooker is released or relocated; (4) Crooker has failed to indicate that he has pursued administrative remedies before seeking judicial intervention; and (5) as a jurisprudential matter, even if this Court had jurisdiction, it should decline to grant relief because it makes sense for the USMSJSD to reevaluate Crooker's potential threat to a member of the judiciary when he is released from prison and returns to the community where he was prosecuted, and that this conclusion is made even more reasonable in light of Crooker's guilty plea and incarceration for sending a separate threatening communication.

In his reply, Crooker contends the issue is properly raised in this action, that this issue should not be presented before Judge Woodlock, and again reasserts the letter he sent was not threatening.

## II. Discussion

A. <u>The Motions for Return of Property</u>

As a threshold matter, this Court will permit Crooker to file his motions *pro se*, since he represents he does not wish to proceed with appointed counsel in connection with this closed action. The fact that he has court-appointed counsel in the case before Judge Woodlock does not impact his ability to seek post-acquittal relief *pro se* in this case. He may not, however, have it both ways.

Next, the Court disagrees with the Government that Crooker cannot seek the return of property under Rule 41(g) because that provision only applies to property seized unlawfully, and here, Crooker's property was lawfully seized. Rule 41(g), however, provides that "[a] person aggrieved by an unlawful search and seizure of property <u>or by the deprivation of property may move for the property's return</u>." Fed. R. Crim. P. 41(g)(emphasis added). Thus, whether or not the search was lawful is not dispositive. Crooker has been deprived of property and may seek its return in light of his acquittal.

The Government contends that the evidence "may" be needed for use in the event of a collateral attack with respect to Crooker's criminal case before Judge Woodlock. Apparently, court-appointed counsel in that case is negotiating with the

7

Government to ensure preservation of relevant evidence and release of the remainder.  As soon as that agreement has been negotiated, this Court will Order the Government to return the property listed in Crooker's Amended Motion (Docket No. 273). That agreement shall be finalized within 60 days unless the Government moves for an extension.

In light of the above, Crooker's Renewed Motion for Return of Property (Docket No. 272) is <u>DENIED</u> as superseded by an amended motion; Crooker's Amended and Renewed Motion for Return of Property (Docket No. 273) is <u>ALLOWED</u> to the extent that the Court Orders the Government to return the seized property in accordance with the parameters of the negotiated agreement as set forth above.

B.  <u>The Motion for a Court Order to Remove Judicial Threat Notification</u>

Again, this Court will consider Crooker's motion filed *pro se*, for the reasons set forth above.  Nevertheless, this Court agrees with much of the Government's Opposition and finds that this closed criminal case is not the proper forum to raise his issue regarding the Judicial Threat Notification.  Because Crooker has been acquitted in this criminal case, he does not have relief available under the auspices of 28 U.S.C. § 2255. Moreover, it appears that Crooker does not have relief available

pursuant to 28 U.S.C. § 2241 because he is not currently "in custody" on any judgment rendered in this criminal case. He is in custody based on the criminal sentence imposed by Judge Woodlock. Moreover, he does not contend that his custody is in violation of federal or constitutional law. In any event, even if § 2241 relief was available to challenge the manner of execution of his sentence (as the Government suggests), this Court lacks jurisdiction over any § 2241 habeas petition because such a petition must be filed in the District where he is confined (as the District with jurisdiction over Crooker's immediate custodian). See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 439 (2004)(immediate custodian of petitioner is proper respondent in a habeas action).

Finally, this Court notes another issue is raised by Crooker's filing of this motion in this closed case, which was not addressed by any party. This issue involves application of the Prison Litigation Reform Act's three-strike rule. Crooker's Motion for an Order to Remove Judicial Threat Nomination is, in essence, a request for Declaratory or Mandamus relief compelling a federal officer(s) to modify BOP files. Alternatively, this issue involves a challenge to Crooker's conditions of confinement (in a higher security facility). As such, the relief sought is <u>not</u> habeas in nature (because it

appears the relief would not result in a speedier or earlier release from custody), but rather involves non-habeas relief. Thus, a non-habeas civil action may be the proper vehicle for seeking relief.[4]  However, as Crooker well knows based on his very extensive civil litigation history, a federal civil action carries a $350.00 filing fee.  He also knows that he is not entitled to a waiver of that filing fee because he is a three-strikes litigant under 28 U.S.C. § 1915(g), and because the issue presented does not involve any *bona fide* claim of imminent danger that would exempt him from application of the three-strikes rule.

Accordingly, this Court will not permit Crooker a means of circumventing the filing fee requirements of this Court and the Prison Litigation Reform Act by filing this motion in a closed criminal action.

In sum, for all the reasons set forth above, Crooker's Motion for an Order to Remove Judicial Threat Notification (Docket No. 275) is <u>DENIED</u>.  The Court makes no ruling on the merits of Crooker's motion; the ruling is made on the grounds that this closed case is not the proper vehicle for raising the issues contained in the motion.

---

[4] Crooker is subject to the Prison Litigation Reform Act that requires, *inter alia*, a prisoner to exhaust administrative remedies before filing suit.  <u>See</u> 42 U.S.C. § 1997e(e).

### III. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Crooker's Renewed Motion for Return of Property (Docket No. 272) is <u>DENIED</u> as superseded by an amended motion;

2. Crooker's Amended and Renewed Motion for Return of Property (Docket No. 273) is <u>ALLOWED</u> to the extent that the Government is <u>ORDERED</u> to return Crooker's property in accordance with an agreement that is to be reached within 60 days of the date of this Memorandum and Order between Crooker's counsel and the Government in connection with CR 07-30038-DPW, unless the Government moves for an extension of time;

3. Crooker's Motion for a Court Order to Remove Judicial Threat Notification (Docket No. 275) is <u>DENIED</u>; and

4. Crooker's Motion for Leave to File a Reply (Docket No. 278) is <u>ALLOWED</u>.

SO ORDERED.

                                                  /s/ Patti B. Saris
                                                  PATTI B. SARIS
                                                  UNITED STATES DISTRICT JUDGE