```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
          v.                 )
                             )    CRIMINAL  NO.  04-30034-PBS
MICHAEL ALAN CROOKER         )
          Defendant.         )
```

MEMORANDUM AND ORDER
March 5, 2012

SARIS, U.S.D.J.

### I. Introduction

On June 18, 2010, the United States Court of Appeals for the First Circuit ("First Circuit") reversed defendant Michael Alan Crooker's ("Crooker") criminal conviction for Transportation of a Firearm in Interstate Commerce by a Convicted Felon in violation of 18 U.S.C. §§ 921 and 922(c), based on its holding that the silencer at issue did not qualify as a "firearm" within the meaning of the statutory definition of 18 U.S.C. §§ 921(a)(3)(c) and 924. Since his acquittal, Crooker, now a prisoner serving a federal sentence at FMC Devens in Ayer, Massachusetts (having been transferred from FCI Raybrook), filed a number of *pro se* motions, including motions relating to the return of his property. See motions (Docket Nos 272, 273). The Government filed an Opposition to his motions, and on November 30, 2011, this Court denied Crooker's motions and directed the Government to return Crooker's property in accordance with an agreement to

1

be reached within 60 days with Crooker's criminal defense counsel in connection with CR 07-30038-DPW, unless the Government moved for an extension of time.

Since then, the Government has moved for extensions on several occasions, and this Court has allowed the motions and set a deadline of March 9, 2012. See Electronic Order entered February 29, 2012.

In the meantime, Crooker filed a Motion for a Detailed Accounting and for Compensation for Destroyed Property (Docket No. 283). In that motion, Crooker alleges that the Government has lied about his property and suggests his guilty plea before Judge Woodlock was procured by fraud. He contends that the Government claimed it had in its possession certain property, but in fact, the Government has destroyed the property (such as a vial of ricin). He also contends the Government recently attempted to give away some of his property to an individual in Ohio (*i.e.*, a Sam Yang Air Rifle and accessories). Crooker contends this offer was rejected by the Ohio man and therefore the property reverts back to him and should be returned. He values this property (as of 2001) at $550.00 for the air rifle, and $250.00 for the air rifle pump.

In light of this, Crooker requests that this Court order the Government to provide a detailed accounting, with supporting

affidavits, as to each of the 38 categories of seized property previously ordered returned to him. He also seeks compensation for any item of property that was destroyed or is otherwise not available for return to him due to governmental action. Finally, he requests that the Government be ordered to serve him personally with any filings, as he did not receive the Government's most recent motion for an extension of time.

In response, the Government filed an Opposition (Docket No. 285), contending Crooker's motion should be denied as premature, because the property at issue is being negotiated between his attorney, Timothy G. Watkins, Esq., and Assistant U.S. Attorney Donald Cabell, with respect to Crooker's case before Judge Woodlock (CR 07-30038-DPW). The Government represents that after an agreement is reached, it will return Crooker's property to his designated representative, Peter Crooker. The Government submits that it has contacted Peter Crooker to prepare for the expected return of the property. Thus, until the property has been returned and examined by Crooker's designee, Crooker cannot assert fairly that the return is incomplete.

Next, the Government contends that it has served both Crooker's attorney by ECF and Crooker himself by mail, since he is acting in a *pro se* capacity in this matter.

## II. Discussion

As this Court previously noted, Crooker may seek the return of his property. See Memorandum and Order (Docket No. 279 at 7). Further, this Court has already stated that as soon as the agreement between Attorney Watkins and Assistant U.S. Attorney Cabell is finalized, the Government is ordered to return property to Crooker's designated representative. See id. Since the agreement has not been finalized because extensions have been granted, the Court agrees that Crooker's request is premature. Nevertheless, this Court finds that Crooker will be entitled to an accounting of his property that has been returned to Peter Crooker, along with an accounting of property that was seized by the Government but has not been returned, as well as an explanation of the reasons why such property was not returned to Crooker.

Accordingly, this Court will **DENY** Crooker's Motion for a Detailed Accounting and for Compensation for Destroyed Property (Docket No. 283) without prejudice; however, the Court will issue an Order directing that, <u>after</u> the Government has finalized the agreement with defense counsel, and <u>after</u> Peter Crooker has received all the property the Government intends to return, the Government will be directed to provide an accounting of property seized and returned, and an accounting of property seized but not

returned, with an explanation why such property has not been returned. This accounting shall be done within 21 days after Peter Crooker has received all the property the Government intends to return. The issue of compensation for unreturned property is a matter to be addressed, if at all, at a later time.

Finally, with respect to the issue of service of filings by the Government on Crooker, this Court will take no action based on the representation that it already is serving both defense counsel and Crooker (by mail).

### III. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Crooker's Motion for a Detailed Accounting and for Compensation for Destroyed Property (Docket No. 283) is <u>DENIED</u> without prejudice;

2. Within 21 days after Peter Crooker has received all the property the Government intends to return, the Government shall provide a detailed accounting to Crooker of property seized and returned, and a detailed accounting of property seized but not returned, along with an explanation why such property has not been returned.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE