```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

UNITED STATES,              )
                            )    Criminal Action
        v.                  )    No. 04-30034-PBS
                            )
MICHAEL ALAN CROOKER        )
```

## ORDER

December 18, 2015

Saris, C.J.

For the reasons stated below, the Court **DENIES** the defendant's motion for the return of property or compensation for the same.

### I.  BACKGROUND

On or about June 23, 2004, federal law enforcement executed a search warrant at the then-current residence of Michael Alan Crooker ("Crooker").  A laptop computer was seized at the time.  In 2012, upon Crooker's motion under Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)") for the return of property, the Court ordered that the government return the seized property to Crooker.  Per the agreement of the parties, the government returned the laptop computer and other property to Crooker by delivering it to Peter Crooker ("Peter"), the defendant's brother, in 2012.

In 2014, Crooker filed the present motion, contending that a laptop case containing a power cord was seized during the June 23, 2004 search but not returned to him.  He represents that he discovered this omission in early 2014, when he asked his brother to retrieve some electronic files of photographs from the laptop

and Peter was unable to do so because the laptop battery did not function and there was no power cord with the laptop. Crooker seeks reimbursement for the money that his brother spent to buy a power cord ($42), a laptop case ($20), and gas to drive between various destinations to procure the missing items ($40).

In its opposition to the motion (#298), the government contends that the laptop in question was seized without a power cord or case, although the government does state that an "abandoned" laptop case without a cord was seized at Crooker's previous residence during a different search. The government included the affidavits of an Special Agent Richard Winfield of the Federal Bureau of Investigation ("FBI") and Special Agent Brian Person of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). They both swear that there is no record of a seizure of a laptop case or power cord from Crooker's residence. The government submitted a photo of a computer on a shelf. It is not in a case and there does not appear to be a power cord attached to it. There is no laptop case visible in the photo. Special Agent Person states in his affidavit that the photo is of the laptop computer as it was found during the execution of the search warrant.

The two agents state that Peter refused some of the property for lack of space. Special Agent Person states that, in December 2012, he met in person with Crooker at FMC Devens and reviewed with him the list of remaining evidence that the ATF had in its custody, including the items that Peter had refused. Agent

Person represents that there was not laptop power cord or case listed on the property in the ATF's custody, nor did Crooker inquire about the same.

Crooker insists in his proposed reply memorandum (#299) that a case with a power cord was seized with the laptop. He also claims that laptop case seized from his previous residence was not abandoned and that it also held a power court. The defendant reasons, "Logic dictates that [the government] would not seize a laptop (that might have a dead battery) without also seizing one of the power cords because they would want to turn it on to gain access to Crooker's data."  (Proposed Reply at 1).

## II.  DISCUSSION

Upon review of the evidence--affidavits of Special Agents Winfield and Person; photograph of the laptop; Crooker's affidavit--the Court concludes that Crooker has not shown by the preponderance of the evidence that government seized a laptop case and power cord.[1]  Other than Crooker's bald assertion that a laptop and power cord were seized, he has not proffered any evidence that such seizure took place. Further, his reasoning that the government would not seize a computer without taking a nearby power cord is unpersuasive. Surely, the government is not dependent on the power cords of the owners of seized computers to examine the electronic contents.

---

[1] The Court is not obligated to hold an evidentiary hearing on a Rule 41(g). See United States v. Cardona-Sandoval, 518 F.3d 13, 16 (1st Cir. 2008) ("Affidavits or documentary evidence, such as chain of custody records, may suffice to support the district court's determination in a given case.").

Even, assuming, <u>arguendo</u>, that such seizure did take place, Crooker has not shown by the preponderance of the evidence that the government continues to hold the property, or why the government would do so. In contrast, the government appears to have been very thorough in regards to returning property to Crooker, as set forth in Special Agent Person's affidavit.

Further, to the extent that the only remedy Crooker seeks is monetary compensation, the doctrine of sovereign immunity precludes such relief in the context of a motion under Rule 41(g) of the Federal Rules of Criminal Procedure, even where the property in question cannot be returned. <u>See United States v. Droques</u>, 728 F.3d 580, 589-90 (6th Cir. 2013); <u>Ordonez v. United States</u>, 680 F.3d 1135, 1138-40 & n.2 (9th Cir. 2012) (citing cases in agreement from the Second, Third, Fourth, Fifth, Seventh, Eighth, Tenth, and Eleventh circuits).

### III. ORDER

Accordingly, the motion to file a reply memorandum (#299) is **GRANTED** and the motion for return of property (#295) is **DENIED**.

SO ORDERED.

```
 12/18/2015               /s/ Patti B. Saris
DATE                      PATTI B. SARIS
                          CHIEF, U.S. DISTRICT JUDGE
```